## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| | : |
| **In re:** | : **Chapter 11** |
| | : |
| **NEIGHBORS LEGACY HOLDINGS, INC.,** | : **Case No. 18-33836 (MI)** |
| *et al.*, | : |
| | : **(Joint Administration Requested)** |
| **Debtors.**[1] | : **(Emergency Hearing Requested)** |
| | |

## DEBTORS' EMERGENCY APPLICATION TO EMPLOY KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS, NOTICING AND SOLICITATION AGENT *NUNC PRO TUNC* TO THE PETITION DATE

**THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE APPLICATION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 13, 2018, AT 10:30 A.M. IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1]   Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address is: 10800 Richmond Avenue. Houston, Texas 77042.

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") file this application (the "Application") for entry of an order appointing Kurtzman Carson Consultants LLC ("KCC") as claims effective *nunc pro tunc* to the Petition Date (as defined below), noticing and solicitation agent ("Claims and Noticing Agent") in the above-captioned cases.   In support of the Application, the Debtors rely upon and incorporate by reference the *Declaration of* Evan Gershbein *in Support of Application of Debtors for Order Appointing Kurtzman Carson Consultants LLC as Claims, Noticing and Solicitation Agent* (the "Gershbein Declaration"), attached as **Exhibit A**.

## RELIEF REQUESTED

1.      This Application is made pursuant to 11 U.S.C. §§ 156(c), 327(a), 328(a) and 503(b), Bankruptcy Rule 2014, and Bankruptcy Local Rule 2014-1(b) for an order appointing KCC as the Claims and Noticing Agent pursuant to the terms of the KCC Agreement for Services dated January 24, 2018 (the "KCC Agreement"), attached as **Exhibit B**.

2.      The Debtors anticipate that there will be in excess of 1500 entities to be noticed. In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a Claims and Noticing Agent is both necessary and in the best interests of the Debtors' estates and their creditors.

## JURISDICTION

3.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. § 1408. The statutory and legal predicates for the relief requested herein are Judicial Code

Section 156(c), Bankruptcy Code Sections 105(a), 327(a), 328(a) and 503(b), Bankruptcy Rules

2014, 6003 and 6004, and Bankruptcy Local Rules 2014-1(b) and 9013-1.

## BACKGROUND

4.      On July 12, 2018 (the "Petition Date"), the Debtors filed voluntary petitions in the

Court commencing the Chapter 11 Cases.  The factual background regarding the Debtors,

including their business operations, their capital and debt structures, and the events leading to the

filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Chad J Shandler in*

*Support of Chapter 11 Petitions and First Day Motions*.

5.      The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code Sections 1107 and 1108.  No trustee or examiner has

been requested in the Chapter 11 Cases, and no committee has been appointed.

## KCC'S QUALIFICATIONS

6.      KCC is a bankruptcy administrator that specializes in providing comprehensive

chapter 11 administrative services including noticing, claims processing, solicitation, balloting,

and other related services critical to the effective administration of chapter 11 cases.  KCC has

developed efficient and cost-effective methods to properly handle the voluminous mailings

associated with the noticing, claims processing, solicitation, and balloting portions of chapter 11

cases to ensure the orderly and fair treatment of creditors, equity security holders, and all other

parties in interest. Further, KCC will work with the Clerk's office to ensure that such

methodology conforms to all of the Court's procedures, the Bankruptcy Local Rules, and the

requirements of any Court orders. Appointing KCC as Claims and Noticing Agent in these

chapter 11 cases will expedite the distribution of notices and the processing of claims, and

relieve the Clerk's office of the administrative burdens related thereto.

6668661v2

7.      KCC has substantial experience in matters of this size and complexity and has acted as the official claims, noticing, and solicitation agent in many large bankruptcy cases pending in this and other districts.[2]

## SERVICES TO BE PROVIDED

8.      This Application relates to the work to be performed by KCC under section 327(a) of the Bankruptcy Code and under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c).   KCC will follow the notice and claims procedures that conform to the guidelines promulgated by the Clerk's Office and the Judicial Conference of the United States, and as may be ordered by the Court.   For the avoidance of doubt, KCC shall not act as the agent of the Clerk of the Court.   The Clerk of the Court shall maintain its own claims register (the "Official Claims Register").   If a claims bar date is established, parties filing proofs of claim or interest shall file such proofs of claim or interest in the Official Claims Register.

9.      KCC will perform the following services in its role as the Claims and Noticing Agent at the request of the Debtors or the Clerk's Office (the "Claims and Noticing Services"):[3]

---

[2] *See In re Cobalt International Energy, Inc., No. 17-36709 (MI)* (Bankr. S.D. Tex. Dec. 14, 2017); *In re Goodman Networks Inc.*, No. 17-31575 (MI) (Bankr. S.D. Tex. Mar. 15, 2017); *In re Azure Midstream Partners, LP*, No. 17-30461 (DRJ) (Bankr. S.D. Tex. Jan. 30, 2017); *In re Forbes Energy Servs., Ltd.*, No. 17-20023 (DRJ) (Bankr. S.D. Tex. Jan. 22, 2017); *In re Linc USA GP*, No. 16-32689 (DRJ) (Bankr. S.D. Tex. May 29, 2016); *In re Midstates Petrol. Co.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 2, 2016); *In re Sherwin Alumina Co.*, No. 16-20012 (DRJ) (Bank. S.D. Tex. Jan. 13, 2016); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Mar. 26, 2015); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI) (Bankr. S.D. Tex. Aug. 17, 2012); *In re Seahawk Drilling, Inc.*, No. 11-20089 (DRJ) (Bankr. S.D. Tex. Feb. 11, 2011); *In re Erickson Inc.*, No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 8, 2016); *In re Connect Transp., LLC*, No. 16-33971 (HDH) (Bankr. N.D. Tex. Oct. 4, 2016); *In re TPP Acquisition, Inc. d/b/a The Picture People*, No. 16-33437 (HDH) (Bankr. N.D. Tex. Sept. 2, 2016); *In re CHC Grp. Ltd.*, No. 16-31854 (BJH) (Bankr. N.D. Tex. May 5, 2016); *In re Reddy Ice Holdings, Inc.*, No. 12-32349 (SGJ) (N.D. Tex. April 12, 2012; *In re Eagle Bulk Shipping Inc.*, No. 14-12303 (SHL)   (Bankr. S.D.N.Y. Sept. 22, 2014); *In re Source Home Entm't, LLC*, No. 14-11553 (KG) (Bankr. D. Del. Jun. 23, 2014); *In re ConnectEdu, Inc.*, No. 14-11238 (SCC) (Bankr. S.D.N.Y. May 1, 2014); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 15, 2014); *In re Brookstone Holdings Corp.*, No. 14-10752 (BLS) (Bankr. D. Del. Apr. 3, 2014); *In re Physiotherapy Holdings, Inc.*, No. 1312965 (KG) (Bankr. D. Del. Nov. 12, 2013); *In re Glob. Aviation Holdings Inc.*, No. 13-12945 (MFW) (Bankr. D. Del. Nov. 12, 2013); *In re Metro Affiliates, Inc.*, No. 13-13591 (SHL) (Bankr. S.D.N.Y. Nov. 7, 2013); *In re Glob. Aviation Holdings Inc.*, No. 12-40783 (CEC) (Bankr. E.D.N.Y. Nov. 14, 2013); *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. May 16, 2012).

4

(a)    assist the Debtors with the preparation and distribution of all required notices in these Chapter 11 Cases including: (i) notice of the commencement of the case, (ii) notice of any claims bar dates, to the extent ordered by the Court, (iii) notices of transfers of claims, (iv) notice of any hearings or combined hearing on chapter 11 plan(s) and disclosure statement(s) filed in these chapter 11 cases, including under Bankruptcy Rule 3017(d), (v) notice of the effective date of the chapter 11 plan, and (vi) all other notices, orders, pleadings, publications, and other documents as the Debtors may deem necessary or appropriate for an orderly administration of these cases;

(b)    assist the Debtors with the preparation of the Debtors' Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("SOFAs"), including (as needed);

(c)    assist the Debtors with plan solicitation services including (i) balloting and solicitation materials, (ii) tabulation and calculation of votes, (iii) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, (iv) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results, and (v) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders

(d)    maintain (i) a list of all potential creditors, equity holders, and other parties in interest, and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002 and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010;

(e)    maintain a post office box or address for the purpose of receiving correspondence, proofs of claim, ballots, and returned mail, and process all mail received;

(f)    for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service no more frequently than every seven (7) days that includes (i) either a copy of each notice served for the proceeding seven (7) days or the docket number(s) and title(s) of the pleading(s) served during such period, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g)    receive and process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain any original proofs

---

[3] The list of Claims and Administrative Services to be performed by KCC is intended to be broad and certain services may not be necessary in these Chapter 11 Cases. Only those services that are requested by the Debtors will be performed by KCC.

of claim received in a secure area; if a proof of claim is filed with the Clerk, KCC will cause any such proof of claim to be copied into the Claims Register;

(h)      provide an electronic interface for filing proofs of claim;

(i)      if a claims bar date is established, maintain an official claims register (the "Claims Register") fully accessible via KCC's website, which register shall include all claims filed either with the Clerk or otherwise with KCC, and specify therein the following information for each claim docketed: (i) any claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the address for payment, if different from the notice address; (v) the amount asserted, (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vii) any disposition of the claim;

(j)      implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of any original claims;

(k)      record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)      upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(m)      monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(n)      assist in the dissemination of information to the public and respond to requests for administrative information regarding the cases, as directed by the Debtors and/or the Court, including through the use of a case website and/or call center;

(o)      comply with all applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements;

(p)      if these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to KCC of entry of the order converting the cases;

(q)      thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing KCC as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

6668661v2

(r)      within seven (7) days of notice to KCC of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of these chapter 11 cases;

(s)      at the close of these chapter 11 cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

(t)      provide a confidential data room if requested; and

(u)      provide such other processing, solicitation, balloting, and other administrative services described in the KCC Agreement that may be requested from time to time by the Debtors, the Court or the Clerk's office.

## COMPENSATION AND REPRESENTATION OF DISINTERESTEDNESS

10.    The Debtors propose to compensate KCC on substantially the terms and conditions set forth in the KCC Agreement, upon receipt of reasonably detailed invoices setting forth the services provided by KCC during the prior month and the rates charged for such services performed.

11.    The Debtors respectfully request that the undisputed fees and expenses incurred by KCC in the performance of the Claims and Noticing Services, in accordance with the fee schedule appended thereto, be treated as administrative expenses of the Debtors' estates pursuant to Judicial Code Section 156(c) and Bankruptcy Code Section 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court.  KCC agrees to maintain records of all services performed, showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), counsel for the Debtors, counsel to KeyBank National Association, Matthew E. Tashman and Lloyd A. Lim at Reed Smith LLP, counsel for any official committee monitoring the expenses of the Debtors, and any

6668661v2

party in interest that specifically requests service of the monthly invoices.  If any dispute arises relating to the KCC Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute.  If resolution is not achieved, the parties may seek resolution of the matter from the Court.

12.     Prior to the Petition Date, the Debtors provided KCC a retainer in the amount of $25,000.00. KCC seeks to first apply the retainer to all prepetition invoices and then to have the retainer replenished to the original retainer amount. KCC will hold the retainer under the Services Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the KCC Agreement.

13.     In connection with its retention as Claims and Noticing Agent, KCC represents in the Gershbein Declaration, among other things, that:

(a)     KCC, its members and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders or employees of the Debtors;

(b)     KCC will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Cases;

(c)     By accepting employment in the Chapter 11 Cases, KCC waives any rights to receive compensation from the United States government in connection with the Debtors' Chapter 11 Cases;

(d)     In its capacity as the Claims and Noticing Agent in the Chapter 11 Cases, KCC will not be an agent of the United States and will not act on behalf of the United States; and

(e)     KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f)     KCC is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14) with respect to the matters upon which it is to be engaged; and

(g)      in its capacity as Claims and Noticing Agent in these Chapter 11 Cases, KCC will not intentionally misrepresent any fact to any person;

(h)      KCC shall comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(i)      KCC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

14.      To the extent that there is any inconsistency between the Application, the Proposed Order, or the KCC Agreement, the Proposed Order, once entered by the Court, will govern.

## INDEMNIFICATION PROVISIONS

15.      As part of the overall compensation payable to KCC under the terms of the KCC Agreement, the Debtors have agreed to certain indemnification and contribution obligations as specifically enumerated in the Services Agreement, to the extent permitted by applicable law and as modified in the Order attached hereto.

16.      The terms of the KCC Agreement and indemnification provisions included therein were negotiated at arm's-length between the Debtors and KCC, and the Debtors respectfully submit that these provisions of the KCC Agreement are reasonable and in the best interests of the Debtors and their estates and creditors.  Moreover, consistent with practice in this jurisdiction, the Debtors requested, and KCC has agreed, that the Court approve the indemnification provisions reflected in the KCC Agreement subject to the modifications set forth in the Order. The Debtors believe that the proposed modifications to the indemnification provisions of the KCC Agreement are appropriate under the circumstances and should be approved.

## *NUNC PRO TUNC* RELIEF IS APPROPRIATE

17.      At the Debtors' request, KCC has acted as the Claims and Noticing Agent since prior to the Petition Date with the understanding that the Debtors would seek approval of its

6668661v2

employment and retention, effective *nunc pro tunc* to the Petition Date, so that KCC may be compensated for its services prior to entry of an order approving KCC's retention. The Debtors believe that no party in interest will be prejudiced by the granting of *nunc pro tunc* employment, because KCC has provided and will continue to provide valuable services to the Debtors' estates in the interim period.[4]

18.     Based on the foregoing, the Debtors respectfully submit that they have satisfied the requirements of the Judicial Code and the Bankruptcy Local Rules. Accordingly, the Debtors respectfully request entry of an order pursuant to section 156(c) of the Judicial Code authorizing the Debtors to retain and employ KCC to act as noticing, claims, and balloting agent for the Debtors, effective *nunc pro tunc* to the Petition Date.

## EMERGENCY CONSIDERATION

19.     Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, the Debtors request emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. Immediate and irreparable harm would result if the relief requested herein is not granted. As stated in this Motion, the Debtors believe authorizing KCC to act as the Claims and Noticing Agent within 21 days of the Petition Date is critical to provide administrative continuity and efficiency and to avoid confusion amount parties in interest in these chapter 11 cases. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

---

[4] Pursuant to Bankruptcy Local Rule 2014-1(b)(1), an application for approval of employment made within 30 days of the commencement of the provisions of services is deemed contemporaneous. Nonetheless, the Debtors are requesting *nunc pro tunc* approval in an abundance of caution.

## WAIVER OF BANKRUPTCY RULE 6004

20.     With respect to any aspect of the relief sought herein that constitutes a use of property under Bankruptcy Code Section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  As described above, the relief that the Debtors seek in this Application is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.  The Debtors thus submit that the requested waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is appropriate.

## NOTICE

21.     The Debtors have provided notice of this Application to: (a) the United States Trustee; (b) counsel for the Creditors' Committee; (c) Reed Smith LLP, Three Logan Square, 1717 Arch Street, Suite 3100, Philadelphia, PA 19103 (Attn: Matthew E. Tashman), and via email to mtashman@reedsmith.com, counsel to KeyBank National Association in its capacity as Agent and DIP Agent; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

**DATED: JULY 12, 2018**                    Respectfully Submitted,


**NEIGHBORS LEGACY HOLDINGS, INC., *ET AL*.**

Chad J. Shandler, Chief Restructuring Officer

11

6668661v2