## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| | § |
| **In re:** | § **Chapter 11** |
| | § |
| **NEIGHBORS LEGACY HOLDINGS, INC.,** | § **Case No. 18-33836 (MI)** |
| *et al.,* | § |
| | § **(Jointly Administered)** |
| **Debtors.**[1] | § **(Emergency Hearing Requested)** |
| | § |

### DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE IMPLEMENTATION OF PROCEDURES TO PROTECT CONFIDENTIAL PATIENT INFORMATION

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 13, 2018, AT 10:30 A.M. IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address is: 10800 Richmond Avenue. Houston, Texas 77042.

6311005v4

Neighbors Legacy Holdings, Inc. ("NLH") and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 107, and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 1007, 9018, and 9037, file this Emergency Motion for Order Authorizing the Implementation of Procedures to Protect Confidential Patient Information (this "Motion") and, in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2).   Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2.      The statutory bases for the relief requested herein are sections 105(a), 107, and 521(a)(1) of the Bankruptcy Code and Bankruptcy Rules 1007, 9018, and 9037.

## EMERGENCY CONSIDERATION

3.      Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, the Debtors request emergency consideration of this Motion.  Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  FED. R. BANKR. P. 6003.  To facilitate a smooth transition into the Chapter 11 Cases (defined below), the Debtors seek to enact procedures to protect confidential information of current and former patients of the Debtors.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

2

## BACKGROUND

4.      On July 12, 2018 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

7.      The Debtors currently operate 22 freestanding emergency centers (the "Emergency Centers") throughout the State of Texas, including in South Texas, El Paso, the Golden Triangle, the Permian Basin, the Panhandle, and the greater Houston area.  The Debtors' Emergency Centers are designed to offer an attractive alternative to traditional hospital emergency rooms by reducing wait times, providing better working conditions for physicians and staff, and giving patient care the highest possible priority.

8.      The Debtors' original parent was founded in 2008, and the first Neighbors emergency center opened in 2009.  At their peak, the Debtors operated 33 Emergency Centers across three states.  In recent years, the Debtors have experienced financial difficulties caused in large part by increased competition, less favorable insurance payor conditions, declining revenues, and disproportionate overhead costs as compared to their operational income.  These challenges have caused significant strain on the Debtors' liquidity and threatened their ability to continue operating as a going concern.  Prepetition, the Debtors engaged professionals and explored various out-of-court solutions, including closing unprofitable Emergency Centers and

3

downsizing their corporate overhead.  Ultimately, the Debtors' out-of-court restructuring efforts were unsuccessful and the Debtors elected to commence these Chapter 11 Cases.

9.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in detail in the First Day Declaration.

## **RELIEF REQUESTED**

10.      The Debtors request that this Court enact procedures to protect confidential information of current and former patients of the Debtors (the "Patients").  Specifically, the Debtors request that any claims agent that is retained in these Chapter 11 Cases (the "Claims Agent") be allowed to prepare, pursuant to section 521(a)(1)(A) and Bankruptcy Rule 1007(a)(1), a separate creditor matrix of the Patients (the "Patient Matrix") and, pursuant to section 521(a)(1)(B)(i) and Bankruptcy Rule 1007(b)(1)(A), separate schedules of claims that may be asserted by and against the Patients (the "Patient Schedules").[2]  The Debtors request that the Claims Agent not be required to file the Patient Matrix or the Patient Schedules with this Court but that it be allowed to file a redacted version of the Patient Schedules that redacts the names and addresses of the Patients; provided, however, that the Patient Matrix and the Patient Schedules may be reviewed by (a) this Court, the United States Trustee, and any applicable state regulatory agency (through the respective state attorney general);[3] and (b) any other party in interest that obtains, after notice and a hearing, authorization from this Court.

---

[2]   To the extent that a Patient has filed a lawsuit against the Debtors, information about the lawsuit is not confidential and would be filed with this Court.

[3]   Under 45 C.F.R. § 164.512(f)(1)(ii), protected health information may be disclosed in response to "(A) A court order . . . issued by a judicial officer [or] (C) An administrative request . . . , provided that: (1) The information sought is relevant and material to a legitimate law enforcement inquiry."

6311005v4

**BASIS FOR RELIEF**

11.      The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") creates a duty for health care providers to maintain the confidentiality of patient information. Pursuant to HIPAA, certain regulations regarding such duties are set forth in 45 C.F.R. Parts 160, 162, and 164.  These regulations impose stringent standards on health care providers and also establish significant penalties for any health care provider that uses or discloses patient information.

12.      Because the Debtors are health care providers that transmit health information in electronic form, they are considered to be "covered entities" under 45 C.F.R. § 160.103 and must therefore comply with the confidentiality requirements of HIPAA.[4]  Such requirements prevent the Debtors from disclosing "protected health information," except in limited circumstances.  45 C.F.R. § 164.502.  "Protected health information" includes information that "[r]elates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual."  45 C.F.R. § 160.103.  The Debtors could be subjected to significant monetary penalties for the unauthorized disclosure of protected health information.  45 C.F.R. § 160.402.[5]

13.      The Debtors believe that the requirements to maintain patient confidentiality under HIPAA conflict with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under section 521(a)(1)(A) and the duty to file

---

[4]     These regulations also apply to "business associates," which includes persons who provide management, legal, accounting, and consulting services for a covered entity. 45 C.F.R. § 160.103. The Debtors have filed an application seeking to employ Kurtzman Carson Consultants LLC ("KCC") as the Claims Agent. Because KCC is certified as HIPAA-compliant, it will be able to compile the names and addresses of the Patients in order to serve necessary notices and compile information needed for the Patient Schedules.

[5]     Under 45 C.F.R. § 160.404, monetary penalties of up to $50,000 could be imposed for each violation, up to an aggregate of $1,500,000 for identical violations occurring during a calendar year. Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i).

6311005v4

schedules of all assets and liabilities under section 521(a)(1)(B)(i).  The Debtors therefore request that such patient information be protected (as set forth herein) pursuant to section 107(c), which allows a bankruptcy court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury.  *See also* FED. R. BANKR. P. 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation).  The Debtors believe that the relief requested herein balances the need to maintain confidential patient information under HIPAA and the need for disclosure under the Bankruptcy Code.

## NOTICE

14.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) Reed Smith LLP, Three Logan Square, 1717 Arch Street, Suite 3100, Philadelphia, PA 19103 (Attn: Matthew E. Tashman), and via email to mtashman@reedsmith.com, counsel to KeyBank National Association in its capacity as Agent and DIP Agent; (c) counsel to the Ad Hoc Committee; (d) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; and (e) the parties included on the Debtors' list of 50 (fifty) largest unsecured creditors.  The Debtors submit that, under the circumstances, no other or further notice is required.

## CONCLUSION

15.     The Debtors respectfully request that the Court enter an order authorizing the Debtors to enact procedures to maintain the confidentiality of Patients, and granting such other and further relief as is just and proper.

6

6311005v4

Dated: Houston, Texas
July 12, 2018

PORTER HEDGES LLP

By:     /s/ John F. Higgins
        John F. Higgins
        State Bar No. 09597500
        Eric M. English
        State Bar No. 24062714
        Genevieve M. Graham
        State Bar No. 24085340
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Fax: (713) 226-6248

        **PROPOSED COUNSEL FOR DEBTORS
        AND DEBTORS IN POSSESSION**

6311005v4