**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NEIGHBORS LEGACY HOLDINGS, INC., *et al.,*[1] | Case No. 18-33836 (MI) |
| Debtors. | Jointly Administered |

**APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, EFFECTIVE AS OF JULY 24, 2018**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE APPLYING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE APPLYING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLYING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address is: 10800 Richmond Avenue. Houston, Texas 77042.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned cases (the "**Chapter 11 Cases**") of Neighbors Legacy Holdings, Inc. and the affiliated debtors and debtors in possession (collectively, the "**Debtors**") submits this application (the "**Application**") for the entry of an Order substantially in the form attached hereto as **Exhibit A** authorizing the employment and retention of Cole Schotz P.C. ("**Cole Schotz**") as counsel to the Committee, effective as of July 24, 2018, pursuant to Sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**").   In support of the Application, the Committee submits the Declaration of Michael D. Warner, a member of Cole Schotz (the "**Warner Declaration**"), attached hereto as **Exhibit B**.  In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On July 12, 2018, Neighbors Legacy Holdings, Inc. and certain of its affiliates and subsidiaries each commenced a voluntary case under chapter 11 of the Bankruptcy Code in

this Court.  Subsequently, on July 23, 2018, NEC Beaumont Emergency Center, L.P. and NEC Beaumont Asset Holdings, LLC also filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.       On July 23, 2018, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Committee pursuant to Section 1102 of the Bankruptcy Code.  The Committee consists of the following five (5) members: (i) Read King, Inc.; (ii) UCP Texas Limited, Ltd.; (iii) The Don Levin Trust; (iv) XtreMed Enterprise, LLC; and (v) Southwest Precision Printers, LP.

6.       On July 24, 2018, the Committee held its initial meeting and, among other things, selected Cole Schotz to serve as counsel to the Committee in these cases, subject to Court approval.

## RETENTION OF COLE SCHOTZ

7.       By this Application, the Committee seeks authority to retain Cole Schotz as counsel to represent its interests regarding all matters related to the Debtors' Chapter 11 cases pursuant to Sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1.

8.       The Committee selected Cole Schotz because the members and associates of Cole Schotz possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, among other qualifications.  In addition, the attorneys at Cole Schotz have substantial experience appearing before the Courts in this District and are familiar with local

practice and procedure.  The Committee believes that Cole Schotz is well qualified to serve as its counsel in these Chapter 11 cases.

        9.      The Committee submits that it is necessary and appropriate for it to employ and retain Cole Schotz to provide, among other things, the following services:

i.      advise the Committee with respect to its rights, duties, and powers in these Chapter 11 cases;

ii.      assist and advise the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 cases;

iii.      assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims;

iv.      assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' business;

v.      assist the Committee in its investigation of the liens and claims of the Debtors' lenders and the prosecution of any claims or causes of action revealed by such investigation;

vi.      assist the Committee in its analysis of, and negotiations with, the Debtors or any third-party concerning matters related to, among other things, the assumption or rejection of leases of nonresidential real property and executory contracts, asset dispositions, financing or other transactions, and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

vii.      assist and advise the Committee in communicating with unsecured creditors regarding significant matters in these Chapter 11 cases;

viii.      represent the Committee at hearings and other proceedings;

ix.      review and analyze applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

x.      assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

xi.      prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any of the foregoing; and

xii.  perform such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

10.  The Committee understands and agrees that Cole Schotz will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Warner Declaration.[2]  The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by Cole Schotz in these cases be paid as administrative expenses of the estate pursuant to Sections 328, 330(a), 331, 503(b) and 507(a)(2) of the Bankruptcy Code.  The Committee understands that Cole Schotz will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.  The Committee also understands that Cole Schotz will be applying to the Court for authority to be paid its fees and expenses pursuant to its obligations under the Bankruptcy Code and any administrative fee orders entered in these cases, and the Committee consents to same.

11.  Based upon the Warner Declaration, the Committee is satisfied that Cole Schotz (i) does not represent any other entity having an adverse interest to the Committee, the Debtors, their estates, or any other party-in-interest in connection with these cases, (ii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cole Schotz has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Cole Schotz has no connection with creditors or any other party-in-interest except as otherwise noted in the Warner Declaration.

---

[2] As set forth in the Warner Declaration, given the Debtors' current financial position, Cole Schotz has voluntarily agreed, solely for services rendered to the Committee in these Chapter 11 Cases, to (i) reduce the hourly rates of Mr. Warner and Mr. Usatine and (ii) not charge for travel time and travel-related expenses.

12.     The Committee requests approval of the employment of Cole Schotz, effective July 24, 2018. The Committee's selection of Cole Schotz as its counsel on July 24, 2018 necessitated that Cole Schotz immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtors' cases, pending submission and approval of this Application.  Such relief is warranted pursuant to Local Bankruptcy Rule 2014-1(b) because this Application is made within 30 days of the commencement of services by Cole Schotz.

## SUPPORTING AUTHORITY

13.     The Committee seeks to appoint Cole Schotz as its counsel in accordance with sections 328(a) and 1103 of the Bankruptcy Code.  Section 328(a) authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the court's approval, to employ "a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on a hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Section 1103, in turn, requires that an attorney employed to represent a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case."  11 U.S.C. § 1103.

14.     The Committee submits that for all the reasons stated above and in the Warner Declaration, the retention and employment of Cole Schotz as counsel to the Committee is warranted under sections 328(a) and 1103.

15.     No prior application for the relief requested herein has been presented to this or any other Court.

## NOTICE

16.     Notice of this Application has been given to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel for KeyBank National Association in its capacity as Agent and proposed

DIP Agent; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice need be given.

WHEREFORE, the Committee requests that an Order be entered authorizing it to retain Cole Schotz as its counsel in these cases, effective July 24, 2018, and granting the Committee such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEIGHBORS LEGACY HOLDINGS, INC., *et al*.

Dated: July _____, 2018

By: _/s/_____._____

Deann Lanz _____ of Read King, Inc., in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Neighbors Legacy Holdings, Inc., et al.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEIGHBORS LEGACY HOLDINGS, INC., *et al*.

Dated: July _____, 2018

By: _/s/_____
(for Houman Farzian)

Houman   Farzian, <u>CEO</u>   of   XtreMed Enterprise, LLC., in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Neighbors Legacy Holdings, Inc., et al

DIP Agent; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice need be given.

WHEREFORE, the Committee requests that an Order be entered authorizing it to retain Cole Schotz as its counsel in these cases, effective July 24, 2018, and granting the Committee such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEIGHBORS LEGACY HOLDINGS, INC., *et al.*

Dated: July 31, 2018                      By:    /s/ *Deann Lanz*

Deann Lanz *General Counsel* of Read King, Inc., in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Neighbors Legacy Holdings, Inc., et al.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEIGHBORS LEGACY HOLDINGS, INC., *et al.*

Dated: July ____, 2018                   By:    /s/

Houman Farzian, _____ of XtreMed Enterprise, LLC., in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Neighbors Legacy Holdings, Inc., et al

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NEIGHBORS LEGACY HOLDINGS, INC., *et al.,*[1] | Case No. 18-33836 (MI) |
| Debtors. | Jointly Administered |

**ORDER APPROVING APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, EFFECTIVE JULY 24, 2018**

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Neighbors Legacy Holdings, LLC, and the affiliated jointly administered debtors and debtors-in-possession  (the "**Debtors**") appointed pursuant to section 1102 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order authorizing the employment and retention of Cole Schotz P.C. ("**Cole Schotz**") as counsel for the Committee, effective July 24, 2018, pursuant to sections 328 and 1103 of the Bankruptcy Code, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of the United Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**"); and upon the Declaration of Michael D. Warner (the "**Warner**

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address is: 10800 Richmond Avenue. Houston, Texas 77042.

**Declaration**"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in this district under 28 U.S.C. §§ 1408 and 1409; and having found based on the representations made in the Application and the Warner Declaration that (i) Cole Schotz does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained; (ii) Cole Schotz is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) neither Cole Schotz nor its professionals have any connection with the Debtors, their estates, or creditors, except as disclosed in the Warner Declaration; and (iv) Cole Schotz's employment and retention is necessary and in the best interest of the Debtor's estates, their creditors and other parties in interest; and good and adequate notice of the Application having been given under the circumstances and it appearing that no other or further  notice need be provided; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      Cole Schotz's employment and retention is necessary and in the best interest of the creditors of the Debtors and their estates, and Cole Schotz is authorized to provide the Committee with the professional services as described in the Application.

3.      The Committee is authorized to retain Cole Schotz as its counsel effective as of July 24, 2018, pursuant to 11 U.S.C. § 328 and 1103 under the terms and conditions set forth in the Application and the Warner Declaration.

2

4.      Payment of Cole Schotz' fees and expenses shall be made, subject to Bankruptcy Court review and approval, pursuant to the terms described in the Application and the Warner Declaration, in accordance with the applicable provisions of the Bankruptcy Code (including Sections 330 and 331 of the Bankruptcy Code), the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

5.      Ten business days' notice shall be provided by Cole Schotz to the Debtors, the United States Trustee and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.  To the extent this Order conflicts with the Application and/or the Warner Declaration, the terms of this Order control.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2018           _____
                                          The Honorable Marvin Isgur
                                          United States Bankruptcy Judge

58324/0001-16143157v1

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NEIGHBORS LEGACY HOLDINGS, INC., *et al.,*[1] | Case No. 18-33836 (MI) |
| Debtors. | Jointly Administered |

**DECLARATION OF MICHAEL D. WARNER, ESQ. IN SUPPORT OF THE
APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, EFFECTIVE JULY 24, 2018**

I, Michael D. Warner, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare as follows:

1.      I am a Member of the law firm of Cole Schotz P.C. ("**Cole Schotz**"), which maintains offices for the practice of law at 301 Commerce Street, Suite 1700, Fort Worth, Texas 76102, with other offices in New Jersey, New York, Delaware, Maryland, Florida and Dallas, Texas.

2.      I am a member in good standing of the bars of the States of Texas and California.

3.      This Declaration is submitted pursuant to sections 328 and 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address is: 10800 Richmond Avenue. Houston, Texas 77042.

Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**") in support of the Application (the "**Application**") for the Entry of an Order Approving the Retention of Cole Schotz as Counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), effective July 24, 2018.

4.      I am familiar with the matters set forth herein and make this Declaration in support of the Application.

5.      On July 12, 2018 (the "**Original Petition Date**"), Neighbors Legacy Holdings and the affiliated jointly administered debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Subsequently, on July 23, 2018 (the "**Beaumont Petition Date**" which together with the Original Petition Date are collectively referred to as the "**Petition Date**"), NEC Beaumont Emergency Center, L.P. and NEC Beaumont Asset Holdings, LLC also filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      On July 23, 2018, the Office of the United States Trustee for the Southern District of Texas appointed the Committee pursuant to Section 1102 of the Bankruptcy Code. The Committee consists of the following five (5) members: (i) Read King, Inc.; (ii) UCP Texas Limited, Ltd.; (iii) The Don Levin Trust; (iv) XtreMed Enterprise, LLC; and (v) Southwest Precision Printers, LP.

7.      On July 24, 2018, the Committee held its initial meeting and, among other things, selected Cole Schotz to serve as counsel to the Committee in these cases, subject to Court approval.

8.      In connection with its proposed retention by the Committee in these cases and in preparing this Declaration, Cole Schotz used a set of procedures developed to ensure full

2

compliance with the requirements of the Bankruptcy Code and the Federal and Local Bankruptcy Rules regarding the retention of professionals (the "**Retention Procedures**"). Pursuant to the Retention Procedures, and under my direction and supervision, Cole Schotz researched its client connections database to determine whether it has relationships with any of the entities that were identified to Cole Schotz as creditors or parties-in-interest in these Chapter 11 cases. The Retention Procedures included:

    a.   Review of a list identifying the Debtors, their "top 50" largest unsecured creditors and other parties-in-interest (the "**Entity List**") identified on the attached **Exhibit 1**.[2]

    b.   Cole Schotz maintains a database of current and former clients and related information that has been collected (the "**Database**"). Cole Schotz searched the Database and compiled a list of those entities for which Cole Schotz attorney fees were billed during at least the past ten (10) years (the "**Client List**").

    c.   Cole Schotz compared the names of the entities identified in the Entity List with the names in its Database, the Client List and the responses from an attorney e-mail solicitation to identify potential matches, and to determine whether these matches are current clients, and if so, identify the Cole Schotz personnel responsible for such matters. To the extent such a search indicated that Cole Schotz has a relationship with any of the entities on the Entity List, the identities of such entities and Cole Schotz's relationship with such entities is disclosed in the attached **Exhibit 2**.

---

[2] E-mails were also circulated to all persons at Cole Schotz to determine whether and to what extent Cole Schotz has connections with any of these entities.

9.      Based on the result of that search and by making general and, when applicable, specific inquiries of Cole Schotz personnel, insofar as I have been able to ascertain after diligent inquiry, Cole Schotz (i) does not represent any entity having an adverse interest in connection with these Chapter 11 cases and (ii) does not represent or hold an interest adverse to the interest of the Debtors or their estates with respect to the matters on which Cole Schotz is to be employed.  Moreover, Cole Schotz is disinterested within the meaning of section 101(14) of the Bankruptcy Code, in that neither I, Cole Schotz, nor any of its members, counsel or associates:

    a.  are creditors, equity security holders or insiders of the Debtors;

    b.  are or were within two years before the Petition Date, a director, officer or employee of the Debtors; or

    c.  have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason.

10.      As a part of Cole Schotz's bankruptcy and corporate restructuring practice, Cole Schotz's clientele includes: debtors, creditors and other statutory committees, institutional creditors, asset purchasers, venture capitalists, secured parties, lessors, contract parties, equity holders, directors and officers, court-appointed fiduciaries, plan sponsors, indenture trustees, and bond insurers.  The Debtors have numerous creditors and other parties-in-interest.  Cole Schotz may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties-in-interest in addition to those specifically disclosed in **Exhibit 2** in matters unrelated to these Chapter 11 cases.  Cole Schotz believes that its representation of such creditors or other parties in such other matters has not affected and will not affect its representation of the Committee in these proceedings.

4

11.     In addition to its bankruptcy and corporate restructuring practice, Cole Schotz is a full service law firm with active real estate, corporate, finance, construction, litigation, environmental, employment, tax, trust and estates, intellectual property, healthcare and white collar defense practices. Cole Schotz appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of whom now or may in the future represent or be deemed adverse to claimants or parties-in-interest in these cases.

12.     Except as otherwise set forth herein and in **Exhibit 2**, insofar as I have been able to ascertain, the shareholders, counsel, associates and staff members of Cole Schotz do not have any connection with the Debtors, the Debtors' officers and directors, the Debtors' creditors, the Debtors' equity security holders and other known parties-in-interests or their respective professionals.

13.     To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any shareholder, special counsel, associate or staff member of Cole Schotz, insofar as I have been able to ascertain, is related to the bankruptcy judge assigned to the above-captioned Chapter 11 cases.

14.     To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any shareholder, special counsel, associate or staff member of Cole Schotz, insofar as I have been able to ascertain, has a connection to the United States Trustee or any person employed in the office of the United States Trustee.

15.     Despite the substantial efforts described above to identify and disclose potential conflicts and connections with parties-in-interest in these cases, neither I nor Cole Schotz is able to conclusively identify all potential relationships or state with absolute certainty that every

5

client representation or other connection of Cole Schotz has been disclosed.  To the extent Cole Schotz discovers any facts or additional information during the period of Cole Schotz's retention that requires disclosure, Cole Schotz will supplement this Declaration to disclose such information.

16.     Cole Schotz intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Federal and Local Bankruptcy Rules, and Orders of the Court entered in this case concerning compensation of professionals, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm. Cole Schotz has not been paid any retainer against which to bill fees and expenses.

17.     The attorneys and paralegals primarily responsible for representing the Committee, and their current standard hourly rates are:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Michael D. Warner | Member | $785* |
| Warren A. Usatine | Member | $735* |
| Felice Yudkin | Member | $510 |
| Benjamin L. Wallen | Associate | $280 |
| Kerri L. LaBrada | Paralegal | $245 |

\*      Given the Debtors' current financial position, Cole Schotz has voluntarily agreed, solely for services rendered to the Committee in these Chapter 11 Cases, to reduce the hourly rates of Mr. Warner and Mr. Usatine to $700 per hour.

6

18.     Other attorneys, paralegals, and case management clerks may assist in representing the Committee.  The range of hourly rates for such professionals are, at this time, as follows:

|  | Rates |
| --- | --- |
| Members | $410 - $920 |
| Associates | $260 - $475 |
| Paralegals | $195 - $300 |

19.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Any such adjustments will be reflected in Cole Schotz's fee requests.  Except for the reduced fees set forth above, there are no alternative fee arrangements from customary billing.  Further, no professional varies his or her rate based on geographic location.

20.     It is Cole Schotz's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail, special or hand delivery, outgoing facsimiles, photocopying, scanning and/or printing, computer assisted research (which shall not be more than the actual cost incurred by Cole Schotz in performing such research), travel, "working meals," transcription, as well as non-ordinary overhead expenses such as secretarial and other overtime.  Cole Schotz will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.[3]

---

[3] Cole Schotz has voluntarily agreed, solely for services rendered to the Committee in these Chapter 11 Cases, to not charge for travel time and travel-related expenses.

21.    No promises have been received by Cole Schotz nor any member, counselor or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

22.    No agreement exists, nor will any be made, to share any compensation received by Cole Schotz for its services with any other person or firm.

23.    Cole Schotz will abide by the terms of any administrative order establishing procedures for professional compensation and reimbursement entered in these cases.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2018                    */s/ Michael D. Warner*
                                                      Michael D. Warner

8

# **EXHIBIT 1**

## Master List of Potential Parties in Interest[1]

1. **Potential 50 Largest**

| | |
|---|---|
| BBVA Compass Financial Corporation | Shannon Medical Center |
| Everbank Commercial Finance, Inc. | Clinical Diagnostic Solutions, Inc |
| Southwest Precision Printers, LP | Suddenlink |
| T-Systems, Inc. | Frontier Communications |
| GH Phipps Construction Co. | Midland Rockhounds |
| Wells Fargo Equipment Finance, Inc. | RDI Mechanical, Inc. |
| Jili Janitorial Services | Spectrum, LLC f/k/a Time Warner Cable Enterprises, LLC |
| XtreMed Enterprise | ProStar Services, Inc |
| Omnicell, Inc. | Xcel Energy |
| AT&T | GreatAmerica Financial Services Corporation |
| All Points Solutions, Inc. | Brinkmann Constructors |
| National Grid | Sono Care of East Texas |
| Pearland Town Center | Versa Creative Group LLC |
| Siemens Financial Services, Inc. | City of Austin |
| Siemens Medical Solutions USA, Inc | LSB Broadcasting, Inc. |
| Lamar Companies | Verizon |
| Clear Channel Outdoor | Gilbreath Outdoor Advertising |
| Frontier Utilities | Canyon Outdoor Advertising |
| Fairway Outdoor Funding, LLC | IPFS Corporation |
| Comcast | Gamma Waste Systems |
| Alsco, Admiral Linen, American Linen | MMC of East Texas |
| Protection One Alarm Monitoring Inc. | Stericycle, Inc. |
| Spry Creative Group | Southwestern Electric Power |
| Blue Cross Blue Shield of Texas | Iron Mountain Storage |
| DataVox Inc. | With You in Mind Publications |
| American Express | McKesson |
| West Houston Radiology Associates, LLP | Roshal Imaging Services, Inc. |
| GE Healthcare | Inc. CEO Project |

---

[1] This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that otherwise would fall under multiple categories is likely to be listed under only one category.

2. **Investors**

| | |
|---|---|
| Ahmed Shaikh, MD | Derek Andrew Knight, MD |
| Aiman Abdulkalik Shokr, MD | Derek Ryan Linklater, MD |
| Alberto Alexander Gonzalez, MD | Dharmesh Patel, MD |
| Alvaro Ramiro Zeballos, MD | Dien Q Bui, MD |
| Andrew Kagel, MD | Don Stewart Harper, MD |
| Andrew Okafor, MD | Donald Glen Hubbard, MD |
| Andy Chen, MD | Edgar Hernandez, MD |
| Antonio Bueso, MD | Eduardo Candanosa, MD |
| Armon Jack Jorden, MD | Elanie Ucbamichael, MD |
| Atiba Eugene Bell, MD | Eric Dwayne Roberson, MD, MBA |
| BEPA, LLC | Frank Joseph Fasullo, MD |
| Brian Shaw Sorensen, MD | Frank Lawrence Loyd, DO |
| Brian Terry Hall, MD | Frederick Wayne Kersh, DO |
| Brook Randal, MD | Haywood Hall, MD |
| California Do, MD | Hazel Christine Cebrun, MD |
| Cameron Hewlett Wynn, MD | Hitesh Patel, MD |
| Christopher Guadarrama, MD | Infinity Emergency Management Group, LLC |
| Clinton J Carter, MD | Isaac David Freeborn, MD |
| Cynthia A Simmons, MD | Isabel Reyna, MD |
| Cyril Eastace Gillman, MD | James Michael Wilson |
| Darrella Lynnette Cooper, MD | James Perry Locke, MD |
| Darrin D Ashbrooks, MD | James Piccione, MD |
| David Christopher Herrera, MD | James T Dellis, DO |
| David Eugene Haacke, DO | Jason Alain Gukhool, MD |
| David Grant Haman, DO | Jason Alan Yost, MD |
| Jason Malunda Seungdamrong, MD | Quang Hai Henderson, MD |
| Jeffery Reboul, DO | Radheshyam Miryala, MD |
| Joel Alexander Miller, MD | Rajan Popat, MD |
| Joel Richards, MD | Randhirji Odedra, MD |
| Jorge Barajas, MD | Raymond Lee Chilton, III, MD, FACEP, FAAEM |
| Jorge Javier Escobar, MD | Richard Joe Ybarra, MD |
| Jorge Mauricio Zeballos, MD | Robert John Evans, DO |
| Jose Veloso, MD | Robert John Lueken, MD, FAAEM |
| Joseph Bennett Jones | Robert Lee Lawson, MD |
| Kashif Siddiqui, MD | Robert Wright, DO,FAAEM |
| Kenneth Direkly, MD, FACEP | Roberto Antonio Lopez-Freeman, MD |
| Kevin Chiu, MD | Roger Starner Jones, Jr., MD |
| Kevin Scott Lawrence, MD | Roy Rodger Marrero, Jr., MD |
| Kimberly Anne Hott, MD | Salvador Elizarraraz, Jr, MD |

| | |
|---|---|
| Lance Marcus Hill, DO | Setul Girishchandra Patel, MD, MBA |
| Lawrence Nicholas Masullo, MD | Shannon Spigener, MD |
| Leslie Sharpe, MD | Shawna Cecelia Lambert-Pitt, MD, FAAEM |
| Lieu Ngo, MD | Stevan Marc Gilmore, MD |
| Long Nguyen Le, MD | Steven Downie, MD |
| Lylieth Paula-Ann Mitchell, MD | Stuart Raymond Quartemont, MD |
| Manju Babu George, DO | Tarek Koussayer, MD |
| Manohar Alloju, MD | Thanh C Cheng, MD |
| Maria De Lourdes Aguinaga, MD | Thomas Edwin Curtis, MD |
| Mark Andrew Mauldin, MD | Thomas Julius Steven Herold, MD |
| Mathew Thomas, MD | Thomas Michael Mercado, MD |
| Michael Andrew Weber, MD | Tom Vo, MD |
| Michael Lihchun Chang, MD, FAAEM | Walter Kane, MD |
| Michael Mohun, MD | William Frederick Fisher, MD |
| Michael Patrick Strayer, MD | |
| Minh Man Le, MD | |
| Neighbors of the Permian Basin, LLC | |
| Nia Ermyn Johnson, MD | |
| Obidike Richard Akahara, MD | |
| Olga Yuryevna Langley, MD | |
| Olushola Bankole, MD | |
| Omotola Olubunmi Jaiyebo, MD | |
| Paul Andre Alleyne, MD | |
| Paul Baden Roberts, MD | |
| Peter Shelby Evans, MD | |
| Philip Anthony Haynes, MD | |
| Phuc Hong Vo, DO | |
| Pranav Shukla, MD | |

3. **Physician Group Details (Providers)**

| | |
|---|---|
| Robby McClendon Eaves, DO | Neill Slater, MD |
| Steven Wade King, MD | Vivekananda Wall, MD, FAAEM, FACEP |
| Ali Mohammed Osman, MD | Paul Zajac, MD |
| Darnell Pettway, MD | Manuel Aranda, MD |
| Gerard Rock Tiffault, MD | Samara R Bowen, MD |
| Sudip Bose, MD | Benjamin Edward Crabb, MD |
| Gerald Delk, MD | Maurice A Holmes, MD |
| Rolando Diaz, MD | Davida Elizabeth Manor, MD |
| Jeff Pinnow, MD | Earl Lewis Miller, Jr., MD |
| Gregory Shipkey, MD | Terrence Wadley, MD |

4. **Lenders – Signatories to 2015 Credit Agreement**

| | |
|---|---|
| KeyBank National Association | Green Bank, N.A. |
| Compass Bank | Brown Brothers Harriman & Co. |
| Legacy Texas Bank | Bank of America |
| Whitney Bank | BOKF, NA dba Bank of Texas |

5. **Equipment Leases**

| | |
|---|---|
| Everbank | Wells Fargo |
| DataVox | Siemens |
| BBVA Compass Financial Corporation | Pitney Bowes |
| General Electric Capital Corporation | |

6. **Landlords**

| | |
|---|---|
| Colonia Verde Investors, LLC | Phoenix Investments |
| Pashmak, LLC c/o Total Source | NEC Kingwood Asset Holdings, LLC |
| Read King | UCP Texas Management. Ltd. |
| NEC Beaumont Asset Holdings, LLC | Harry Leiser, Trustee of the Harry Leiser Revocable Trust |
| Houston Uptown Crossing | The Don Levin Trust dated August 30, 1991 |
| Gorgee, LLC | ARC Houston Healthcare, DST |
| Century Square Commercial Venture, LLC | Pearland Town Center Limited Partnership c/o CBL & Associates Management, Inc. |
| NEC LBT, LLC | InvestCorp Group, Ltd. |
| OC Paso, LLC | Porter JFP, LLC |
| George Martinovich, as Trustee of the 2000 George Martinovich Living Trust, UDT, dated February 4, 2000 | Spirit Realty, L.P. c/o Spirit Realty Capital, Inc. |
| Austin Mueller MD, LLC c/o B&O Management Company, LLC | Cecilia Brown |
| Fairmont Crossing, Ltd. | BDJB Leasing of Cannon Falls, LLC |
| NEC Pearland Asset Holdings, LLC | |

7.  **Parties to Pending Litigation**

| | |
|---|---|
| Central Bank of St. Louis | Infinity Emergency Management Group, LLC |
| Everbank Commercial Finance, Inc. | Biotechnology Integration and Management LLC |
| Signature Financial LLC | Northern Rhode Island Radiology, LLC |
| BB&T Commercial Equipment Capital Corp. f/k/a Susquehanna Commercial Finance, Inc. | Ashlynn Foster, by her Next Friend Kristin Foster and Kristin Foster, Individually |
| All Points Solution, Inc. d/b/a 3i International | Deshawn Stewart, MD |
| Alcode Plumbing, LLC | Spring Gulch, LLC |
| Amanda Hanks | Signature Financial LLC |
| Unifi Equipent Finance | Harry Leiser, Trustee of the Harry Leiser Revocable Trust |
| Chris Mitchell | Colonia Verde Investors, LLC |
| UEB Builders, Inc. | Convergent Technologies LLC |
| Beaumont Emergency Physicians Association, PLLC | International Bank of Commerce |
| Beaumont Emergency Physicians Associates, PLLC as 72% Majority Member on Behalf of NEC Beaumont Emergency Center, LLC . | Susan L. Collemer, Susan Collemer, MD, LLC, Michael W. Demelis, Kristina E. McAteer, Margaret P. Mueller, Sophia G. O'Donnell, Sophia G. O'Donnell, LLC, Laura D. Rau,  Laura D. Rau, LLC Christopher G. Roloff |
| R. G. Brinkmann Company, Inc. d/b/a Brinkmann Constructors, a Missouri corporation | |
| RKMS Aurora #2, LLC, a Texas limited liability company | |
| Michael Heichen | |
| Azalea Saemi | |

# **EXHIBIT 2**

| Lenders | |
|---|---|
| Name of Entity Searched | Cole Schotz Connection |
| KeyBank National Association | KeyBank National Association ("**KeyBank**") is a former client of Cole Schotz. Cole Schotz last represented KeyBank in 2005 in connection with a wholly unrelated matter and does not represent KeyBank in connection with these Chapter 11 Cases. |

| Creditors | |
|---|---|
| McKesson Corporation | McKesson Corporation ("**McKesson**") is a client of Cole Schotz. Cole Schotz does not have any active matters for McKesson and last represented McKesson in 2016 in connection with a matter wholly unrelated to these Chapter 11 Cases. Additionally, McKesson has recognized that Cole Schotz has an active insolvency practice and prospectively waived conflicts of interest in bankruptcy proceedings. |

| Landlords | |
|---|---|
| InvestCorp. | InvestCorp. is a former client of Cole Schotz. Cole Schotz represented InvestCorp. in a litigation matter wholly unrelated to these Chapter 11 Cases. |

| Professionals | |
|---|---|
| GlassRatner Advisory & Capital Group LLC | GlassRatner is the Committee's proposed financial advisor. Cole Schotz represents B. Riley Financial company, the parent company of GlassRatner, in matters wholly unrelated to these Chapter 11 Cases. Cole Schotz does not believe that its representation of B. Riley is a conflict in these Chapter 11 Cases. |