6/18/2018 10:08 AM
Chris Daniel - District Clerk Harris County
Envelope No. 25351333
By: PAM ROBICHEAUX
Filed: 6/18/2018 10:08 AM

## CAUSE NO. 2017-73050

| | | |
|---|---|---|
| INFINITY EMERGENCY | § | IN THE DISTRICT COURT OF |
| MANAGEMENT GROUP, LLC | § | |
| | § | |
| v. | § | |
| | § | |
| NEIGHBORS HEALTH SYSTEM, INC., | § | |
| NEIGHBORS HEALTH, LLC, | § | |
| NEIGHBORS INVESTMENT GROUP, LLC | § | |
| NEIGHBORS GP, LLC | § | 269th JUDICIAL DISTRICT |
| SETUL G. PATEL, M.D., | § | |
| PAUL ALLEYNE, M.D., | § | |
| MICHAEL CHANG, M.D., | § | |
| ANDY CHEN, M.D., | § | |
| CYRIL GILLMAN, M.D., | § | |
| QUANG HENDERSON, M.D., | § | |
| DHARMESH PATEL, M.D., AND | § | HARRIS COUNTY, TEXAS |
| HITESH PATEL, M.D. | | |

### PLAINTIFF INFINITY EMERGENCY MANAGEMENT GROUP, LLC'S FIRST AMENDED MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Infinity Emergency Management Group, LLC, Plaintiff in this action (hereinafter "Plaintiff"), and files this First Amended Motion to Compel Defendant's Discovery Responses, and would respectfully show the court the following:

### I.    BACKGROUND

1.    On October 30, 2017 Plaintiff served Interrogatories on Neighbors Health, LLC and Requests for Production on Neighbors GP, LLC with its Original Petition.  *See* Exhibit A. Again on April 12, 2018, Plaintiff served additional written discovery upon Defendant, Neighbors Health, LLC ("Neighbors Health") consisting of Interrogatories and Requests for Production. *See* Exhibit B. The deadlines for these initial sets of discovery were extended by agreement of the parties.  Ultimately, Defendant's responses to these requests were utterly deficient and failed to

provide essentially any substantive materials. *See* Exhibit C and C1. Defendant's responses contain inappropriate and rote objections that fail to comply with the Texas Rules of Civil Procedure.

2.       On April 23, 2018, Counsel for Plaintiff wrote counsel for Defendants identifying deficiencies in the responses and asking for supplementation of the responses.[1] *See* Exhibit D. Plaintiff having by that time received responses from Neighbors Health to Plaintiff's written discovery—again followed up with a deficiency letter May 14, 2018. *See* Exhibit E.  Counsel for Defendant provided an additional 46 pages of documentation May 15, 2018 contending it addressed Plaintiff's May 14, 2018 correspondence—it did not. *See* Exhibit F.  Counsel for the parties participated in a significant and detailed phone conference regarding the requests, May 21, 2018.

3.       On May 22, 2018, counsel for Plaintiff provided additional detail and clarification to Defendant regarding Plaintiff's discovery requests.  *See* Exhibit G.  Defendant requested still further detail, which Plaintiff provided along with additional clarification June 4, 2018, though it had no obligation to do so.  *See* Exhibit H.

4.       In addition to the written discovery served on Neighbors Health, Plaintiff served written discovery on all of the individual Defendants.  As the court is aware original counsel for the individual Defendants has withdrawn and several other attorneys have stepped in.  Indeed counsel for Drrs. Chang, Chen, Henderson and H. Patel—Jay Munisteri—attempted to comply with Plaintiff's written discovery.  However, Neighbors intervened and prevented Mr. Munisteri from complying with Plaintiff's written discovery.  *See* Exhibit I.  Based on the representations of counsel, responsive documents are known to exist and are contained on the specific individual Defendants' electronic devices.  *See* ¶1 to Exhibit I.

---

[1] As to the written discovery filed and served with Plaintiff's Original Petition.

5.     Responsive documents clearly exist and are within the care, custody and control of Neighbors Health.  Further, Neighbors Health cannot intervene on the one hand and prevent the individual Defendants from producing documents known to be relevant and responsive, while at the same time refusing to comply with its own discovery obligations.  This is yet another instance that Neighbors Health is banking on to prevent Plaintiff from obtaining the discovery that it seeks.

## II.     ARGUMENT

6.     The purpose of discovery is to "seek the truth, so that disputes may be decided by what facts reveal not by what the facts conceal." *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. TEX. R. CIV. P. 166b(2)(a). Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

7.     Pursuant to Rules 194, 196 and 197 of the Texas Rules of Civil Procedure, a party may serve another party Request for Disclosure, Interrogatories, and Requests for Production of documents. The requested documents and responses are necessary to adequately prepare this case, investigate the issues and claims, as well as for possible mediation and potential party depositions. Plaintiff, thus, requests this court order Defendant to fully answer the discovery and produce the documents responsive to the requests within seven (7) days of the signing of the attached order.

## V.     REQUESTS FOR PRODUCTION

8.     Though Plaintiff is aware of the burden discovery motions place on the court and would ordinarily seek to limit the scope of any such discovery motion—here, Plaintiff has no choice but to move to compel a majority of Plaintiff's Request for Production, as responsive documents have not been produced to a significant portion of the Requests.  Given the nature of the case and the claims pled, such materials are of critical importance and namely surround

communications amongst the parties, their officers, managers, agents and employees.  Plaintiff is entitled to the documents requested.  Plaintiff is afforded the right to investigate its claims and fully discover the extent of its injury.

9.      Regarding Requests for Production served on Neighbors Health, Defendant has offered numerous incomplete and inappropriate responses. The responses requested are as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Business of Series 114 Eastside.

**RESPONSE:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.  Additionally, Defendant objects to this request as it seeks confidential and proprietary information.  Subject to the foregoing, Defendant will make relevant responsive documents available for inspection and copying at the offices of Porter Hedges LLP at a mutually reasonable time under a protective order/agreement.

10.      Defendant objected to this request and has refused to produce responsive documents in its possession.

11.      Virtually the entire remainder of Defendants responses contain the inappropriate and duplicative objections:

**REQUEST FOR PRODUCTION NO. 2:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Business of Series 115 Zaragoza.

**RESPONSE:**

See objections and response to Request for Production No. 1.

12.      Indeed, Neighbors Health responds with, ***"See objections and response to Request for Production No. 1"*** for Requests for Production 3-8 (served on Neighbors GP, LLC) along with 2-16, 18-21, 26-27 from Plaintiff's subsequent Request for Production served on Neighbors Health, responses to which Plaintiff herein seeks to compel.  Plaintiff further seeks to compel

responses to 29 and 30 which refer to an "Exhibit A" produced by Defendant which is largely comprised of corporate documents that are not responsive to requests 29 and 30.

13.     The above mentioned responses and objections are boilerplate objections that are broad, sweeping, and duplicative. At this time Plaintiff requests that Defendant remove its objections as they have been waived under Texas Rules of Civil Procedure 193.2(e). Plaintiff further request that Defendant be compelled to produce documents responsive to requests 2-16, 18-21, 26, 27 along with 29 and 30.

## VI.    INTERROGATORIES

14.     Regarding Defendant's Answers to Interrogatories, Defendant provided no verification in accordance with Texas Rule of Civil Procedure 197.2(d).  Further, Defendant failed to answer any interrogatory instead relying on the same boilerplate objection and response of, ***"See objections and response to Interrogatory No. 1"***.  By way of example, see Interrogatory 3 below.

**INTERROGATORY NO. 3:**

Describe with specificity how you determined what Series Property of Series 114 Eastside to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

See objections and response to Interrogatory No. 1.

15.     These same objections are utilized for Interrogatories 3-8.  Plaintiff herein moves to compel responses to interrogatories 3-8 served on Neighbors Health.  Those interrogatories are specific, limited in time and subject matter and are relevant to the claims pled by Plaintiff.  Plaintiff has attempted on several occasions to work with counsel for Defendant to resolve these issues. Despite such diligent attempts, Defendant's Answers remain deficient.

## VII.   PRAYER

WHEREFORE, Plaintiff Infinity Emergency Management Group, LLC respectfully requests that this Court grant its First Amended Motion to Compel Defendant's Discovery Responses and Answers to Interrogatories, and enter an order requiring Defendant to answer the discovery, provide verification for their Answers to Interrogatories, and produce the requested documents within seven (7) days of the Court's order. Plaintiff further prays for such other and additional relief to which it may be entitled.

Respectfully submitted,

**HENDERSHOT, CANNON & HISEY, P.C.**

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hcmhlaw.com
BENJAMIN L. HISEY
SBN: 24074416
bhisey@hcmhlaw.com
RAYMOND L. PANNETON
SBN: 24082079
rpanneton@hcmhlaw.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:  (713) 783-2809
**ATTORNEYS FOR PLAINTIFF INFINITY
EMERGENCY MANAGEMENT GROUP, LLC**

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on the 18th day of June, 2016, a true and correct copy of the above First Amended Motion to Compel Defendant's Discovery Responses was served upon the following attorney of record in the above entitled and numbered cause:

John Higgins                                *jhiggins@porterhedges.com*
Porter Hedges, LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002
**Attorneys for Neighbors Health System, Inc., Neighbors Health, LLC and Neighbors GP, LLC**

Staton Childers                            *staton.childers@arlaw.com*
Coleman Proctor                          *coleman.proctor@arlaw.com*
Adams and Reese, LLP
1221 McKinney Street, Suite 4400
Houston, TX 77010
**Attorneys for Neighbors Investment Group, LLC and Setul G. Patel, M.D**

Christina Minshew Lewis              *clewis@moyerpatton.com*
Moyer & Patton, LLP
11767 Katy Freeway, Suite 990
Houston, Texas 77079
**Attorney for Dharmesh Patel, M.D.**

Michael Thomas                           *jmthomas@foley.com*
Jay Munisteri                               *jmunisteri@foley.com*
Foley Gardere Foley & Lardner, LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201-3340
**Attorneys for Michael Chang, M.D., Andy Chen, M.D., Quang Henderson, M.D. and Hitesh Patel, M.D.**

Millard Johnson                            *Mjohnson@jdkglaw.com*
Sara Sherman                             *ssherman@jdkglaw.com*
Stacy Fisher                                *sfisher@jdkglaw.com*
Johnson DeLuca Kurisky & Gould
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
**Attorneys for Paul Alleyne, M.D. and Cyril Gillman, M.D.**

                                  /s/ Simon W. Hendershot, III
                                  SIMON W. HENDERSHOT, III

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Plaintiff followed up in writing regarding the deficiencies in Defendant's responses, April 23, 2018 and again by letter May 14, 2018. Counsel for the parties exchanged email and Plaintiff notified Defendant of additional deficiencies, May 16, 2018. Counsel for the parties participated in 1+ hour conference call regarding the discovery requests and responses May 21, 2018. Counsel for Plaintiff provided additional detail to the discovery May 22, 2018 and again June 4, 2018 in order to narrow the issues and receive additional responsive documents from counsel. Indeed, counsel for Plaintiff set a deadline of June 14, 2018 for Defendants to supplement their responses. Defendants' responses to Plaintiff's written discovery remain deficient and no documentation was produced June 14, 2018.

/s/ *Benjamin Lowell Hisey*
BENJAMIN LOWELL HISEY

# EXHIBIT A

CAUSE NO. 2017- _____

| | | |
|---|---|---|
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| NEIGHBORS HEALTH SYSTEM, INC., NEIGHBORS HEALTH, LLC, NEIGHBORS INVESTMENT GROUP, LLC NEIGHBORS GP, LLC SETUL G. PATEL, M.D., PAUL ALLEYNE, M.D., MICHAEL CHANG, M.D., ANDY CHEN, M.D., CYRIL GILLMAN, M.D., QUANG HENDERSON, M.D., DHARMESH PATEL, M.D., AND HITESH PATEL, M.D. | § § § § § § § § § § § § § | ____ JUDICIAL DISTRICT        HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS NEIGHBORS HEALTH SYSTEM, INC. AND NEIGHBORS HEALTH, LLC

To:     Defendants, Neighbors Health System, Inc. and Neighbors Health, LLC.

COMES NOW, Plaintiff, INFINITY EMERGENCY MANAGEMENT GROUP, LLC and serves these interrogatories on Defendants, NEIGHBORS HEALTH SYSTEM, INC. and NEIGHBORS HEALTH, LLC as allowed by Texas Rule of Civil Procedure 197. The following Interrogatories shall be answered fully and separately, under oath and answers served on the undersigned within thirty (30) days after the date of service.

Respectfully submitted,

**HENDERSHOT, CANNON, MARTIN & HISEY, PC**

s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hcmhlaw.com
CHRISTY L. MARTIN
SBN: 24041336
cmartin@hcmhlaw.com

1

BENJAMIN L. HISEY
SBN: 24074416
bhisey@hcmhlaw.com
RAYMOND L. PANNETON
SBN: 24082079
rpanneton@hcmhlaw.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809
**ATTORNEYS FOR PLAINTIFF INFINITY
EMERGENCY MANAGEMENT GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2017, a true and correct copy of the foregoing Requests for Production was served on Neighbors Health System, Inc. and Neighbors Health, LLC.

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III

S:/Bowen, Jermaine/ROGGS 2017 10 30.Docx.

2

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate by reference the Instructions and Definitions set forth below.

1.  Any use herein of the word "and" and "or" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Request any document that might be deemed outside its scope by another construction.

2.  Any use herein of the singular or plural form of any word should be construed broadly or narrowly as necessary to bring within the scope of these Requests any document that might otherwise be considered outside the scope.

3.  The terms "Plaintiff" shall mean **INFINITY EMERGENCY MANAGEMENT GROUP, LLC,** and/or its predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on its behalf.

4.  The term "Defendants", "you," "your," and "yourself" shall mean **NEIGHBORS HEALTH SYSTEM, INC. and NEIGHBORS HEALTH, LLC,** and/or their predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on their behalf.

5.  The term "lawsuit" and "this dispute" shall mean the litigation known as *Infinity Emergency Management Group, LLC v. Neighbors Health System, Inc., Neighbors Health, LLC, Neighbors Investment Group, LLC, Setul G. Pate, M.D., Paul Alleyne, M.D., Michael Chang, M.D., Andy Chen, M.D., Quang Henderson, M.D., Dharmesh Patesl, M.D., and Hitesh Patel, M.D.* (Cause No. _____) in the _____th District Court of Harris County, Texas.

6.  The term "Identify" with respect to a person or entity means the name, address, and telephone number of the person or entity.

7.  The term "Identify" with respect to a document means a short description of the document, and the name, address, and telephone number of any persons or entities in possession, custody, or control of such document.

8.  "DOCUMENT" or "DOCUMENTS" as used herein includes all matter and things comprehended within Rule 1001 of the Texas Rules of Evidence and Rules 192, 193, 195, and 197 of the Texas Rules of Civil Procedure (including without limitation all forms of computer information storage media and hard copies thereof; photographs; films; videotapes; and audiotapes and transcripts thereof) and shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts, notes or work papers for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical

3

copy of the original. Moreover, the terms "documents" or "document" as used herein, also include any handwriting, typewriting, printing, photostating, photographing, and regular means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof; all records, letters, notes, correspondence, telegrams, telexes, facsimiles, notes or sound recordings of any type, minutes of any meetings, memoranda, intra or interoffice communications, reports, charts, summaries, written analyses, contracts, supplements, comments, contracts, licenses, agreements, ledgers, book of account, vouchers, bank checks, bank statements, invoices, charge slips, receipts, working papers, statistical records, cost sheets, stenographers notebooks, computer printouts, transcripts, judicial pleadings, petitions, motions, declarations, affidavits, desk calendars, appointment books, diaries, time sheets or logs, itineraries, telephone logs, maps, illustrations, statistical compilations, diagrams, photographs, movies, films, video and audio tapes, electronic or magnetic records, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, surveys, questionnaires, computer data, e-mail messages, documents sent or received via the internet, wherever stored, including diskettes, CD ROM disk, zip drives, and disk drives or other magnetic recording devices, electronic mail, punch cards, paper tapes, magnetic tapes, print outs, reports, books and job or transaction files, notebooks, data sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, microscopically obtained photographs, scanning electron micrographs, test results, belts, tapes, plotter output recordings, discs, data cards, data processing films and other computer-readable records or programs, object code, source code, microcode, or anything otherwise defined as a "writing," "recording," "photograph," "original," or "duplicate" by Rule 1001 of the Texas Rules of Evidence, or anything similar to any of the foregoing, however denominated by the responding party, as well as copies, amendments, modifications and drafts of the foregoing.  "DOCUMENT" specifically includes the contents of computer servers and computer disk drives, which are to be produced in both electronic and printed form. "DOCUMENT" shall also include any copy of an original if the original is not available.

9.    "Communication" includes, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral.  The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, text messages, televisions, radio, email, internet, or social media.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

**INTERROGATORY 1:**
Identify with particularity the factual basis for your authority to make "Intercompany Transfers" or "Intercompany Advances" from the Series Property of Series 115 Zaragoza and Series 114 Eastside.

**RESPONSE:**

**INTERROGATORY 2:**
Identify with particularity all "Intercompany Transfers" or "Intercompany Advances" made from the Series Property of Series 115 Zaragoza and Series 114 Eastside, including the amounts transferred/advanced, the date the transfer/advance was made and the recipient of the transfer/advance from January 1, 2016 to the Present.

**RESPONSE:**

CAUSE NO. 2017- _____



| | | |
|---|---|---|
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| NEIGHBORS HEALTH SYSTEM, INC., NEIGHBORS HEALTH, LLC, NEIGHBORS INVESTMENT GROUP, LLC NEIGHBORS GP, LLC SETUL G. PATEL, M.D., PAUL ALLEYNE, M.D., MICHAEL CHANG, M.D., ANDY CHEN, M.D., CYRIL GILLMAN, M.D., QUANG HENDERSON, M.D., DHARMESH PATEL, M.D., AND HITESH PATEL, M.D. | § § § § § § § § § § § § § | ____ JUDICIAL DISTRICT            HARRIS COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO NEIGHBORS GP, LLC

TO:     Defendant, Neighbors GP, LLC.

COMES NOW, Infinity Emergency Management Group, LLC, Plaintiff in this action (hereinafter "Plaintiff"), and pursuant to Tex. R. Civ. P. 196, requests that Defendant, Neighbors GP, LLC (hereinafter "Defendant"), produce the following documents and/or tangible things for copying or inspection at the offices of Hendershot, Cannon, Martin & Hisey, P.C., 1800 Bering Drive, Suite 600, Houston, Texas 77057, no later than 5:00 p.m. on the 30th day subsequent to your receipt of these Requests. In the alternative, Plaintiff request that Defendant serve copies of the requested items on the undersigned attorney within the time period set forth above.

Respectfully submitted,

**HENDERSHOT, CANNON, MARTIN & HISEY, PC**

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hcmhlaw.com
CHRISTY L. MARTIN
SBN: 24041336
cmartin@hcmhlaw.com
BENJAMIN L. HISEY
SBN: 24074416
bhisey@hcmhlaw.com
RAYMOND L. PANNETON
SBN: 24082079
rpanneton@hcmhlaw.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809
**ATTORNEYS FOR PLAINTIFF INFINITY
EMERGENCY MANAGEMENT GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2017, a true and correct copy of the foregoing Requests for Production was served on Neighbors GP, LLC.

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III

s:\Bowen, Jermaine/RFP 2017 10 30.docx

2

## DEFINITIONS

These Requests incorporate by reference the Instructions and Definitions set forth below.

1.    With respect to any document Defendant does not produce because of a claim of privilege, Defendant shall set forth as to each such document:

    (a)    the name and address of the author, originator and sender of the document or communications;

    (b)    the name and address of each person to whom the document, communication or information was directed, addressed, sent or copied:

    (c)    the employer and job title of each of the person(s) listed in items (a) and (b) above;

    (d)    the date of the document or communication;

    (e)    the length of the document or communication;

    (f)    the location of the document or communication;

    (g)    a general description of the nature and subject matter of the document, communication or information; and

    (h)    the specific grounds for the claim of privilege.

2.    "DOCUMENT" or "DOCUMENTS" as used herein includes all matter and things comprehended within Rule 1001 of the Texas Rules of Evidence and Rules 192, 193, 195, and 197 of the Texas Rules of Civil Procedure (including without limitation all forms of computer information storage media and hard copies thereof; photographs; films; videotapes; and audiotapes and transcripts thereof) and shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts, notes or work papers for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical copy of the original. Moreover, the terms "documents" or "document" as used herein, also include any handwriting, typewriting, printing, photostating, photographing, and regular means of recording upon any tangible thing, any form of communication or representation,

3

including letters, words, pictures, sounds or symbols, or combination thereof; all records, letters, notes, correspondence, telegrams, telexes, facsimiles, notes or sound recordings of any type, minutes of any meetings, memoranda, intra or interoffice communications, reports, charts, summaries, written analyses, contracts, supplements, comments, contracts, licenses, agreements, ledgers, book of account, vouchers, bank checks, bank statements, invoices, charge slips, receipts, working papers, statistical records, cost sheets, stenographers notebooks, computer printouts, transcripts, judicial pleadings, petitions, motions, declarations, affidavits, desk calendars, appointment books, diaries, time sheets or logs, itineraries, telephone logs, maps, illustrations, statistical compilations, diagrams, photographs, movies, films, video and audio tapes, electronic or magnetic records, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, surveys, questionnaires, computer data, e-mail messages, documents sent or received via the internet, wherever stored, including diskettes, CD ROM disk, zip drives, and disk drives or other magnetic recording devices, electronic mail, punch cards, paper tapes, magnetic tapes, print outs, reports, books and job or transaction files, notebooks, data sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, microscopically obtained photographs, scanning electron micrographs, test results, belts, tapes, plotter output recordings, discs, data cards, data processing films and other computer-readable records or programs, object code, source code, microcode, or anything otherwise defined as a "writing," "recording," "photograph," "original," or "duplicate" by Rule 1001 of the Texas Rules of Evidence, or anything similar to any of the foregoing, however denominated by the responding party, as well as copies, amendments, modifications and drafts of the foregoing. "DOCUMENT" specifically includes the contents of computer servers and computer disk drives, which are to be produced in both electronic and printed form. "DOCUMENT" shall also include any copy of an original if the original is not available.

3.      Without limiting the term "control" as used above, the document is deemed to be within the control of Defendant, if Defendant has the right to secure the document or copy thereof from any person or public or private entity having actual physical possession thereof. The term "document" also includes any of the above enumerated items which may be presently in the temporary possession of another.

4.      "Relate, reflect, refer or support" as used herein means documents containing, showing, relating, referring, mentioning, or pertaining in any way, directly or indirectly to, or in a legal, logical or factual way connected with, a particular document requested below, and includes documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by such Request.

5.      For any document, within the scope of these Requests, that has been lost, discarded or destroyed, provide a statement that sets forth the following information: the names and

positions of the author and sender of the document; the names and positions of each person who received a copy of the document.

6.    Any use herein of the word "and" and "or" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Request any document that might be deemed outside its scope by another construction.

7.    "Communication" includes, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, text message, televisions, radio, email, internet, or social media.

8.    "Statement" shall mean and include any written or graphic statement signed or otherwise adopted or approved by the user in making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

9.    Any use herein of the singular or plural form of any word should be construed broadly or narrowly as necessary to bring within the scope of these Requests any document that might otherwise be considered outside the scope.

10.    The terms "Plaintiff" shall mean **INFINITY EMERGENCY MANAGEMENT GROUP, LLC**, and/or its predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on its behalf.

11.    The term "Defendant", "you," "your," and "yourself" shall mean **NEIGHBORS GP, LLC**, and/or its predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on its behalf.

12.    The term "lawsuit" and "this dispute" shall mean the litigation known as *Infinity Emergency Management Group, LLC v. Neighbors Health System, Inc., Neighbors Health, LLC, Neighbors Investment Group, LLC, Setul G. Pate, M.D., Paul Alleyne, M.D., Michael Chang, M.D., Andy Chen, M.D., Quang Henderson, M.D., Dharmesh Patesl, M.D., and Hitesh Patel, M.D.* (Cause No. _____ ) in the _____th District Court of Harris County, Texas.

**Additional instructions:**

None of the requests contained herein call for the production of communications between You and Your attorney to the extent such communication would otherwise be protected by the Attorney Client Privilege. However, this limitation does not apply to the extent such communication would not fall within the purview of the attorney client privilege as set forth in the Texas Rules of Evidence.

<u>**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**</u>

<u>**REQUEST FOR PRODUCTION NO. 1**</u>
Produce true and correct copies of all profit and loss statements for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 2**</u>
Produce true and correct copies of all profit and loss statements for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 3**</u>
Produce true and correct copies of all bank statements, including without limitation withdrawals and deposits for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 4**</u>
Produce true and correct copies of all bank statements, including without limitation withdrawals and deposits for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 5**</u>
Produce a true and correct copy of any Quickbooks database, or other accounting software used, in native file format for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

<u>**REQUEST FOR PRODUCTION NO. 6**</u>
Produce a true and correct copy of any Quickbooks database, or other accounting software used, in native file format for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
Produce true and correct copies of all electronic funds transfer records identifying all
"Intercompany Transfers" or "Intercompany Advances" from NEC Zaragoza Emergency Center,
LP from January 1, 2016 to the Present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce true and correct copies of all electronic funds transfer records identifying all
"Intercompany Transfers" or "Intercompany Advances" from NEC Eastside Emergency Center,
LP from January 1, 2016 to the Present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce true and correct copies of all financial statements detailing operational expenses,
including without limitation all administrative costs, medical supply costs, payroll costs and leases
for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce true and correct copies of all financial statements detailing operational expenses,
including without limitation all administrative costs, medical supply costs, payroll costs and leases
for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

# EXHIBIT B

CAUSE NO. 2017- 73050

| | | |
|---|---|---|
| INFINITY EMERGENCY | § | IN THE DISTRICT COURT OF |
| MANAGEMENT GROUP, LLC | § | |
| | § | |
| v. | § | |
| | § | |
| NEIGHBORS HEALTH SYSTEM, INC., | § | |
| NEIGHBORS HEALTH, LLC, | § | |
| NEIGHBORS INVESTMENT GROUP, LLC | § | |
| NEIGHBORS GP, LLC | § | 26TH JUDICIAL DISTRICT |
| SETUL G. PATEL, M.D., | § | |
| PAUL ALLEYNE, M.D., | § | |
| MICHAEL CHANG, M.D., | § | |
| ANDY CHEN, M.D., | § | |
| CYRIL GILLMAN, M.D., | § | |
| QUANG HENDERSON, M.D., | § | |
| DHARMESH PATEL, M.D., AND | § | HARRIS COUNTY, TEXAS |
| HITESH PATEL, M.D. | | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NEIGHBORS HEALTH, LLC

To:     Defendant, Neighbors Health, LLC by and through attorneys of record, Clay Steely and John Higgins, Porter Hedges, LLP, 1000 Main Street, 36th Fl., Houston, Texas 77002.

COMES NOW, Plaintiff, INFINITY EMERGENCY MANAGEMENT GROUP, LLC and

serves these interrogatories on Defendant, NEIGHBORS HEALTH, LLC as allowed by Texas

Rule of Civil Procedure 197.  The following Interrogatories shall be answered fully and separately,

under oath and answers served on the undersigned within thirty (30) days after the date of service.

Respectfully submitted,

**HENDERSHOT, CANNON, MARTIN & HISEY, PC**

s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
KATIE L. COWART
SBN: 24048268
kcowart@hchlawyers.com
BENJAMIN L. HISEY

1

SBN: 24074416
bhisey@hchlawyers.com
RAYMOND L. PANNETON
SBN: 24082079
rpanneton@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809
**ATTORNEYS FOR PLAINTIFF INFINITY
EMERGENCY MANAGEMENT GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent Federal Express on the April 11, 2018, to the following:

Clay Steely
John Higgins
Porter Hedges, LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002
*csteely@porterhedges.com*
*jhiggins@porterhedges.com*

**Attorneys for Neighbors Health System, Inc., Neighbors Health, LLC and Neighbors GP, LLC**
Staton Childers
Coleman Proctor
Adams and Reese, LLP
1221 McKinney Street, Suite 4400
Houston, TX 77010
(713) 652-5151
*staton.childers@arlaw.com*
*coleman.proctor@arlaw.com*

**Attorneys for Neighbors Investment Group, LLC and Individual Defendants**

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III

S:/Bowen, Jermaine/ROGGS 2017 10 30.Docx

## DEFINITIONS AND INSTRUCTIONS

These Requests incorporate by reference the Instructions and Definitions set forth below.

1.      Any use herein of the word "and" and "or" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Request any document that might be deemed outside its scope by another construction.

2.      Any use herein of the singular or plural form of any word should be construed broadly or narrowly as necessary to bring within the scope of these Requests any document that might otherwise be considered outside the scope.

3.      The terms "Plaintiff" shall mean **INFINITY EMERGENCY MANAGEMENT GROUP, LLC**, and/or its predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on its behalf.

4.      The term "Defendant", "you," "your," and "yourself" shall mean **NEIGHBORS HEALTH, LLC**, and/or their predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on their behalf.

5.      The term "lawsuit" and "this dispute" shall mean the litigation known as *Infinity Emergency Management Group, LLC v. Neighbors Health System, Inc., Neighbors Health, LLC, Neighbors Investment Group, LLC, Setul G. Pate, M.D., Paul Alleyne, M.D., Michael Chang, M.D., Andy Chen, M.D., Quang Henderson, M.D., Dharmesh Patesl, M.D., and Hitesh Patel, M.D.* (Cause No. 2017-73050) in the 269th District Court of Harris County, Texas.

6.      The term "Identify" with respect to a person or entity means the name, address, and telephone number of the person or entity.

7.      The term "Identify" with respect to a document means a short description of the document, and the name, address, and telephone number of any persons or entities in possession, custody, or control of such document.

8.      "DOCUMENT" or "DOCUMENTS" as used herein includes all matter and things comprehended within Rule 1001 of the Texas Rules of Evidence and Rules 192, 193, 195, and 197 of the Texas Rules of Civil Procedure (including without limitation all forms of computer information storage media and hard copies thereof; photographs; films; videotapes; and audiotapes  and transcripts thereof) and shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts, notes or work papers for the preparation of each document.  If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical copy of the original.  Moreover, the terms "documents" or "document" as used herein, also

3

include any handwriting, typewriting, printing, photostating, photographing, and regular means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof; all records, letters, notes, correspondence, telegrams, telexes, facsimiles, notes or sound recordings of any type, minutes of any meetings, memoranda, intra or interoffice communications, reports, charts, summaries, written analyses, contracts, supplements, comments, contracts, licenses, agreements, ledgers, book of account, vouchers, bank checks, bank statements, invoices, charge slips, receipts, working papers, statistical records, cost sheets, stenographers notebooks, computer printouts, transcripts, judicial pleadings, petitions, motions, declarations, affidavits, desk calendars, appointment books, diaries, time sheets or logs, itineraries, telephone logs, maps, illustrations, statistical compilations, diagrams, photographs, movies, films, video and audio tapes, electronic or magnetic records, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, surveys, questionnaires, computer data, e-mail messages, documents sent or received via the internet, wherever stored, including diskettes, CD ROM disk, zip drives, and disk drives or other magnetic recording devices, electronic mail, punch cards, paper tapes, magnetic tapes, print outs, reports, books and job or transaction files, notebooks, data sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, microscopically obtained photographs, scanning electron micrographs, test results, belts, tapes, plotter output recordings, discs, data cards, data processing films and other computer-readable records or programs, object code, source code, microcode, or anything otherwise defined as a "writing," "recording," "photograph," "original," or "duplicate" by Rule 1001 of the Texas Rules of Evidence, or anything similar to any of the foregoing, however denominated by the responding party, as well as copies, amendments, modifications and drafts of the foregoing.  "DOCUMENT" specifically includes the contents of computer servers and computer disk drives, which are to be produced in both electronic and printed form.  "DOCUMENT" shall also include any copy of an original if the original is not available.


9.    "Communication" includes, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral.  The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, text messages, televisions, radio, email, internet, or social media.

4

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

**INTERROGATORY 1:**

Describe with specificity what actions you took to hold the Series Property of Series 114 Eastside in trust for Series Members as required in Section 2.09 of the Operating Agreement of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

**INTERROGATORY 2:**

Describe with specificity what actions you took to hold the Series Property of Series 115 Zaragoza in trust for Series Members as required in Section 2.09 of the Operating Agreement of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

**INTERROGATORY 3:**

Describe with specificity how you determined what Series Property of Series 114 Eastside to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

**INTERROGATORY 4:**

Describe with specificity how you determined what Series Property of Series 115 Zaragoza to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

**INTERROGATORY 5:**

Describe with specificity how you determined what revenue of NEC Eastside Emergency Center, LP to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

**INTERROGATORY 6:**

Describe with specificity how you determined what revenue of NEC Zaragoza Emergency Center, LP to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

**INTERROGATORY 7:**

Identify with specificity all Series Property that you diverted from Series 114 Eastside to any other Series and/or business interest of NHS Emergency Centers, LLC including the date of any transfer, the amount of any transfer and the recipient of any transfer from January 2014 to present.

**RESPONSE:**


**INTERROGATORY 8:**

Identify with specificity all Series Property that you diverted from Series 115 Zaragoza to any other Series and/or business interest of NHS Emergency Centers, LLC including the date of any transfer, the amount of any transfer and the recipient of any transfer from January 2014 to present.

**RESPONSE:**

CAUSE NO. 2017- 73050

| | | |
|---|---|---|
| **INFINITY EMERGENCY MANAGEMENT** | § | **IN THE DISTRICT COURT OF** |
| **GROUP, LLC** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NEIGHBORS HEALTH SYSTEM, INC.,** | § | |
| **NEIGHBORS HEALTH, LLC,** | § | |
| **NEIGHBORS INVESTMENT GROUP, LLC** | § | |
| **NEIGHBORS GP, LLC** | § | **269TH JUDICIAL DISTRICT** |
| **SETUL G. PATEL, M.D.,** | § | |
| **PAUL ALLEYNE, M.D.,** | § | |
| **MICHAEL CHANG, M.D.,** | § | |
| **ANDY CHEN, M.D.,** | § | |
| **CYRIL GILLMAN, M.D.,** | § | |
| **QUANG HENDERSON, M.D.,** | § | |
| **DHARMESH PATEL, M.D., AND** | § | **HARRIS COUNTY, TEXAS** |
| **HITESH PATEL, M.D.** | | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO NEIGHBORS HEALTH, LLC

TO:    Defendant, Neighbors Health, LLC by and through attorneys of record, Clay Steely and John Higgins, Porter Hedges, LLP, 1000 Main Street, 36th Fl., Houston, Texas 77002.

COMES NOW, Infinity Emergency Management Group, LLC, Plaintiff in this action (hereinafter "Plaintiff"), and pursuant to Tex. R. Civ. P. 196, requests that Defendant, Neighbors Health, LLC (hereinafter "Defendant"), produce the following documents and/or tangible things for copying or inspection at the offices of Hendershot, Cannon & Hisey, P.C., 1800 Bering Drive, Suite 600, Houston, Texas 77057, no later than 5:00 p.m. on the 30th day subsequent to your receipt of these Requests.  In the alternative, Plaintiff request that Defendant serve copies of the requested items on the undersigned attorney within the time period set forth above.

1

Respectfully submitted,

**HENDERSHOT, CANNON & HISEY, PC**

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hcmhlaw.com
KATIE L. COWART
SBN: 24048268
kcowart@hchlawyers.com
BENJAMIN L. HISEY
SBN: 24074416
bhisey@hcmhlaw.com
RAYMOND L. PANNETON
SBN: 24082079
rpanneton@hcmhlaw.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:  (713) 783-2809
**ATTORNEYS FOR PLAINTIFF INFINITY
EMERGENCY MANAGEMENT GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent Federal Express on the April 11, 2018, to the following:

Clay Steely
John Higgins
Porter Hedges, LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002
*csteely@porterhedges.com*
*jhiggins@porterhedges.com*

**Attorneys for Neighbors Health System, Inc., Neighbors Health, LLC and Neighbors GP, LLC**

Staton Childers
Coleman Proctor
Adams and Reese, LLP
1221 McKinney Street, Suite 4400
Houston, TX 77010
(713) 652-5151
*staton.childers@arlaw.com*
*coleman.proctor@arlaw.com*

**Attorneys for Neighbors Investment Group, LLC and Individual Defendants**


/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III


RFP.Neighbors.Health.041018.docx

## DEFINITIONS

These Requests incorporate by reference the Instructions and Definitions set forth below.

1.      With respect to any document Defendant does not produce because of a claim of privilege, Defendant shall set forth as to each such document:

      (a)      the name and address of the author, originator and sender of the document or communications;

      (b)      the name and address of each person to whom the document, communication or information was directed, addressed, sent or copied:

      (c)      the employer and job title of each of the person(s) listed in items (a) and (b) above;

      (d)      the date of the document or communication;

      (e)      the length of the document or communication;

      (f)      the location of the document or communication;

      (g)      a general description of the nature and subject matter of the document, communication or information; and

      (h)      the specific grounds for the claim of privilege.

2.      "DOCUMENT" or "DOCUMENTS" as used herein includes all matter and things comprehended within Rule 1001 of the Texas Rules of Evidence and Rules 192, 193, 195, and 197 of the Texas Rules of Civil Procedure (including without limitation all forms of computer information storage media and hard copies thereof; photographs; films; videotapes; and audiotapes and transcripts thereof) and shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts, notes or work papers for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical copy of the original. Moreover, the terms "documents" or "document" as used herein, also include any handwriting, typewriting, printing, photostating, photographing, and regular means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof; all records, letters, notes, correspondence, telegrams, telexes, facsimiles, notes or sound recordings of any type, minutes of any meetings, memoranda, intra or interoffice communications, reports, charts, summaries, written analyses, contracts, supplements, comments, contracts,

licenses, agreements, ledgers, book of account, vouchers, bank checks, bank statements, invoices, charge slips, receipts, working papers, statistical records, cost sheets, stenographers notebooks, computer printouts, transcripts, judicial pleadings, petitions, motions, declarations, affidavits, desk calendars, appointment books, diaries, time sheets or logs, itineraries, telephone logs, maps, illustrations, statistical compilations, diagrams, photographs, movies, films, video and audio tapes, electronic or magnetic records, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, surveys, questionnaires, computer data, e-mail messages, documents sent or received via the internet, wherever stored, including diskettes, CD ROM disk, zip drives, and disk drives or other magnetic recording devices, electronic mail, punch cards, paper tapes, magnetic tapes, print outs, reports, books and job or transaction files, notebooks, data sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, microscopically obtained photographs, scanning electron micrographs, test results, belts, tapes, plotter output recordings, discs, data cards, data processing films and other computer-readable records or programs, object code, source code, microcode, or anything otherwise defined as a "writing," "recording," "photograph," "original," or "duplicate" by Rule 1001 of the Texas Rules of Evidence, or anything similar to any of the foregoing, however denominated by the responding party, as well as copies, amendments, modifications and drafts of the foregoing.   "DOCUMENT" specifically includes the contents of computer servers and computer disk drives, which are to be produced in both electronic and printed form.  "DOCUMENT" shall also include any copy of an original if the original is not available.

3.      Without limiting the term "control" as used above, the document is deemed to be within the control of Defendant, if Defendant has the right to secure the document or copy thereof from any person or public or private entity having actual physical possession thereof.  The term "document" also includes any of the above enumerated items which may be presently in the temporary possession of another.

4.      "Relate, reflect, refer or support" as used herein means documents containing, showing, relating, referring, mentioning, or pertaining in any way, directly or indirectly to, or in a legal, logical or factual way connected with, a particular document requested below, and includes documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by such Request.

5.      For any document, within the scope of these Requests, that has been lost, discarded or destroyed, provide a statement that sets forth the following information: the names and positions of the author and sender of the document; the names and positions of each person who received a copy of the document.

6.      Any use herein of the word "and" and "or" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Request any document that might be deemed outside its scope by another construction.

7.      "Communication" includes, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral.  The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, text message, televisions, radio, email, internet, or social media.

8.      "Statement" shall mean and include any written or graphic statement signed or otherwise adopted or approved by the user in making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

9.      Any use herein of the singular or plural form of any word should be construed broadly or narrowly as necessary to bring within the scope of these Requests any document that might otherwise be considered outside the scope.

10.     The terms "Plaintiff" shall mean **INFINITY EMERGENCY MANAGEMENT GROUP, LLC**, and/or its predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on its behalf.

11.     The term "Defendant", "you," "your," and "yourself" shall mean **NEIGHBORS HEALTH, LLC**, and/or its predecessors, successors, assigns, employees, officers, directors, representatives, agents, affiliates, consultants, or servants and all other persons acting or purporting to act on its behalf.

12.     The term "lawsuit" and "this dispute" shall mean the litigation known as *Infinity Emergency Management Group, LLC v. Neighbors Health System, Inc., Neighbors Health, LLC, Neighbors Investment Group, LLC, Setul G. Patel, M.D., Paul Alleyne, M.D., Michael Chang, M.D., Andy Chen, M.D., Quang Henderson, M.D., Dharmesh Patel, M.D., and Hitesh Patel, M.D.* (Cause No. 2017-73050) in the 269th District Court of Harris County, Texas.

13.     "Series Property" shall have the definition assigned to it in the respective Series Agreements of Series 114 and 115.

14.     "Series" shall have the definition assigned to it in the Operating Agreement of NHS Emergency Centers, LLC.

**Additional instructions:**

None of the requests contained herein call for the production of communications between You and Your attorney to the extent such communication would otherwise be protected by the Attorney Client Privilege. However, this limitation does not apply to the extent such communication would not fall within the purview of the attorney client privilege as set forth in the Texas Rules of Evidence.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

### REQUEST FOR PRODUCTION NO. 1
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Business of Series 114 Eastside.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Business of Series 115 Zaragoza.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Property of Series 114 Eastside.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Property of Series 115 Zaragoza.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the distributions to Plaintiff from the Series Business of Series 114 Eastside.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the distributions to Plaintiff from the Series Business of Series 115 Zaragoza.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decision made to create any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any third-party lender or financial institution from January 1, 2014 to the present concerning the decision made to create any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any third-party lender or financial institution from January 1, 2014 to the present concerning the financing of any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any third-party lender or financial institution from January 1, 2014 to the present concerning the financing of any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decision made to close any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the financial condition of any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 114 Eastside to fund any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 115 Zaragoza to fund any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 114 Eastside to pay any debts or obligations of any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 115 Zaragoza to pay any debts or obligations of any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to close Series 114 Eastside.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to pay distributions to Plaintiff based on Series Business and Series Property of Series 114 Eastside.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to pay distributions to Plaintiff based on Series Business and Series Property of Series 115 Zaragoza.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce true and correct copies of all draft and executed company agreements or operating agreements along with copies of corporate documents evidencing the members and managers of Neighbors Health, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce true and correct copies of all meeting minutes of Neighbors Health, LLC from January 1, 2014 to the present.

**RESPONSE:**

11

## REQUEST FOR PRODUCTION NO. 22

Produce true and correct copies of all consents in lieu of meeting for Neighbors Health, LLC from January 1, 2014 to the present.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 23

Produce true and correct copies of all consents in lieu of meeting for Neighbors Health, LLC from January 1, 2014 to the present.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 24

Produce true and correct copies of all financial documents of Neighbors Health, LLC from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 25

Produce true and correct copies of all financial documents of Neighbors Health, LLC from January 1, 2014 to the present to include without limitation bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 26

Produce true and correct copies of all documents and information requests received by Neighbors Health, LLC from any lender group or financial institution regarding additional financing of any Series from January 1, 2014 to the present.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 27

Produce true and correct copies of all documents and information produced as a result of the requests identified in Request 26 above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any employee of Houlihan Lokey from October 1, 2017 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce true and correct copies of all documentation evidencing the transfer of any revenue or Series Property of Series 114 Eastside to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Produce true and correct copies of all documentation evidencing the transfer of any revenue or Series Property of Series 115 Zaragoza to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce true and correct copies of all documentation evidencing the total amount of any transfers of any revenue or Series Property of Series 114 Eastside to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce true and correct copies of all documentation evidencing the total amount of any transfers of any revenue or Series Property of Series 115 Zaragoza to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for Series 114 Eastside from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for Series 115 Zaragoza from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for NEC Eastside Emergency Center, LP from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for NEC Eastside Emergency Center, LP from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for NEC Zaragoza Emergency Center, LP from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

# EXHIBIT C

CAUSE NO. 2017-73050

| | | |
|---|---|---|
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC | § § § § § § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| | § | |
| NEIGHBORS HEALTH SYSTEM, INC., NEIGHBORS HEALTH, LLC, NEIGHBORS INVESTMENT GROUP, LLC, NEIGHBORS GP, LLC, SETUL G. PATEL, M.D., PAUL ALLEYNE, M.D., MICHAEL CHANG, M.D., ANDY CHEN, M.D., CYRIL GILLMAN, M.D., QUANG HENDERSON, M.D., DHARMESH PATEL, M.D., AND HITESH PATEL, M.D. | § § § § § § § § § § § § § | 269TH JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant Neighbors GP, LLC ("Neighbors" or "Defendant") serves these objections and responses to Plaintiff Infinity Emergency Management Group, LLC's ("Plaintiff" or "Infinity") request for production.

Respectfully submitted,

PORTER HEDGES LLP

/s/ Clay M. Steely
Clay M. Steely
State Bar No. 00791725
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6669
Facsimile: (713) 226-6269
csteely@porterhedges.com

Attorneys for Neighbors Health, LLC

6604868v1

**CERTIFICATE OF SERVICE**

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that on April 20, 2018, a true and correct copy of the foregoing instrument was served on all counsel of record by certified mail, return receipt requested or electronic service.

Simon W. Hendershot, III
Christy L. Martin
Beinjamin L. Hisey
Raymond L. Panneton
Hendershot, Cannot, Martin & Hisey, P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
trey@hcmhlaw.com
cmartin@hcmhlaw.com
bhisey@hcmhlaw.com
rpanneton@hcmhlaw.com

/s/ Clay M. Steely
Clay M. Steely

6604868v1

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

These objections apply to each discovery request propounded. All answers are subject to, qualified by, and limited by these objections without waiving such objections and/or any applicable privileges. Nothing contained in any answer herein will be deemed an admission, concession, or waiver by Neighbors as to the relevance, materiality or admissibility of any information disclosed in answers to discovery.

1. Neighbors objects to the Definitions and Instructions to the extent that they attempt to impose requirements outside the Texas Rules of Civil Procedure ("Rules").

2. Neighbors objects to the Definitions and Instructions to the extent they seek information protected by the attorney-client or work-product privileges.

3. Neighbors objects to the Definitions and Instructions to the extent they seek information not properly limited in time and scope.

4. Neighbors objects to the Definitions and Instructions to the extent they define words beyond their ordinary meaning.

## GENERAL RESERVATIONS

1. Neighbors submits these answers without waiving any right to supplement, change, or otherwise clarify or alter the objections and answers.

2. Neighbors expressly does not waive any objections as to the admissibility of the documents and answers provided in response to Plaintiff's discovery.

3. The inadvertent production of privileged information or documents shall not be deemed a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce true and correct copies of all profit and loss statements for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

### RESPONSE:

Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Additionally, Defendant objects to this request as it seeks confidential and proprietary information. Subject to the foregoing, Defendant will make relevant responsive documents available for inspection and copying at the offices of Porter Hedges LLP at a mutually reasonable time under a protective order/agreement.

### REQUEST FOR PRODUCTION NO. 2:

Produce true and correct copies of all profit and loss statements for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

### RESPONSE:

See objections and response to Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 3:

Produce true and correct copies of all bank statements, including without limitation withdrawals and deposits for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

### RESPONSE:

See objections and response to Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 4:

Produce true and correct copies of all bank statements, including without limitation withdrawals and deposits for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

### RESPONSE:

See objections and response to Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 5:

Produce a true and correct copy of any Quickbooks database, or other accounting software used, in native file format for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 6:

Produce a true and correct copy of any Quickbooks database, or other accounting software used, in native file format for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 7:

Produce true and correct copies of all electronic funds transfer records identifying all "Intercompany Transfers" or "Intercompany Advances" from NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 8:

Produce true and correct copies of all electronic funds transfer records identifying all "Intercompany Transfers" or "Intercompany Advances" from NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 9:

Produce true and correct copies of all financial statements detailing operational expenses, including without limitation all administrative costs, medical supply costs, payroll costs and leases for NEC Zaragoza Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 10:

Produce true and correct copies of all financial statements detailing operational expenses, including without limitation all administrative costs, medical supply costs, payroll costs and leases for NEC Eastside Emergency Center, LP from January 1, 2016 to the Present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## Proof of Submission

Submission ID: 24061594
Submission Date and Time: 04/20/18 04:49 PM CDST



### Case Information

Case Title: INFINITY EMERGENCY MANAGEMENT GROUP LLC v NEIGHBORS
HEALTH SYSTEM INC
Jurisdiction: Harris County - 269th Civil District Court
Case Category: Civil - Contract
Case Type: Debt/Contract - Fraud/Misrepresentation

Client ID: 015202-0003/cms
Cause No: 201773050
Attorney: Clay M Steely
Filer: Stephanie A Jennings
Payment Account: FileTime Platinum

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff / Petitioner / Old Name | INFINITY EMERGENCY MANAGEMENT GROUP LLC | No |
| Defendant / Respondent | NEIGHBORS HEALTH SYSTEM INC | Yes |
| Defendant / Respondent | NEIGHBORS HEALTH LLC | Yes |
| Defendant / Respondent | NEIGHBORS INVESTMENT GROUP LLC | No |
| Defendant / Respondent | NEIGHBORS GP LLC | Yes |
| Defendant / Respondent | PATEL, SETUL G (MD) | No |
| Defendant / Respondent | ALLEYNE, PAUL (MD) | No |
| Defendant / Respondent | CHANG, MICHAEL (MD) | No |
| Defendant / Respondent | CHEN, ANDY (MD) | No |
| Defendant / Respondent | GILLMAN, CYRIL (MD) | No |
| Defendant / Respondent | HENDERSON, QUANG (MD) | No |
| Defendant / Respondent | PATEL, DHARMESH (MD) | No |
| Defendant / Respondent | PATEL, HITESH (MD) | No |
| Registered Agent | NEIGHBORS HEALTH SYSTEM INC CAN BE SERVED THROUGH ITS REGISTERED | No |
| Registered Agent | NEIGHBORS HEALTH LLC CAN BE SERVED THROUGH ITS REGISTERED AGENT | No |
| Registered Agent | NEIGHBORS INVESTMENT GROUP LLC CAN BE SERVED THROUGH ITS REGISTERED | No |
| Registered Agent | NEIGHBORS GP LLC CAN BE SERVED THROUGH ITS REGISTERED AGENT | No |

### Fees Breakdown

**Court Fees**

| | |
|---|---|
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |
| Total Court Fees | $0.00 |

**Submission Fees**

| | |
|---|---|
| eFiling Manager Convenience Fee | $0.14 |
| FileTime Service Fee | $4.99 |
| Sales Tax on FileTime Fee | $0.41 |
| Total Submission Fees | $5.55 |
| Total Fees for this Submission | $5.54 |

### Credit Card Information Breakdown

Your credit card statement will show:
Pleading

| | |
|---|---|
| Jurisdiction (TXEFILE) | $-0.01 |
| eFiling Manager (Tyler (TX)file Conv Fee) | $5.55 |

### Notes

The above fees are estimates only and are subject to change
after clerk review. You should not use this page for billing
purposes. Your firm eFiling Administrator should run a billing
report under Admin > Reports.

### Filings

Filing Type: eServe

| Filing | Documents | | |
|---|---|---|---|
| Service Only | Document | Type | Security |
| | Neighbors Health Answers to Interrogatories.pdf | Lead Document | Administrative Writs |

Filing Comments: Neighbors Health Answers to Infinity Interrogatories

| Filing | Documents | | |
|---|---|---|---|
| Service Only | Document | Type | Security |
| | Neighbors GP Responses to Infinity RFP.pdf | Lead Document | Administrative Writs |

Filing Comments: Neighbors GP Responses to Infinity Request for Production

### Service Contacts

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| John Higgins | Porter Hedges LLP | NEIGHBORS HEALTH SYSTEM INC | jhiggins@porterhedges.com |
| Clay Steely | Porter Hedges LLP | NEIGHBORS HEALTH LLC | csteely@porterhedges.com |

### Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Raymond Panneton | Hendershot, Cannon, Martin & Hisey, PC | INFINITY EMERGENCY MANAGEMENT GROUP LLC | rpanneton@hcmhlaw.com |
| Simon W. Hendershot | Hendershot, Cannon, Martin & Hisey, P.C. | INFINITY EMERGENCY MANAGEMENT GROUP LLC | trey@hcmhlaw.com |

| Name | Firm Name | Case Party | Email |
|------|-----------|------------|-------|
| Benjamin Hisey | | N/A | bhisey@jhcmhlaw.com |

© 2018 FileTime. All rights reserved.

CAUSE NO. 2017-73050

| | | |
|---|---|---|
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC | § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HARRIS COUNTY, TEXAS |
| NEIGHBORS HEALTH SYSTEM, INC., NEIGHBORS HEALTH, LLC, NEIGHBORS INVESTMENT GROUP, LLC, NEIGHBORS GP, LLC, SETUL G. PATEL, M.D., PAUL ALLEYNE, M.D., MICHAEL CHANG, M.D., ANDY CHEN, M.D., CYRIL GILLMAN, M.D., QUANG HENDERSON, M.D., DHARMESH PATEL, M.D., AND HITESH PATEL, M.D. | § § § § § § § § § § § § § | 269TH JUDICIAL DISTRICT |

### DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendants Neighbors Health System, Inc. and Neighbors Health, LLC ("Neighbors" or

"Defendants") serve these objections and answers to Plaintiff Infinity Emergency Management

Group, LLC's ("Plaintiff" or "Infinity") interrogatories.

Respectfully submitted,

PORTER HEDGES LLP

/s/ Clay M. Steely
Clay M. Steely
State Bar No. 00791725
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6669
Facsimile: (713) 226-6269
csteely@porterhedges.com

Attorneys for Neighbors Health, LLC

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that on April 20, 2018, a true and correct copy of the foregoing instrument was served on all counsel of record by certified mail, return receipt requested or electronic service.

Simon W. Hendershot, III
Christy L. Martin
Beinjamin L. Hisey
Raymond L. Panneton
Hendershot, Cannot, Martin & Hisey, P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
trey@hcmhlaw.com
cmartin@hcmhlaw.com
bhisey@hcmhlaw.com
rpanneton@hcmhlaw.com

*/s/ Clay M. Steely*

Clay M. Steely

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

These objections apply to each discovery request propounded. All answers are subject to, qualified by, and limited by these objections without waiving such objections and/or any applicable privileges. Nothing contained in any answer herein will be deemed an admission, concession, or waiver by Neighbors as to the relevance, materiality or admissibility of any information disclosed in answers to discovery.

1. Neighbors objects to the Definitions and Instructions to the extent that they attempt to impose requirements outside the Texas Rules of Civil Procedure ("Rules").

2. Neighbors objects to the Definitions and Instructions to the extent they seek information protected by the attorney-client or work-product privileges.

3. Neighbors objects to the Definitions and Instructions to the extent they seek information not properly limited in time and scope.

4. Neighbors objects to the Definitions and Instructions to the extent they define words beyond their ordinary meaning.

## GENERAL RESERVATIONS

1. Neighbors submits these answers without waiving any right to supplement, change, or otherwise clarify or alter the objections and answers.

2. Neighbors expressly does not waive any objections as to the admissibility of the documents and answers provided in response to Plaintiff's discovery.

3. The inadvertent production of privileged information or documents shall not be deemed a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1:

Identify with particularity the factual basis for your authority to make "Intercompany Transfers" or "Intercompany Advances" from the Series Property of Series 115 Zaragoza and Series 114 Eastside.

### ANSWER:

Defendants object to this interrogatory as it is overly broad, unduly burdensome, seeks a legal conclusion and seeks to have Defendants marshal all their proof. Subject to the foregoing, see the corporate documents surrounding Series 115 and Series 114.

### INTERROGATORY NO. 2:

Identify with particularity all "Intercompany Transfers" or "Intercompany Advances" made from the Series Property of Series 115 Zaragoza and Series 114 Eastside, including the amounts transferred/advanced, the date the transfer/advance was made and the recipient of the transfer/advance from January 1, 2016 to the present.

### ANSWER:

See objections and answer to Interrogatory No. 1.

4

FileTime - Proof of Submission

## Proof of Submission

Submission ID: 24061594
Submission Date and Time: 04/20/18 04:49 PM CDST



### Case Information

Case Title: INFINITY EMERGENCY MANAGEMENT GROUP LLC v NEIGHBORS HEALTH SYSTEM INC

Jurisdiction: Harris County - 260th Civil District Court

Case Category: Civil - Contract

Case Type: Debt/Contract - Fraud/Misrepresentation

Client ID: 013202-0003/cms

Cause No: 201773636

Attorney: Clay M Steely

Filer: Stephanie A Jennings

Payment Account: FileTime Platinum

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff / Petitioner / Old Name | INFINITY EMERGENCY MANAGEMENT GROUP LLC | No |
| Defendant / Respondent | NEIGHBORS HEALTH SYSTEM INC | Yes |
| Defendant / Respondent | NEIGHBORS HEALTH LLC | Yes |
| Defendant / Respondent | NEIGHBORS INVESTMENT GROUP LLC | No |
| Defendant / Respondent | NEIGHBORS GP LLC | Yes |
| Defendant / Respondent | PATEL, SETUL G (MD) | No |
| Defendant / Respondent | ALLEYNE, PAUL (MD) | No |
| Defendant / Respondent | CHANG, MICHAEL (MD) | No |
| Defendant / Respondent | CHEN, ANDY (MD) | No |
| Defendant / Respondent | GILLMAN, CYRIL (MD) | No |
| Defendant / Respondent | HENDERSON, QUANG (MD) | No |
| Defendant / Respondent | PATEL, DHARMESH (MD) | No |
| Defendant / Respondent | PATEL, HITESH (MD) | No |
| Registered Agent | NEIGHBORS HEALTH SYSTEM INC CAN BE SERVED THROUGH ITS REGISTERED | No |
| Registered Agent | NEIGHBORS HEALTH LLC CAN BE SERVED THROUGH ITS REGISTERED AGENT | No |
| Registered Agent | NEIGHBORS INVESTMENT GROUP LLC CAN BE SERVED THROUGH ITS REGISTERED | No |
| Registered Agent | NEIGHBORS GP LLC CAN BE SERVED THROUGH ITS REGISTERED AGENT | No |

### Fillings

Filing Type: eServe

| Filing | Documents | | |
|---|---|---|---|
| Service Only | Document | Type | Security |
| | Neighbors Health Answers to Interrogatories.pdf | Lead Document | Administrative Writs |

Filing Comments: Neighbors Health Answers to Infinity Interrogatories

| Service Only | Document | Type | Security |
|---|---|---|---|
| | Neighbors GP Responses to Infinity RFP.pdf | Lead Document | Administrative Writs |

Filing Comments: Neighbors GP Responses to Infinity Request for Production

### Service Contacts

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| John Higgins | Porter Hedges LLP | NEIGHBORS HEALTH SYSTEM INC | jhiggins@porterhedges.com |
| Clay Steely | Porter Hedges LLP | NEIGHBORS HEALTH LLC | csteely@porterhedges.com |

### Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Raymond Panneton | Hendershot, Cannon, Martin & Hisey, PC | INFINITY EMERGENCY MANAGEMENT GROUP LLC | rpanneton@hcmnlaw.com |
| Simon W. Hendershot | Hendershot, Cannon, Martin & Hisey, P.C. | INFINITY EMERGENCY MANAGEMENT GROUP LLC | trey@hcmnlaw.com |

### Fees Breakdown

#### Court Fees

| | |
|---|---|
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |
| Total Court Fees | $0.00 |

#### Submission Fees

| | |
|---|---|
| eFiling Manager Convenience Fee | $0.14 |
| FileTime Service Fee | $4.99 |
| Sales Tax on FileTime Fee | $0.41 |
| Total Submission Fees | $5.55 |
| Total Fees for this Submission | $5.54 |

### Credit Card Information Breakdown

Your credit card statement will show:
Pleading

| | |
|---|---|
| Jurisdiction (TXEFILE) | $-0.01 |
| eFiling Manager (Tyler (TX)file Conv Fee) | $5.55 |

### Notes

The above fees are estimates only and are subject to change after clerk review. You should not use this page for billing purposes. Your firm eFiling Administrator should run a billing report under Admin > Reports.

Case 18-33836   Document 501-7   Filed in TXSB on 09/19/18   Page 59 of 96

| Name | Firm Name | Case Party | Email |
|------|-----------|-----------|-------|
| Benjamin Hisey | | N/A | bhisey@jhcmhlaw.com |

© 2018 FileTime. All rights reserved.

# EXHIBIT C1

CAUSE NO. 2017-73050

| | | |
|---|---|---|
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NEIGHBORS HEALTH SYSTEM, INC., NEIGHBORS HEALTH, LLC, NEIGHBORS INVESTMENT GROUP, LLC, NEIGHBORS GP, LLC, SETUL G. PATEL, M.D., PAUL ALLEYNE, M.D., MICHAEL CHANG, M.D., ANDY CHEN, M.D., CYRIL GILLMAN, M.D., QUANG HENDERSON, M.D., DHARMESH PATEL, M.D., AND HITESH PATEL, M.D. | § | 269TH JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant Neighbors Health, LLC ("Neighbors" or "Defendant") serves these objections and responses to Plaintiff Infinity Emergency Management Group, LLC's ("Plaintiff" or "Infinity") request for production.

Respectfully submitted,

PORTER HEDGES LLP

*/s/ Clay M. Steely*
Clay M. Steely
State Bar No. 00791725
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6669
Facsimile: (713) 226-6269
csteely@porterhedges.com

Attorneys for Neighbors Health, LLC

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that on May 11, 2018, a true and correct copy of the foregoing instrument was served on all counsel of record by certified mail, return receipt requested or electronic service.

Simon W. Hendershot, III
Christy L. Martin
Beinjamin L. Hisey
Raymond L. Panneton
Hendershot, Cannot, Martin & Hisey, P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
trey@hcmhlaw.com
cmartin@hcmhlaw.com
bhisey@hcmhlaw.com
rpanneton@hcmhlaw.com

*/s/ Clay M. Steely*
Clay M. Steely

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

These objections apply to each discovery request propounded. All answers are subject to, qualified by, and limited by these objections without waiving such objections and/or any applicable privileges. Nothing contained in any answer herein will be deemed an admission, concession, or waiver by Neighbors as to the relevance, materiality or admissibility of any information disclosed in answers to discovery.

1. Neighbors objects to the Definitions and Instructions to the extent that they attempt to impose requirements outside the Texas Rules of Civil Procedure ("Rules").

2. Neighbors objects to the Definitions and Instructions to the extent they seek information protected by the attorney-client or work-product privileges.

3. Neighbors objects to the Definitions and Instructions to the extent they seek information not properly limited in time and scope.

4. Neighbors objects to the Definitions and Instructions to the extent they define words beyond their ordinary meaning.

## GENERAL RESERVATIONS

1. Neighbors submits these answers without waiving any right to supplement, change, or otherwise clarify or alter the objections and answers.

2. Neighbors expressly does not waive any objections as to the admissibility of the documents and answers provided in response to Plaintiff's discovery.

3. The inadvertent production of privileged information or documents shall not be deemed a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Business of Series 114 Eastside.

### RESPONSE:

Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Additionally, Defendant objects to this request as it seeks confidential and proprietary information. Subject to the foregoing, Defendant will make relevant responsive documents available for inspection and copying at the offices of Porter Hedges LLP at a mutually reasonable time under a protective order/agreement.

### REQUEST FOR PRODUCTION NO. 2:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Business of Series 115 Zaragoza.

### RESPONSE:

See objections and response to Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 3:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Property of Series 114 Eastside.

### RESPONSE:

See objections and response to Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 4:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the Series Property of Series 115 Zaragoza.

### RESPONSE:

See objections and response to Request for Production No. 1.

4

**REQUEST FOR PRODUCTION NO. 5:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the distributions to Plaintiff from the Series Business of Series 114 Eastside.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 6:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the distributions to Plaintiff from the Series Business of Series 115 Zaragoza.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 7:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decision made to create any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 8:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any third-party lender or financial institution from January 1, 2014 to the present concerning the decision made to create any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 9:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any third-party lender or

5

financial institution from January 1, 2014 to the present concerning the financing of any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 10:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any third-party lender or financial institution from January 1, 2014 to the present concerning the financing of any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 11:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decision made to close any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 12:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the financial condition of any Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

## REQUEST FOR PRODUCTION NO. 13:

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 114 Eastside to fund any other Series of NHS Emergency Centers, LLC.

6

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 14:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 115 Zaragoza to fund any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 15:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 114 Eastside to pay any debts or obligations of any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 16:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to use the revenue or Series Property of Series 115 Zaragoza to pay any debts or obligations of any other Series of NHS Emergency Centers, LLC.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 17:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to close Series 114 Eastside.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 18:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to pay distributions to Plaintiff based on Series Business and Series Property of Series 114 Eastside.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 19:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any other defendant to this dispute from January 1, 2014 to the present concerning the decisions made to pay distributions to Plaintiff based on Series Business and Series Property of Series 115 Zaragoza.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 20:**

Produce true and correct copies of all draft and executed company agreements or operating agreements along with copies of corporate documents evidencing the members and managers of Neighbors Health, LLC.

**RESPONSE:**

Defendant objects to this request because it is compound. Subject to the foregoing, Defendant is unaware of any draft company agreements. For the executed company agreements, they are attached to Plaintiff's pleadings.

**REQUEST FOR PRODUCTION NO. 21:**

Produce true and correct copies of all meeting minutes of Neighbors Health, LLC from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

6602922v1

Case 18-33836   Document 501-7   Filed in TXSB on 09/19/18   Page 69 of 96

**REQUEST FOR PRODUCTION NO. 22:**

Produce true and correct copies of all consents in lieu of meeting for Neighbors Health, LLC from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 23:**

Produce true and correct copies of all consents in lieu of meeting for Neighbors Health, LLC from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 24:**

Produce true and correct copies of all financial documents of Neighbors Health, LLC from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 25:**

Produce true and correct copies of all financial documents of Neighbors Health, LLC from January 1, 2014 to the present to include without limitation bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 26:**

Produce true and correct copies of all documents and information requests received by Neighbors Health, LLC from any lender group or financial institution regarding additional financing of any Series from January 1, 2014 to the present.

6602922v1

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 27:**

Produce true and correct copies of all documents and information produced as a result of the requests identified in Request 26 above.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 28:**

Produce true and correct copies of all communications by and among all officers, directors, members and managers of Neighbors Health, LLC and any employee of Houlihan Lokey from October 1, 2017 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 29:**

Produce true and correct copies of all documentation evidencing the transfer of any revenue or Series Property of Series 114 Eastside to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, see attached Exhibit A.

**REQUEST FOR PRODUCTION NO. 30:**

Produce true and correct copies of all documentation evidencing the transfer of any revenue or Series Property of Series 115 Zaragoza to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, see attached Exhibit A.

10

**REQUEST FOR PRODUCTION NO. 31:**

Produce true and correct copies of all documentation evidencing the total amount of any transfers of any revenue or Series Property of Series 114 Eastside to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, see attached Exhibit A.

**REQUEST FOR PRODUCTION NO. 32:**

Produce true and correct copies of all documentation evidencing the total amount of any transfers of any revenue or Series Property of Series 115 Zaragoza to any other Series of NHS Emergency Centers, LLC including any amounts transferred, how it was transferred, how the transfer was approved and what Series received the transfer from January 1, 2014 to the present.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, see attached Exhibit A.

**REQUEST FOR PRODUCTION NO. 33:**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for Series 114 Eastside from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, Defendant has already made certain financial information available. If Plaintiff indicates what particular financial information it is interested in, it will be provided.

**REQUEST FOR PRODUCTION NO. 34:**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for Series 115 Zaragoza from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, Defendant has already made certain financial information available. If Plaintiff indicates what particular financial information it is interested in, it will be provided.

**REQUEST FOR PRODUCTION NO. 35:**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for NEC Eastside Emergency Center, LP from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, Defendant has already made certain financial information available. If Plaintiff indicates what particular financial information it is interested in, it will be provided.

**REQUEST FOR PRODUCTION NO. 36:**

Produce true and correct copies of all financial documents Neighbors Health, LLC maintains for NEC Eastside Emergency Center, LP from January 1, 2014 to the present to include without limitation Tax returns (both state and federal) bank statements, account ledgers, accounts receivable, accounts payable, credit card statements, general ledgers along with a true and correct copy of Quickbooks or other financial software used by Neighbors Health, LLC in native file format.

**RESPONSE:**

See objections and response to Request for Production No. 1. Subject to the foregoing, Defendant has already made certain financial information available. If Plaintiff indicates what particular financial information it is interested in, it will be provided.

CAUSE NO. 2017-73050

| | | |
|---|---|---|
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC | § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § § | HARRIS COUNTY, TEXAS |
| NEIGHBORS HEALTH SYSTEM, INC., NEIGHBORS HEALTH, LLC, NEIGHBORS INVESTMENT GROUP, LLC, NEIGHBORS GP, LLC, SETUL G. PATEL, M.D., PAUL ALLEYNE, M.D., MICHAEL CHANG, M.D., ANDY CHEN, M.D., CYRIL GILLMAN, M.D., QUANG HENDERSON, M.D., DHARMESH PATEL, M.D., AND HITESH PATEL, M.D. | § § § § § § § § § § § § § | 269TH JUDICIAL DISTRICT |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Neighbors Health, LLC ("Neighbors" or "Defendant") serves these objections and answers to Plaintiff Infinity Emergency Management Group, LLC's ("Plaintiff" or "Infinity") interrogatories.

Respectfully submitted,

PORTER HEDGES LLP

/s/ *Clay M. Steely*
Clay M. Steely
State Bar No. 00791725
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6669
Facsimile: (713) 226-6269
csteely@porterhedges.com

Attorneys for Neighbors Health, LLC

**CERTIFICATE OF SERVICE**

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that on May 11, 2018, a true and correct copy of the foregoing instrument was served on all counsel of record by certified mail, return receipt requested or electronic service.

Simon W. Hendershot, III
Christy L. Martin
Beinjamin L. Hisey
Raymond L. Panneton
Hendershot, Cannot, Martin & Hisey, P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
trey@hcmhlaw.com
cmartin@hcmhlaw.com
bhisey@hcmhlaw.com
rpanneton@hcmhlaw.com

/s/ Clay M. Steely
Clay M. Steely

6602843v1

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

These objections apply to each discovery request propounded. All answers are subject to, qualified by, and limited by these objections without waiving such objections and/or any applicable privileges. Nothing contained in any answer herein will be deemed an admission, concession, or waiver by Neighbors as to the relevance, materiality or admissibility of any information disclosed in answers to discovery.

1. Neighbors objects to the Definitions and Instructions to the extent that they attempt to impose requirements outside the Texas Rules of Civil Procedure ("Rules").

2. Neighbors objects to the Definitions and Instructions to the extent they seek information protected by the attorney-client or work-product privileges.

3. Neighbors objects to the Definitions and Instructions to the extent they seek information not properly limited in time and scope.

4. Neighbors objects to the Definitions and Instructions to the extent they define words beyond their ordinary meaning.

## GENERAL RESERVATIONS

1. Neighbors submits these answers without waiving any right to supplement, change, or otherwise clarify or alter the objections and answers.

2. Neighbors expressly does not waive any objections as to the admissibility of the documents and answers provided in response to Plaintiff's discovery.

3. The inadvertent production of privileged information or documents shall not be deemed a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe with specificity what actions you took to hold the Series Property of Series 114 Eastside in trust for Series Members as required in Section 2.09 of the Operating Agreement of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

Defendants object to this interrogatory as it is overly broad, unduly burdensome, seeks a legal conclusion and seeks to have Defendants marshal all their proof. Subject to the foregoing, see the corporate documents surrounding Series 115 and Series 114.

**INTERROGATORY NO. 2:**

Describe with specificity what actions you took to hold the Series Property of Series 115 Zaragoza in trust for Series Members as required in Section 2.09 of the Operating Agreement of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

See objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Describe with specificity how you determined what Series Property of Series 114 Eastside to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

See objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

Describe with specificity how you determined what Series Property of Series 115 Zaragoza to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

See objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Describe with specificity how you determined what revenue of NEC Eastside Emergency Center, LP to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

See objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 6:**

Describe with specificity how you determined what revenue of NEC Zaragoza Emergency Center, LP to direct to other Series and/or business interests of NHS Emergency Centers, LLC from January 2014 to present.

**RESPONSE:**

See objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

Identify with specificity all Series Property that you diverted from Series 114 Eastside to any other Series and/or business interest of NHS Emergency Centers, LLC including the date of any transfer, the amount of any transfer and the recipient of any transfer from January 2014 to present.

**RESPONSE:**

See attached Exhibit A.

**INTERROGATORY NO. 8:**

Identify with specificity all Series Property that you diverted from Series 115 Zaragoza to any other Series and/or business interest of NHS Emergency Centers, LLC including the date of any transfer, the amount of any transfer and the recipient of any transfer from January 2014 to present.

**RESPONSE:**

See attached Exhibit A.

# EXHIBIT D

**HENDERSHOT, CANNON & HISEY P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
1800 BERING DRIVE, STE. 600
HOUSTON, TEXAS 77057
TELEPHONE (713) 783-3110
FAX: (713) 783-2809

SIMON W. HENDERSHOT, III

April 23, 2018

*Via Email: csteely@porterhedges.com*

Clay Steely
Porter Hedges, LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002

      RE:    Notice of Deficiency to Defendants' Responses to Plaintiff's Written Discovery and
             Request to Schedule Date for Inspection

Dear Mr. Steely:

      We are in receipt of Defendant's Responses to Plaintiff's Request for Production and Defendants'
Answers to Plaintiff's Interrogatories. First and foremost we note substantial deficiency in Defendants'
answers to Plaintiff's Interrogatories. Specifically, *"...see the corporate documents surrounding Series
115 and Series 114."* is not an adequate response to Interrogatory No. 1. Further, you answer
Interrogatory No. 2 by directing Plaintiff to the corporate documents surrounding Series 115 and Series
114. As Interrogatory No. 2 requests financial information, the corporate documents are likewise non-
responsive. We request that Defendants' amend their answers no later than 3:00 p.m. April 30, 2018 to
fully respond to the Interrogatories propounded.

      Given that the court in this case has already entered the parties' agreed protective order please
also provide a date and time agreeable to you (within the next 15 calendar days) for inspection and
copying of the documents you have identified that are responsive to Plaintiff's Request for Production.
Please provide that availability no later than 3:00 p.m. April 25, 2018.

      This correspondence does not constitute a waiver or release of any rights, remedies, causes of
action and/or defenses held by my clients. All such rights, remedies, causes of action and defenses are
hereby expressly reserved.

      Should you have any questions please do not hesitate to contact our office.

Sincerely,

Simon W. (Trey) Hendershot, III

SWH/blh
ltr.counsel.042318.docx

# EXHIBIT E

**HENDERSHOT, CANNON & HISEY P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
1800 BERING DRIVE, STE. 600
HOUSTON, TEXAS 77057
TELEPHONE (713) 783-3110
FAX: (713) 783-2809

BENJAMIN LOWELL HISEY

May 14, 2018

*Via Email: csteely@porterhedges.com*

Clay Steely
Porter Hedges, LLP
1000 Main Street, 36th Fl.
Houston, Texas 77002

    RE: Cause No. 2017-73050, *Infinity Emergency Management Group, LLC. v Neighbors Health System, Inc., et. al.*, in the 269th Judicial District Court of Harris County, Texas.

Mr. Steely:

   I am writing to follow up on two items: 1) Defendant's most recent responses to Plaintiff's written discovery; and 2) your April 25, 2018 email regarding Interrogatory 2.

   With respect to item 1, Defendant's May 11, 2018 responses in toto, are grossly deficient and equate to nothing more than gamesmanship and the denial of materials that Plaintiff is entitled to through the discovery process. Notwithstanding the foregoing, you have indicated in response to Request 1 that responsive documents will be made available for inspection and copying at your office. Please let me know no later than 3:00 p.m. Wednesday, May 16, 2018 whether the documents you are making available at your office are anything different than the materials you produced, May 11, 2018 (4406-4710). If they are please let me know a convenient time that we can have a copy service retrieve the documents for copying. Likewise if the materials you indicate are available for inspection and copying are nothing more than what you have already produced—then I would likewise appreciate confirmation of same by 3:00 p.m. Wednesday, May 16, 2018.

   Separately, do you have any update to Interrogatory 2, as referenced in your April 25, 2018 correspondence? If so, please supplement your prior answer by 3:00 p.m. Friday, May 18, 2018. Make no mistake, that while I want to make every effort to work through these discovery issues with you, Plaintiff is entitled to these materials and we will seek intervention from the court if necessary.

   This correspondence does not constitute a waiver or release of any rights, remedies, causes of action and/or defenses held by my clients. All such rights, remedies, causes of action and defenses are hereby expressly reserved.

   If you believe there is utility in discussing these issues over the phone please let me know your availability for a call. I look forward to hearing from you.

Sincerely,

Benjamin L. Hisey

BLH/blg
ltr.counsel.051418.docx

# EXHIBIT F

## Benjamin Hisey

| | |
|---|---|
| **From:** | Benjamin Hisey |
| **Sent:** | Wednesday, May 16, 2018 2:46 PM |
| **To:** | 'Steely, Clay M.'; Brandy Gregg |
| **Cc:** | Karina Garza |
| **Subject:** | RE: Infinity Emergency Management Group, LLC v. Neighbors Health System, Inc., et al |

Clay,

Let me know when you have some time tomorrow. I disagree with your email below and despite the production yesterday I believe your responses remain deficient as to the RFPs and the Interrogatories.

Thanks,

**Benjamin L. Hisey**
*Partner*



1800 Bering Drive, Suite 600
Houston, Texas 77057
T: (713) 783-3110
F: (713) 783-2809
www.hcmhlaw.com

**From:** Steely, Clay M. [mailto:CSteely@porterhedges.com]
**Sent:** Tuesday, May 15, 2018 3:33 PM
**To:** Brandy Gregg <bgregg@hchlawyers.com>; Benjamin Hisey <bhisey@hchlawyers.com>
**Subject:** Infinity Emergency Management Group, LLC v. Neighbors Health System, Inc., et al

Ben-

This should answer you 5-14 letter. Bates range for this production is NEIGHBORS_INFINITY004711-004756 (4 docs; 46 pages). If you need to discuss more lets set a time, say Thursday. It is my understanding Jermaine at Infinity has all financials in excel format by month since at least January 2016, so you/Infinity has everything on that front.

Regards,

Clay



**Clay M. Steely**
**Partner**
csteely@porterhedges.com

Porter Hedges LLP
1000 Main Street, 36th Fl.

1



t (713) 226-6669          Houston, Texas 77002
f (713) 226-6269          www.porterhedges.com

Bio  |  V-card  |  Website  |  LinkedIn ®

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it. Any distribution or other reproduction is strictly prohibited. Further, this communication and any attachments are not intended for use and cannot be used: (i) to avoid any penalties under the Internal Revenue Code or (ii) to promote, market or recommend to another party the tax consequences of any matter addressed herein and therein. Please contact us if you desire an opinion on such matters.

# EXHIBIT G

## Benjamin Hisey

| | |
|---|---|
| **From:** | Benjamin Hisey |
| **Sent:** | Tuesday, May 22, 2018 9:31 AM |
| **To:** | 'Steely, Clay M.'; Karina Garza |
| **Cc:** | Trey Hendershot; Katie Cowart; Ryan Bill |
| **Subject:** | Clarification to Written Discovery per 5/21/18 Conference |

Clay,

I appreciate you taking the time to work through the discovery yesterday. In furtherance of that call, below you will find my annotations to the discovery served by Plaintiff in an attempt to narrow the scope of the discovery issues. Once you have had a chance to review the annotations below please let me know if you have any questions.

October 30, 2017 Interrogatories

- It is my understanding that the Defendants will be amending their response to Interrogatory 2 to include the dates of transfers, the amounts of transfers, where the transfers were sent as well as who authorized the transfers.

May 11, 2018 Interrogatories

- Plaintiff will stand on Interrogatories 3-6 as drafted
  - o These questions go to the decision making process behind the Intercompany Transfers and how funds were earmarked for transfer to other Series, LPs or business ventures of Defendants

May 11, 2018 Requests for Production

- Requests 1 and 2
  - o Interested in communications among the officers, directors, members and managers of Neighbors Health, LLC and any other defendant to the Litigation
  - o Subject Matter
    - The business generated by NEC Zaragoza and NEC Eastside Emergency Centers and its profitability
    - How daily business decisions were made including who made them
    - Discussions/conversations regarding the financing of NEC Zaragoza and NEC Eastside Emergency Centers and the servicing of any debt allocated to those centers
    - Discussions/conversations regarding correspondence from any financing institution or lender group regarding the payment, acceleration or delinquency of any debt allocated to NEC Zaragoza and NEC Eastside Emergency Centers
    - Discussions/conversations regarding correspondence from any financing institution or lender group regarding the payment, acceleration or delinquency of any debt allocated to any other Emergency Center managed by Defendant and secured by the assets of NEC Zaragoza and NEC Eastside Emergency Centers
    - Discussions/conversations regarding the management of the assets of NEC Zaragoza and NEC Eastside Emergency Centers by the Manager
    - Discussions/conversations regarding the allocation of the revenue generated by NEC Zaragoza and NEC Eastside Emergency Centers to any other Emergency Center or business venture of Defendants

- ▪ Discussions/conversations regarding the distinction, if any, of revenue generated by NEC Zaragoza and NEC Eastside Emergency Centers and the determination of Series Property
- ▪ Discussions/conversations regarding the repayment of any Intercompany Advances to NEC Zaragoza and NEC Eastside Emergency Centers by any other Emergency Center managed by Defendant

- Requests 3 and 4
  - o Interested in communications among the officers, directors, members and managers of Neighbors Health, LLC and any other defendant to the Litigation
  - o Subject Matter
    - ▪ How Series Property was defined based on revenue generated by NEC Zaragoza and NEC Eastside Emergency Centers
    - ▪ How Series Property was allocated to the Series (114 and 115) and/or NHS Emergency Centers, LLC
    - ▪ Discussions/conversations regarding the movement of funds from NEC Zaragoza and NEC Eastside Emergency Centers to Series 114 and 115
    - ▪ Discussions/conversations regarding the repayment of any Intercompany Advances to Series 114 and 115 from any other Series managed by Defendant
    - ▪ Discussions/conversations regarding the diversion of the Series Property of Series 114 and 115 to any Series or Emergency Center other than Series 114 and 115

- Requests 5 and 6
  - o Interested in communications among the officers, directors, members and managers of Neighbors Health, LLC and any other defendant to the Litigation
  - o Subject Matter
    - ▪ How distribution amounts to Plaintiff were determined
    - ▪ How the timing of distributions to Plaintiff were determined
    - ▪ Discussions/conversations regarding the reductions or withholding of any distributions to Plaintiff
    - ▪ Discussions/conversations regarding the withholding of distributions to Plaintiff based on demands from any financing institution or lender group

- Request 7
  - o Interested in communications among the officers, directors, members and managers of Neighbors Health, LLC and any other defendant to the Litigation
  - o Subject Matter
    - ▪ Discussions/conversations regarding the decision to create any other Series of NHS Emergency Centers, LLC
    - ▪ Discussions/conversations regarding how any new Series and its Series Business would be financed or financially supported
    - ▪ Discussions/conversations of how new Series would be linked to new Emergency Centers

- Requests 8 and 9
  - o Interested in communications among the officers, directors, members and managers of Neighbors Health, LLC and any lender group or financial institution
  - o Subject Matter
    - ▪ Discussions/conversations with any lender group or financial institution concerning the creation of any new Series and associated Emergency Center
    - ▪ Discussions/Conversations how new Series will be owned/controlled
    - ▪ How any new Series and its Series Business will be financed
    - ▪ How the financing of any new Series and its Series business will be secured for the benefit of any lender group or financial institution

- Request 11
  - o Interested in communications among the officers, directors, members and managers of Neighbors Health, LLC and any other defendant to the Litigation
  - o Subject Matter
    - Discussions/conversations regarding the decision to close any Series of NHS Emergency Centers, LLC and its Series Business
    - Discussions/conversations regarding the decision to allocate the resources, finances and assets of any closed Series and Series Business to any other Series or Emergency Center managed by Defendant

- Request 21-23
  - o Subject Matter
    - Decisions, consents and corporate minutes pertaining to Series 114 and 115
    - Decisions, consents and corporate minutes pertaining to NEC Zaragoza and NEC Eastside Emergency Centers
    - Decisions, consents and corporate minutes pertaining to the creation of any new Series of NHS Emergency Centers, LLC
    - Decisions, consents and corporate minutes pertaining to the creation of any new Emergency Center managed by Defendant and linked to any Series of NHS Emergency Center, LLC
    - Decisions, consents and corporate minutes pertaining to Intercompany Advances directed to or coming from Series 114 or 115
    - Decisions, consents and corporate minutes pertaining to Intercompany Advances directed to or coming from NEC Zaragoza and NEC Eastside Emergency Centers
    - Decisions, consents and corporate minutes pertaining to the financing of any Series of NHS Emergency Centers, LLC or any Emergency Center linked to such Series

- Requests 24-25
  - o Plaintiff is requesting the Excel breakdown not just the .pdf forms
    - Zaragosa- Full year 2015 (Requesting Excel Detailed breakdown)
    - Edgemere- Full year 2015 (Requesting Excel Detailed breakdown)
    - Zaragosa- Full year 2017 (Requesting Excel Detailed breakdown)
    - Edgemere- Full year 2017 (Requesting Excel Detailed breakdown)

- Request 26 and 27
  - o How were Series 114 and 115 financed
  - o How was that financing secured
  - o How were NEC Zaragoza and NEC Eastside Emergency Centers involved in the financing/security
  - o Discussions/conversations with any lender group or financial institution regarding the security for any newly formed Series of NHS Emergency Centers, LLC or its Series Business
  - o Discussions/conversations with any lender group or financial institution regarding the collateralization of any other Series or Series Business to support the creation of any new Series or Emergency Center

Plaintiff reserves the right to amend/supplement these points. Plaintiff further reserves the right to address any request or interrogatory not explicitly identified here and the decision to not address such request or interrogatory here shall not constitute a waiver of Plaintiff's rights to those requests.

If you foresee a problem with Defendant's ability to produce documents pursuant to these requests by June 4, 2018 please let me know.

I look forward to hearing from you.

Sincerely,

**Benjamin L. Hisey**
*Partner*

 Hendershot
Cannon & Hisey, P.C.

1800 Bering Drive, Suite 600
Houston, Texas 77057
T: (713) 783-3110
F: (713) 783-2809
www.hcmhlaw.com

# EXHIBIT H

## Benjamin Hisey

| | |
|---|---|
| **From:** | Benjamin Hisey |
| **Sent:** | Monday, June 04, 2018 10:20 AM |
| **To:** | 'Steely, Clay M.' |
| **Cc:** | Trey Hendershot; Karina Garza; Katie Cowart; Ryan Bill |
| **Subject:** | Infinity v. Neighbors Discovery Search Terms |

Clay,

Below is an initial list of the custodians and search terms as we have discussed. Plaintiff does not represent that this is an exhaustive list and reserves the right to supplement these custodians and search terms as additional documents/materials are identified and produced. I also note from the May 31, 2018 correspondence from Jay Munisteri that Neighbors is taking the position that it is in the care, custody and control of responsive materials as they exist on the computers and phones of the custodians/parties identified below.

Once you have had a chance to review the terms below please let me know if you have any questions. I would ask that you begin providing documents in a rolling fashion as you have been doing previously in this matter. Please provide these materials as soon as possible but in any event no later than close of business, June 14, 2018.

**Custodians** (and derivations of their names)

- Setul G. Patel, M.D.,
- Paul Alleyne, M.D.,
- Michael Chang, M.D.,
- Andy Chen, M.D.,
- Cyril Gillman, M.D.,
- Quang Henderson, M.D.,
- Dharmesh Patel, M.D.,
- Hitesh Patel, M.D.
- John Decker
- Patrick Hilton
- Tensie Axton
- Chad Shandler

**Search Terms** (as they pertain to Zaragoza; Eastside; infinity Emergency Management Group; NEC Zaragoza Emergency Center; NEC Eastside Emergency Center and amongst the custodians as identified above)

These terms shall include their derivations. I have included some of those derivations here, though the list is not exhaustive.

- Intercompany Advance
    - Advances
    - Company Advances
    - Intercompany Loans
- Series Property
    - SP
- Series Business
    - SB

- Distributions
    - ○ Disbursements
    - ○ Dividends
- Closure of NEC Zaragoza Emergency Center
    - ○ Closure Zaragoza
    - ○ Zaragoza EC
    - ○ Closure NEC Zaragoza
- Neighbors Investment Group
    - ○ NIG
    - ○ Neighbors
- Neighbors Health
    - ○ NH
- Manager
- Cash Management
    - ○ Financial Management
- Notes Payable-Intercompany
    - ○ Notes
    - ○ Payments
    - ○ Debts
- Operating Profits
- "support newer facilities"
- Presentations
    - ○ To prospective investors
    - ○ PowerPoints

**Benjamin L. Hisey**
*Partner*



1800 Bering Drive, Suite 600
Houston, Texas 77057
T: (713) 783-3110
F: (713) 783-2809
www.hcmhlaw.com

# EXHIBIT I

ATTORNEYS AT LAW

1000 LOUISIANA STREET, SUITE 2000
HOUSTON, TX 77002-2099
713.276.5752 TEL
WWW.FOLEY.COM

WRITER'S DIRECT LINE
214.999.4734
jmunisteri@foley.com EMAIL

CLIENT/MATTER NUMBER
118879-0101

May 31, 2018

*Via Email*: bhisey@hchlawyers.com
trey@hchlawyers.com
Benjamin Hisey
HENDERSHOT, CANNON & HISEY P.C.
1800 Bering Drive, Ste. 600
Houston, Texas 77057

> Re:   Cause No. 2017-73050, *Infinity Emergency Management
> Group, LLC v. Neighbors Health System, Inc. et al.*, in the
> 269th Judicial District Court of Harris County, Texas:
> Discovery Conferral

Counsel:

As you acknowledge in your letter, our firm recently substituted as counsel for Drs. Michael Chang, Hitesh Patel, Andy Chen, and Quang Henerson (the "Doctors") in the above referenced matter. We have been diligently working to get up to speed in the case and address the discovery concerns raised in your letter. To that end, we attempted to image the Doctors' computers and cell phones (the "Devices") to search for relevant and responsive information. Neighbors Health System, Inc. ("Neighbors"), however, objected to our efforts to image and retrieve data contained on the Devices, citing HIPAA concerns. Neighbors claims that the Devices belong to Neighbors and the Doctors do not have permission, custody, or control over the data to image, preserve, and search for documents responsive to Plaintiff's discovery requests. Neighbors claims that any discovery request seeking documents or data from the Devices must be directed to Neighbors. Consequently, pursuant to Neighbors's demand, the Doctors have stopped imaging the Devices, and made arrangements to return all images of the Devices to Neighbors.

The Doctors believe that most, if not all, the documents or information responsive to Plaintiff's requests (to the extent any such documents exist) are on the Devices. The Doctors are, nevertheless, searching personal, private email accounts for responsive documents and intend to produce any responsive documents (to the extent any such documents exist) by the end of next week. The Doctors have searched for hard copy documents as well and have not identified any hard copy documents responsive to your requests as of the date of this letter. If the Doctors identify any hard copy documents, the Doctors will produce such documents as well.

| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TAMPA |
| BOSTON | HOUSTON | MIAMI | SAN DIEGO | WASHINGTON, D.C. |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN FRANCISCO | BRUSSELS |
| DALLAS | LOS ANGELES | NEW YORK | SILICON VALLEY | TOKYO |
| DENVER | MADISON | ORLANDO | TALLAHASSEE | |

# ▪FOLEY GARDERE
**FOLEY & LARDNER LLP**

May 31, 2018
Page 2

      I believe this fully addresses the concerns raised in your letter. If, however, you would like to further discuss any discovery issues, please let me know.

                Regards,

                */s/ Jay Munisteri*

                Jay Munisteri

JMT:

cc:    John Higgins   ***via email***
       Clay Steely    ***via email***