---

## LIQUIDATING TRUST AGREEMENT

by and among

The Liquidating Debtors

and

Tensie Axton, as Liquidating Trustee

---

Dated as of March 15, 2019

**EXHIBIT A**

# TABLE OF CONTENTS

**Page**

Article I. Establishment of the Liquidating Trust ............................................................... 2
    Section 1.1    Creation and Purpose of the Liquidating Trust ................................. 2
    Section 1.2    Declaration of Trust......................................................................... 2
    Section 1.3    Transfer and Vesting of Estate Assets ............................................ 3
    Section 1.4    Tax Returns...................................................................................... 3
    Section 1.5    Payment of Taxes Imposed on the Liquidating Trust or Its Assets.................. 3
    Section 1.6    Ownership and Control of Liquidating Trust Assets........................ 3

Article II. Liquidating Trustee ............................................................................................ 4
    Section 2.1    Appointment of Liquidating Trustee ............................................... 4
    Section 2.2    Fiduciary......................................................................................... 4
    Section 2.3    General Powers................................................................................ 4
    Section 2.4    Privilege.......................................................................................... 6
    Section 2.5    Books and Records .......................................................................... 7
    Section 2.6    Distributions ................................................................................... 7
    Section 2.7    Quarterly Receipts and Disbursements Reports .............................. 7
    Section 2.8    Retention of Attorneys, Accountants and Other Professionals ........ 7
    Section 2.9    Compensation of Liquidating Trustee and Professionals ................. 8
    Section 2.10    No Bond........................................................................................... 8
    Section 2.11    Insurance......................................................................................... 8
    Section 2.12    Resignation or Removal of Liquidating Trustee .............................. 8
    Section 2.13    Limitations on the Liquidating Trustee ........................................... 9

Article III. Successor Liquidating Trustees ........................................................................ 9
    Section 3.1    Appointment of Successor Liquidating Trustee ............................... 9

Article IV. Corporate Governance of the Liquidating Debtors .......................................... 10
    Section 4.1    Corporate Authority......................................................................... 10

Article V. Procedures for Resolving Disputed, Contingent  and Unliquidated Claims............... 10
    Section 5.1    Objections to Claims ....................................................................... 10

Article VI. Standard of Care; Limitations on Liability....................................................... 11
    Section 6.1    Indemnification; Exculpation .......................................................... 11
    Section 6.2    Limitation of Liability; Indemnification.......................................... 11
    Section 6.3    Reliance by Liquidating Trustee...................................................... 12
    Section 6.4    Conflicts of Interest ........................................................................ 12

Article VII. Taxes ............................................................................................................... 12
    Section 7.1    Income Tax Status ........................................................................... 12
    Section 7.2    Tax Identification Numbers............................................................. 12

Article VIII. Termination...................................................................................................... 13
    Section 8.1    Termination of the Liquidating Trust .............................................. 13

Section 8.2     Duration of Liquidating Trust.................................................................. 13
Section 8.3     Wind Down of Liquidating Trust .............................................................. 13

Article IX. Miscellaneous ............................................................................................... 13
Section 9.1     Governing Law; Submission to Jurisdiction; Consent to Service of Process.. 13
Section 9.2     Governing Document ................................................................................. 14
Section 9.3     Notices ...................................................................................................... 14
Section 9.4     Effectiveness............................................................................................. 14
Section 9.5     Exemption from Registration .................................................................... 15
Section 9.6     Counterparts.............................................................................................. 15
Section 9.7     Headings .................................................................................................... 15
Section 9.8     Interpretative Provisions ........................................................................... 15
Section 9.9     Severability ............................................................................................... 16
Section 9.10    No Suits by Creditors ................................................................................ 16
Section 9.11    Enforcement and Administration............................................................... 16
Section 9.12    Amendment ............................................................................................... 16
Section 9.13    Cooperation .............................................................................................. 16
Section 9.14    Entire Agreement...................................................................................... 16

6996452v8

## LIQUIDATING TRUST AGREEMENT

The Liquidating Trust Agreement (the "Agreement") is made this 15th day of March 2019, by and among Neighbors Legacy Holdings, Inc., Neighbors Global Holdings, LLC, Neighbors Health, LLC, NEC Bellaire Emergency Center, LP, NEC Kingwood Emergency Center, LP, NEC Baytown Emergency Center, LP, NEC Pasadena Emergency Center, LP, NEC Pearland Emergency Center, LP, NEC Lakeline Emergency Center, LP, NEC Beaumont Emergency Center, LP, NEC Mueller Emergency Center, LP, NEC Yorktown Emergency Center, LP, NEC Crosby Emergency Center, LP, NEC Orange Emergency Center, LP, NEC Midland Emergency Center, NEC Zaragoza Emergency Center, LP, NEC Tyler Emergency Center, LP, NEC Eastside Emergency Center, LP, NEC Port Arthur Emergency Center, LP, NEC Texas City Emergency Center, LP, NEC Odessa Emergency Center, LP, NEC Harlingen Emergency Center, LP, NEC Amarillo Emergency Center, LP, NEC Porter Emergency Center, LP, NEC Brownsville Emergency Center, LP, NEC McAllen Emergency Center, LP, NEC Wichita Falls Emergency Center, LP, NEC Longview Emergency Center, LP, NEC Texarkana Emergency Center, LP, NEC San Angelo Emergency Center, LP, NEC College Station Emergency Center, LP, NEC Lufkin Emergency Center, LP, NEC West Warwick Emergency Center, LP, NEC Lubbock Emergency Center, LP, NEC Greeley Emergency Center, LP, Next Door Urgent Care, LLC, NEC Paris Emergency Center, LP, NEC Kerrville Emergency Center, LP, NEC Amarillo South Emergency Center, LP, EDMG, LLC, Neighbors Emergency Center, LLC, Neighbors GP, LLC, Neighbors Physician Group, PLLC, Neighbors Practice Management, LLC, Neighbors Physician Group – Colorado, LLC, NEC Pharr Emergency Center, LP, NEC Kingwood Asset Holdings, LLC, NEC Baytown Asset Holdings, LLC, NEC Pearland Asset Holdings, LLC, NEC Beaumont Asset Holdings, LLC (each a "Liquidating Debtor" and collectively, the "Liquidating Debtors") and Tensie Axton (the "Liquidating Trustee") in accordance with that certain *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as may be amended or modified, the "Plan"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

## RECITALS

**WHEREAS**, on the Petition Date,[1] Neighbors Legacy Holdings, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

**WHEREAS**, on February 20, 2019, the Debtors filed their Plan at Docket No. 772;

**WHEREAS**, this Agreement provides for the establishment of a Liquidating Trust pursuant to the Plan;[2]

**WHEREAS**, the Liquidating Trust is created on behalf of, and for the sole benefit of, certain holders of Allowed Claims and Interests (other than Class 4 Claims) that may receive

---

[1] Terms not defined herein shall be defined by the Plan.

[2] The Plan additionally provides for the establishment of the Unsecured Creditor Trust, pursuant to the Unsecured Creditor Trust Agreement, which is and shall remain separate from the Liquidating Trust.

distributions from the Liquidating Trust, or that retain a residual interest in the Liquidating Trust, pursuant to, and to the extent specified in, the Plan (including any permitted successor record holders thereof, collectively the "Liquidating Trust Beneficiaries"); and

**WHEREAS**, the Liquidating Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and, as such, as a "grantor trust" for United States federal income tax purposes, with the Liquidating Trust Beneficiaries (other than the United States or any agency or department thereof, or any officer or employee thereof acting in such capacity) treated as the grantors and owners of the Liquidating Trust.

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Liquidating Debtors and the Liquidating Trustee agree as follows:

## Article I.

### Establishment of the Liquidating Trust

Section 1.1    <u>Creation and Purpose of the Liquidating Trust</u>.    The Debtors, through their Plan, created the Liquidating Trust for the primary purpose of liquidating and distributing the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with the Plan, the Confirmation Order, and applicable tax statutes, rules, and regulations, and in an expeditious but orderly manner, with no objective to continue or engage in the conduct of a trade or business. In particular, and without limiting any provisions hereof, the Liquidating Trustee shall (a) receive, manage, invest, supervise, and protect the Liquidating Trust Assets; (b) supervise the receipt, deposit, and reconciliation of accounts receivable, including any payment to Purchasers, including the ability to enforce any applicable Purchase Agreement or Transition Services Agreement; (c) reasonably cooperate to provide the Purchasers with information relevant to the Purchasers' collection of accounts receivable; (d) administer any of the Debtors' employee claims under the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") (e) pay taxes and other obligations incurred by the Liquidating Trust; (f) prepare and file all required federal, state, and local tax returns, as applicable, for the Debtors and issue corresponding K-1s; (g) retain and compensate, without further order of the Bankruptcy Court, the services of employees, professionals, and consultants to advise and assist the Liquidating Trustee; (h) calculate and implement Distributions to be made under the Plan to Holders of Claims, other than Class 4 Claims, including Administrative Claims and Priority Claims; (i) reconcile, object to and resolve issues involving all Claims, other than Class 4 Claims; and (j) undertake all administrative functions of the Chapter 11 Cases that are not granted to the Unsecured Creditor Trustee, including the ultimate closing of the Chapter 11 Cases.

Section 1.2    <u>Declaration of Trust</u>.    In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Liquidating Debtors and the Liquidating Trustee have executed this Agreement and, effective on the Effective Date, the Liquidating Debtors hereby irrevocably transfer to the Liquidating Trust, all right, title, and interests of the Liquidating Debtors in and to the Liquidating Trust Assets, to have and to hold unto the Liquidating Trust and its successors and assigns forever, under and subject to the terms of the Plan and the Confirmation Order for the benefit of the Liquidating Trust Beneficiaries and

their permitted successors and assigns as provided for in this Agreement and in the Plan and Confirmation Order.

Section 1.3     Transfer and Vesting of Estate Assets.  On the Effective Date, pursuant to the terms of the Plan, the Liquidating Trust Assets, including all such assets held or controlled by third parties, if any, shall be vested in the Liquidating Trust, which also shall, without limiting any of the other provisions hereof, own and be authorized to obtain, liquidate, and collect all of the Liquidating Trust Assets in the possession of third parties, if any, and make distributions thereof to Liquidating Trust Beneficiaries. The permits, licenses, regulatory authorizations, approvals, and any other asset or attribute necessary to comply with the Debtors' duties under the Transition Services Agreements will be retained by the Liquidating Debtors and not transferred to the Liquidating Trust. All Liquidating Trust Assets shall be transferred and delivered to the Liquidating Trust free and clear of interests, Claims, Liens, or other encumbrances of any kind to the extent provided for under the Plan and the Confirmation Order. The Liquidating Trustee shall have no duty to arrange for any of the transfers contemplated hereunder or by the Plan or to ensure their compliance with the terms of the Plan and the Confirmation Order, and shall be conclusively entitled to rely on the legality and validity of such transfers as made by or on behalf of the Liquidating Debtors.

Section 1.4     Tax Returns.  The Liquidating Trustee shall prepare and provide, or file with, the appropriate taxing authorities and other parties such notices, tax returns, and other filings, including all federal, state and local tax returns for the Debtors and for the Liquidating Trust and the Liquidating Debtors, as may be required under the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code") or other applicable law, including if so required, notices required to report interest or dividend income. The Liquidating Trust may provide Liquidating Trust Beneficiaries with a copy of the Form 1041 for the Liquidating Trust (without attaching any other Liquidating Trust Beneficiary's Schedule K-1 or other applicable information form) along with such Liquidating Trust Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement.

Section 1.5     Payment of Taxes Imposed on the Liquidating Trust or Its Assets. The Liquidating Trustee shall be responsible for payment of any U.S. federal, state, local, or non-U.S. taxes imposed on the Liquidating Trust or the Liquidating Trust Assets.

Section 1.6     Ownership and Control of Liquidating Trust Assets.  Except as is hereinafter expressly provided, no Liquidating Trust Beneficiary shall have any title or right to, or possession, management, or control of the Liquidating Trust Assets, or any right to call for a partition, division, or accounting of the Liquidating Trust Assets, and no widower, widow, heir, or devisee of any individual who may be a Liquidating Trust Beneficiary, or bankruptcy trustee, receiver, or similar person of any Liquidating Trust Beneficiary shall have any right, statutory or otherwise (including any right of dower, homestead, or inheritance, or of partition, as applicable), in any of the Liquidating Trust Assets, but the whole title to all of the Liquidating Trust Assets shall be vested in the Liquidating Trustee, and the sole interest of the Liquidating Trust Beneficiaries shall be the rights and benefits given to such persons under this Agreement.

6996452v8

## Article II.

## Liquidating Trustee

Section 2.1    Appointment of Liquidating Trustee.  Tensie Axton is appointed to serve as the Liquidating Trustee and agrees to serve in such capacity upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement. A successor Liquidating Trustee shall be appointed as set forth in this Agreement in the event the Liquidating Trustee is removed, resigns or otherwise vacates the position pursuant to this Agreement.

Section 2.2    Fiduciary.  The Liquidating Trustee shall be a fiduciary of the Liquidating Debtors and the Liquidating Trust Beneficiaries and shall perform its obligations consistent with the Plan, this Agreement, the Confirmation Order, and other applicable orders.

Section 2.3    General Powers.

(a)    The Liquidating Trustee shall be the exclusive trustee of the Liquidating Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3). The powers, rights, and responsibilities of the Liquidating Trustee shall include the authority and responsibility to:

(1)    receive, manage, invest, supervise, and protect the Liquidating Trust Assets;

(2)    Open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, calculate and make Distributions, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Liquidating Trust, provided that the Liquidating Trustee need not maintain the Liquidating Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Liquidating Trust; provided, however, that the Liquidating Trust shall treat all such reserved funds as being held in segregated accounts in its books and records;

(3)    supervise the receipt, deposit, and reconciliation of accounts receivable collected by the Purchasers, including any payment to Purchasers, including the ability to enforce any applicable Purchase Agreement or Transition Services Agreement;

(4)    reasonably cooperate to provide the Purchasers with information relevant to the Purchasers' collection of accounts receivable;

(5)    administer all of the Debtors' employee claims under the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA");

(6)     prepare and file all required federal, state, and local tax returns, as applicable, for the Debtors and issue corresponding K-1s;

(7)     pay taxes and other obligations incurred by the Liquidating Trust;

(8)     retain and compensate, without further order of the Bankruptcy Court, the services of employees, professionals, and consultants to advise and assist the Liquidating Trustee;

(9)     calculate and implement Distributions to be made under the Plan to Holders of Claims, including Administrative Claims and Priority Claims, other than Class 4 Claims;

(10)    make distributions, pursuant to the Plan, to Holders of Claims, including Administrative Claims and Priority Claims, other than Class 4 Claims;

(11)    protect and enforce the rights to the Liquidating Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(12)    seek any relief from, or resolution of, any disputes by the Bankruptcy Court or other court of competent jurisdiction as it relates to the Liquidating Trust Assets, the Liquidating Debtors, or the Liquidating Trust, and appear for all purposes as successor to the Liquidating Debtors;

(13)    seek a determination of tax liability or refund under Section 505 of the Bankruptcy Code; file, if necessary, any and all tax and information returns required with respect to the Liquidating Trust; make tax elections for and on behalf of the Liquidating Trust; pay taxes, if any, payable for and on behalf of the Liquidating Trust; and file and prosecute claims for tax refunds to which the Liquidating Debtors or the Liquidating Trust may be entitled; provided, however, that notwithstanding any other provision of this Liquidating Trust Agreement, the Liquidating Trustee shall have no personal responsibility for the signing or accuracy of the Liquidating Debtors' income Tax Returns that are due to be filed after the Effective Date or for any tax liability related thereto; provided, further, that, for the avoidance of doubt, the Liquidating Trustee is the sole person responsible for filing Tax Returns on behalf of the Liquidating Debtors;

(14)    in consultation with the Prepetition Agent, pursuant to Section 2.14, reconcile, object to and resolve issues involving all Claims, other than Class 4 Claims, without further order of the Bankruptcy Court;

5

(15)    except to the extent granted to the Unsecured Creditor Trust, undertake all administrative functions remaining in the Chapter 11 Cases, including the ultimate closing of the Chapter 11 Cases, and the extension of any deadlines to object to Claims other than Class 4 Claims against the Liquidating Debtors under the Plan; provided, however, the ultimate closing of the Chapter 11 Cases shall be done only in consultation with the Unsecured Creditor Trust and Unsecured Creditor Trustee;

(16)    wind down or close the corporate affairs of any of the Liquidating Debtors, finalize the dissolution of the Liquidating Debtors to the extent required, and hire, if appropriate, former employees of the Liquidating Debtors to the extent their services assist with such or other actions concerning the Liquidating Trust;

(17)    withhold from the amount distributable to any Holder of Allowed Claims such amount as may be sufficient to pay any tax or other charge which the Liquidating Trustee has determined, based upon the advice of its agents and/or professionals, is required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof;

(18)    administer the Patient Records in accordance with section 351 of the Bankruptcy Code in accordance with the provisions set forth in Article XI of the Plan;

(19)    act as the representative of the Liquidating Debtors for all purposes as further set forth in section V.F of the Plan;

(20)    undertake all administrative functions of the Chapter 11 Cases that are not granted to the Unsecured Creditor Trustee, including the ultimate closing of the Chapter 11 Cases; provided, however, the ultimate closing of the Chapter 11 Cases shall be done only in consultation with the Unsecured Creditor Trust and Unsecured Creditor Trustee; and

(21)    such other activities as necessary and consistent to fulfill the Liquidating Trustee's duties as set forth in the Plan and this Agreement and to effect the provisions of the Plan.

(b)    The Liquidating Trustee shall not at any time enter into or engage in any trade or business.

Section 2.4    Privilege.  The Debtors have various legal, statutory and common law privileges and rights, including, but not limited to, the attorney-client privilege, the work product privilege, the joint interest privilege, the right of immunity, and the rights of defenses, each and all assertable by the Debtors, and, as applicable, attaching to any and all documents or communications (whether written or oral) (collectively, the "Debtors' Privileges").  The Debtors'

6

Privileges shall, upon the Effective Date, concurrently vest in both the Unsecured Creditor Trust and the Liquidation Trust (individually, for purposes of this provision, a "<u>Trust</u>," and collectively, for purposes of this provision, the "<u>Trusts</u>"). The joint and concurrent holding of the Debtors' Privileges and the rights provided by this Section shall not operate as a waiver or release of any of the Debtors' Privileges, and shall constitute a joint interest privilege between the Trusts. Upon the Effective Date, the Trusts are authorized to: (i) take all necessary actions to effectuate the transfer of the Debtors' Privileges to the Trusts; and (ii) avail themselves, preserve, assert, control, and exercise the Debtors' Privileges. Notwithstanding the foregoing sentence, the Trusts shall not, without compliance with the following sentences, waive, release, diminish, alter or otherwise effect the Debtors' Privileges (an "<u>Effect on the Debtors' Privileges</u>"). In order for the Trusts to cause an Effect on the Debtors' Privileges, the applicable Trust, absent a written agreement between the Trusts, must seek an Order from the Bankruptcy Court, which may be sought on an expedited basis, with notice to and an opportunity to be heard by the other Trust. In addition, should a Trust be put on notice by a third party, in litigation or otherwise, that a Trust has allegedly caused an Effect on the Debtors' Privileges, then the Trust receiving such notice shall immediately advise the other Trust, which shall have an absolute right, in its sole discretion, to intervene in such matter, respond to such notice and allegation, and/or seek appropriate relief from the Bankruptcy Court, to, *inter alia*, challenge the alleged Effect on the Debtors' Privileges.

    Section 2.5 <u>Books and Records</u>. The Liquidating Trustee shall maintain, with respect to the Liquidating Trust and the Liquidating Trust Beneficiaries, the books and records relating to the Liquidating Trust Assets, the income of the Liquidating Trust, and the payment of expenses and liabilities of, and distributions from, the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make a full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Liquidating Trust. Any particular reserve or other line items, or other amounts that may be received by the Liquidating Trust, may be maintained solely as book entries, and the Liquidating Trustee may, but is not required to, establish separate accounts to hold each particular reserve or line item. The fiscal year of the Liquidating Trust will be the calendar year, and the taxable years of the Liquidating Trust shall end on December 31 unless the Liquidating Trustee deems it advisable to establish some other date as the date on which the taxable year of each shall end.

    Section 2.6 <u>Distributions</u>. All distributions of Liquidating Trust Assets or proceeds thereof shall be made in accordance with the Plan.

    Section 2.7 <u>Quarterly Receipts and Disbursements Reports</u>. Within 30 days after the end of each calendar quarter until entry of a final decree closing the Chapter 11 Case, the Liquidating Trustee, on behalf of the Liquidating Trust, will file a quarterly receipts and disbursements report with the Bankruptcy Court and shall provide a copy of such disbursements report to the Prepetition Agent. In connection with the entry of a final decree closing the chapter 11 cases, the Liquidating Trustee, on behalf of the Liquidating Trust, will file a final receipts and disbursements report with the Bankruptcy Court for purposes of determining and satisfying any fees under 28 U.S.C. § 1930(a).

    Section 2.8 <u>Retention of Attorneys, Accountants and Other Professionals</u>. The Liquidating Trustee may retain, without further order of the Bankruptcy Court, professionals to

aid the Liquidating Trustee in the performance of his or her responsibilities under the terms of the Plan and this Agreement. The professionals retained by the Liquidating Trustee may include:

> (a)      law firm(s) as the Liquidating Trustee may deem advisable to aid the Liquidating Trustee in the performance of its duties and to perform such other functions as may be appropriate to carry out the primary purposes of the Plan;

> (b)      an accounting firm to, if necessary, to (i) audit the Liquidating Debtors' financial books and records, and (ii) perform such other reviews and/or audits as the Liquidating Trustee may deem advisable to carry out the Liquidating Trust's duties pursuant to the Plan and this Agreement; or

> (c)      such other accountants, experts, advisors, consultants, investigators, appraisers, auctioneers or other professionals as are advisable to carry out and effect the terms of the Plan and this Agreement.

Section 2.9      <u>Compensation of Liquidating Trustee and Professionals</u>.

> (a)      The Liquidating Trustee shall receive compensation for services rendered and expenses incurred in fulfilling its duties pursuant to the Plan and this Agreement, including any necessary services rendered and reasonable expenses incurred prior to the date that this Agreement becomes effective. The Liquidating Trustee shall be compensated in accordance with the terms set forth on the attached **<u>Schedule A</u>**. The Liquidating Trustee shall also be entitled to reimbursement for all reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging and meals, in accordance with and subject to the Plan. The compensation and reimbursement of the Liquidating Trustee's expenses shall not be subject to approval of the Bankruptcy Court.

> (b)      Upon 15 (fifteen) days' notice to the Prepetition Agent, the Liquidating Trustee may disburse any such compensation or reimbursement pursuant to section 2.9(a).

Section 2.10      <u>No Bond</u>. The Liquidating Trustee shall serve without bond.

Section 2.11      <u>Insurance</u>. The Liquidating Trustee may purchase, using the Liquidating Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Liquidating Trustee deem reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any Losses it may incur, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Agreement.

Section 2.12      <u>Resignation or Removal of Liquidating Trustee</u>. In the event of the incapacity or removal of the Liquidating Trustee, a successor Liquidating Trustee may be appointed in accordance with this Agreement. The Liquidating Trustee may resign at any time

upon 30 days' notice to the Bankruptcy Court. A Liquidating Trust Beneficiary may move for the removal of the Liquidating Trustee for cause, or the Prepetition Lenders may move for removal of the Liquidating Trustee upon a simple majority vote, upon providing notice to the Liquidating Trustee's counsel; provided, however, that if any party in interest shall object to such removal within 21 days of such notice, such removal shall not be effective until approved by the Bankruptcy Court. No successor Liquidating Trustee hereunder shall in any event have any liability or responsibility for the acts or omissions of any of its predecessors. Every successor Liquidating Trustee appointed pursuant to this section hereto shall execute, acknowledge, and deliver to the Bankruptcy Court an instrument in writing accepting such appointment. Thereupon, such successor Liquidating Trustee, without any further action required, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor. Notwithstanding any other provision in the Plan, upon the resignation or removal of a Liquidating Trustee, a Liquidating Trustee shall continue to serve in such capacity until such time as (a) a successor Liquidating Trustee is appointed in accordance with section 3.1 of this Agreement and (b) notice is provided to the Bankruptcy Court of such successor Liquidating Trustee.

Section 2.13    Limitations on the Liquidating Trustee.  Notwithstanding anything under applicable law, this Agreement, or the Plan to the contrary, the Liquidating Trustee shall not:

(a)    compromise, settle or affect any Avoidance Actions or Retained Causes of Action in connection with its duties under the Plan or this Agreement;

(b)    compromise, settle or affect any Avoidance Actions or Retained Causes of Action of the Debtors in connection with the resolution of claims relating to the Transition Services Agreements or collection of accounts receivable;

(c)    reconcile, object to, or resolve issues involving Class 4 Claims;

(d)    calculate or implement Distributions to be made under the Plan to Holders of Class 4 Claims.

Section 2.14    Consultation with the Prepetition Agent.  The Liquidating Trustee shall keep the Prepetition Agent reasonably informed and shall consult with the Prepetition Agent on all material actions taken pursuant to this Agreement.

## Article III.

## Successor Liquidating Trustees

Section 3.1    Appointment of Successor Liquidating Trustee.  In the event of the death, incapacity, removal, or resignation of the Liquidating Trustee, the Prepetition Agent shall appoint a successor Liquidating Trustee if, in their discretion, the circumstances of the Liquidating Trust warrant doing so. Such appointment shall specify the date on which such appointment shall be effective. Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge, and deliver to the Prepetition Agent an instrument accepting the appointment under this Agreement and agreeing to be bound hereto, and thereupon the successor Liquidating Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts,

6996452v8

and duties of the retiring Liquidating Trustee; provided, however, that a removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee all properties, rights, and powers of such predecessor Liquidating Trustee under the Liquidating Trust.

**Article IV.**

**Corporate Governance of the Liquidating Debtors**

Section 4.1    Corporate Authority.    The Liquidating Trustee is authorized to execute and/or deliver, on behalf of each Liquidating Debtor, the agreements, documents and instruments necessary or appropriate to effect the Plan, or as otherwise contemplated by the Plan, and any schedules, exhibits or other documents attached thereto or contemplated thereby, in the name and on behalf of each Liquidating Debtor. The Liquidating Trustee may employ one or more persons to assist it with performing its duties under the Plan as described in further detail in Sections 2.8 and 2.9 herein; provided that such persons may be employees of the Debtors and professionals employed in the Chapter 11 Cases.

**Article V.**

**Procedures for Resolving Disputed, Contingent
and Unliquidated Claims**

Section 5.1    Objections to Claims.

(a)    Authority

Except as otherwise specifically provided in the Plan and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Liquidating Trustee, by order of the Court, shall have the exclusive authority to File, settle, compromise, withdraw, or litigate to judgment any objections to Claims, other than Class 4 General Unsecured Claims, as permitted under the Plan. From and after the Effective Date, the Liquidating Trustee may settle or compromise any Disputed Claim, other than Class 4 General Unsecured Claims, without approval of the Bankruptcy Court. The Liquidating Trustee may also resolve any such Disputed Claim outside the Bankruptcy Court under applicable governing law.

(b)    Consultation with Prepetition Agent and Prepetition Lenders

Notwithstanding anything to the contrary in Section 5.1(a), in accordance with Section 2.14, the Liquidating Trustee

(1)    shall provide three (3) business days' notice to the Prepetition Agent prior to entering any settlement that would result in a Claim of over $100,000; and

10

(2)    shall provide five (5) business days' notice to the Prepetition Lenders prior to entering any settlement that would result in a Claim of over $300,000.

(c)    Claims Objection Deadline

Unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee shall file all objections to Claims by no later than 180 days after the Effective Date, except to the extent that such Claims are filed on or after the Effective Date, in which case, the Liquidating Trustee shall have until the later of 180 days after the Effective Date or 90 days after such claim is filed to file an objection to same.  Notwithstanding the foregoing, if the Liquidating Trustee determines that an extension of time is warranted, the Liquidating Trustee may seek the Bankruptcy Court's approval to extend such time.

## Article VI.

## Standard of Care; Limitations on Liability

Section 6.1    <u>Indemnification; Exculpation</u>.

(a)    Exculpation

Neither the Liquidating Trustee, nor any director, officer, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee, each in its capacity as such (the "<u>Exculpated Parties</u>") shall be liable for losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "<u>Losses</u>") incurred, caused by, relating to, based upon, or arising out of (directly or indirectly) the Exculpated Party's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties, and obligations under this Agreement, the Plan, the Confirmation Order, any other order of the Bankruptcy Court or applicable law or as may arise by reason of any action, omission or error of an Exculpated Party; <u>provided</u>, <u>however</u>, that the foregoing limitation shall not apply to any acts or omissions ultimately and finally determined by Final Order of a court of competent jurisdiction to be the direct result of such Exculpated Party's fraud, willful misconduct, or gross negligence. None of the Exculpated Parties is deemed to be responsible for any other Exculpated Party's actions or inactions. The foregoing indemnification and exculpation with respect to any Exculpated Party shall survive the termination of such Exculpated Party from the capacity for which it was deemed indemnified and exculpated.

Section 6.2    <u>Limitation of Liability; Indemnification</u>.  The Liquidating Trustee shall not be liable for any action taken, suffered, or omitted to be taken in his or her capacity as Liquidating Trustee, unless it is ultimately determined by Final Order that such acts or omissions constituted willful misconduct, gross negligence, or bad faith. In no event shall the Liquidating Trustee be liable or responsible for special, punitive, indirect, consequential, or incidental loss or damages of any kind whatsoever (including, without limitation, lost profits), even if the Liquidating Trustee has been advised of the likelihood of such loss or damage. The Liquidating

Trustee may, in connection with the performance of his or her functions, and in the Liquidating Trustee's sole and absolute discretion, consult with attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, the Liquidating Trustee shall not be under any obligation to consult with his or her attorneys, accountants, financial advisors, or agents, and a determination not to do so shall not result in the imposition of liability on the Liquidating Trustee or, as applicable, his or her designees, unless it is ultimately determined by Final Order that the Liquidating Trustee's determination constituted willful misconduct, gross negligence, or bad faith. None of the provisions in the Plan or this Agreement will be construed to require the Liquidating Trustee to expend or risk his or her own funds or otherwise incur personal liability in the performance of his or her duties or in the reasonable exercise of his or her rights, powers, and privileges hereunder or otherwise have any personal obligation to satisfy any liability of the Liquidating Trust; provided, however, that nothing in this Section 6.2 will relieve the Liquidating Trustee of any liability for any action or omission resulting from bad faith, fraud, willful misconduct or gross negligence. The Liquidating Trustee shall be entitled to indemnification from the Liquidating Trust on the same terms, and subject to the same conditions, set forth in this Section 5.2 herein.

Section 6.3     Reliance by Liquidating Trustee.  The Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, consent, order, or other paper or document believed by him or her to be genuine and to have been signed or presented by the proper party or parties.

Section 6.4     Conflicts of Interest.  Conflicts of interest of the Liquidating Trustee will be addressed by the Liquidating Trustee appointing a disinterested person to handle any matter where the Liquidating Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists.

## Article VII.

## Taxes

Section 7.1     Income Tax Status.  Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, the Liquidating Trust Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust. Any items of income, deduction, credit, and loss of the Liquidating Trust shall be allocated for federal income tax purposes to the Liquidating Trust Beneficiaries.

Section 7.2     Tax Identification Numbers.  The Liquidating Trustee shall require any Liquidating Trust Beneficiary to furnish to the Liquidating Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and the Liquidating Trustee may condition any Distribution to any Liquidating Trust Beneficiary upon the receipt of such identification number. No Distribution shall be made to or behalf of a Liquidating Trust Beneficiary unless and until such holder has provided the Liquidating Trustee with any information

applicable law requires the Liquidating Trust to obtain in connection with making Distributions under the Plan, including completed IRS Form W-8 or W-9, as applicable.

## Article VIII.

## Termination

Section 8.1    Termination of the Liquidating Trust.    This Agreement shall terminate immediately upon the closing of the Chapter 11 Cases; *provided that* if, at any time, the Liquidating Trustee determines, in reliance upon such professionals as the Liquidating Trustee may retain, that the expense of administering the Liquidating Debtors' assets, including the making of a final Distribution to Holders of Allowed Claims, other than Class 4 Claims, against the Liquidating Debtors, is likely to exceed the value of the Liquidating Trust Assets remaining in the Liquidating Trust, the Liquidating Trustee may apply to the Bankruptcy Court for authority to reserve any amounts necessary to terminate the Liquidating Trust and dissolve the Liquidating Debtors.

Section 8.2    Duration of Liquidating Trust.  The Liquidating Trust shall have an initial term of five (5) years from the Effective Date, *provided however,* that, if warranted by the facts and circumstances, and subject to the approval of the Court, upon a finding that an extension of the term of the Liquidating Trust is necessary to accomplish the purpose of the Liquidating Trust, the Liquidating Trustee shall be authorized to extend the Liquidating Trust for six (6) months or longer provided that such extension is approved by the Bankruptcy Court within six (6) months of the beginning of such extended term.

Section 8.3    Wind Down of Liquidating Trust.   After the termination of the Liquidating Trust and for the purpose of liquidating and winding down the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such over the Liquidating Trust until their duties have been fully performed. Prior to the final Distribution of the remaining Liquidating Trust Assets, the Liquidating Trustee shall be entitled to reserve from the Liquidating Trust Assets any and all amounts required to provide for their own reasonable costs and expenses, in accordance with the terms of the this Agreement, until such time as the winding down of the Liquidating Trust is completed. Upon termination of the Liquidating Trust, the Liquidating Trustee shall retain for a period of three years the books, records, lists of the Liquidating Trust Beneficiaries, the registry of claims and Liquidating Trust Beneficiaries, and other documents and files that have been delivered to or created by the Liquidating Trustee. Except as otherwise specifically provided herein, upon the termination of the Liquidating Trust, the Liquidating Trust and its professionals and agents shall have no further duties or obligations hereunder.

## Article IX.

## Miscellaneous

Section 9.1    Governing Law; Submission to Jurisdiction; Consent to Service of Process.  This Agreement shall be governed and construed in accordance with the laws of the State of Texas, without giving effect to rules governing the conflict of laws. Without limiting any party's right to appeal any order of the Bankruptcy Court, (a) the Bankruptcy Court shall retain exclusive

13

jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (b) any and all proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court and the parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and shall receive notices at such locations as indicated in Section 8.3 hereof; provided, however, that if the Bankruptcy Court refuses to exercise its jurisdiction (including in respect of any provision herein which refers to the Bankruptcy Court), the parties agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of Texas and any appellate court therefrom, for the resolution of any such claim or dispute. The parties hereby irrevocably waive any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute. Each of the parties hereto agrees that a judgment in any such dispute may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Each of the parties hereto hereby consents to process being served by any party to this Agreement in any suit, action, or proceeding by delivery of a copy thereof in accordance with the provisions of Section 8.3.

Section 9.2    Governing Document.  Upon the Effective Date, and subject to the terms of the Plan and the Confirmation Order, this Agreement shall govern the Liquidating Trustee. To the extent of any inconsistency between the Confirmation Order, the Plan, and this Agreement, the terms of the Confirmation Order shall govern.

Section 9.3    Notices.  All notices, requests, or other communications required or permitted to be made in accordance with this Agreement shall be made in writing and delivered personally, by facsimile transmission or electronic mail, or mailed by first class mail or by overnight delivery service:

If to the Liquidating Trustee:

Tensie Axton
c/o Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas

with copies to:

[The Prepetition Agent]

Notices sent out by (a) electronic or facsimile transmission shall be deemed delivered when actually received, (b) first class mail shall be deemed delivered 3 Business Days after mailing, and (c) by overnight delivery service shall be deemed delivered the next Business Day after mailing.

Section 9.4    Effectiveness.   This Agreement shall become effective on the Effective Date.

6996452v8

Section 9.5    Exemption from Registration.  The parties hereto intend that the rights of the holders of the beneficial interests arising under this Liquidating Trust Agreement and the entitlements hereunder, if any, of the Liquidating Trust Beneficiaries shall not constitute "securities." To the extent such interests or the entitlements of the Liquidating Trust Beneficiaries are deemed to be "securities," the issuance thereof to the Liquidating Trust Beneficiaries hereunder or under the Plan (and any redistribution of any of the foregoing pursuant to the Plan or otherwise) shall be exempt, pursuant to Section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended (the "Securities Act"), and any applicable state and local laws requiring registration of securities. If the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with registration and/or reporting requirements of the Securities Act, the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the Trust Indenture Act of 1939, as amended (the "Trust Indenture Act"), or the Investment Company Act of 1940, as amended (the "Investment Company Act"), then the Liquidating Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file reports with the Securities and Exchange Commission (the "SEC") to the extent required by applicable law. Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Liquidating Trustee from amending this Liquidating Trust Agreement to make such changes as are deemed necessary or appropriate by the Liquidating Trustee, with the advice of counsel, to ensure that the Liquidating Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act or the Investment Company Act.

Section 9.6    Counterparts.  This Agreement may be executed in one or more counterparts (via facsimile, electronic mail, or otherwise), each of which shall be deemed an original but which together shall constitute but one and the same instrument.

Section 9.7    Headings.  Sections, subheadings, and other headings used in this Agreement are for convenience only and shall not affect the construction of this Agreement.

Section 9.8    Interpretative Provisions.

(a)    All references to the plural herein shall also mean the singular and to the singular shall also mean the plural, unless the context otherwise requires.

(b)    All references to the Debtors, Liquidating Debtors, and the Liquidating Trustee pursuant to the definitions set forth in the Recitals hereto, or to any other person herein, shall include their respective successors and assigns.

(c)    The words "hereof," "herein," "hereunder," "this Agreement," and words of similar import when used in this Agreement shall refer to this Agreement as a whole and not any particular provision of this Agreement, and as this Agreement now exists or may hereafter be amended, modified, supplemented, extended, renewed, restated, or replaced.

(d)    The word "including" when used in this Agreement shall mean "including, without limitation."

15

Section 9.9    <u>Severability</u>.  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions of this Agreement, and any such prohibition or unenforceability in any jurisdiction shall neither invalidate nor render unenforceable any such provision in any other jurisdiction.

Section 9.10    <u>No Suits by Creditors</u>.  No creditor of the Estates shall have any right by virtue of any provision of this Agreement to institute any action or proceeding, in law or in equity, against any party with respect to the Liquidating Trust Assets.

Section 9.11    <u>Enforcement and Administration</u>.  The Bankruptcy Court shall enforce and administer the provisions of this Agreement, as set forth in the Plan and herein.

Section 9.12    <u>Amendment</u>.  This Agreement may be amended by order of the Bankruptcy Court.

Section 9.13    <u>Cooperation</u>.  The Debtors or the Liquidating Debtors, as applicable, shall turn over or otherwise make available to the Liquidating Trustee, at no cost to the Liquidating Trustee, copies of all books and records reasonably required by the Liquidating Trustee or its professionals to carry out its duties under the Plan or this Agreement, and agree to otherwise reasonably cooperate with the Liquidating Trustee in carrying out its duties under the Plan or this Agreement.

Section 9.14    <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the parties hereto and supersedes all prior or contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers thereunto duly authorized as of the date first above written.

[<i>SIGNATURE PAGE TO FOLLOW</i>]

**THE DEBTORS:**

**NEIGHBORS LEGACY HOLDINGS, INC.,**
(on behalf of itself and the other Debtors.)

By: _____
Name:  Chad J. Shandler
Title:  Chief Restructuring Officer

**TRUSTEE:**

By: _____
Name: Tensie Axton
Title: Trustee

17

**Schedule A**

**Liquidating Trustee Compensation Terms**

$50,000.00 per month for each of the first two months following the Effective Date, and thereafter hourly at the rate of $400.00 per hour, not to exceed $25,000.00 per month.

6996452v8