# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 18 2020

David J. Bradley, Clerk of Court

| | |
|---|---|
| In re: § | |
| § | |
| Neighbors Legacy Holdings, Inc., et al, § | Case No. 18-33836, Chapter 11 |
| § | |
| Sohail Alam, **Plaintiff** § | |

Adversary. Proc. No. 19-03442

Neighbors Health, LLC, Neighbors, Tensie Axton, GP, LLC, EDMG, LLC, Dharmesh Patel, MD, Michael Chang, MD, Quang Henderson, MD, Hitesh Patel, MD, Andy Chen, MD, Cyril Gillman, Setul Patel, MD, Paul Alleyne, MD, Thomas Gruenert, **Defendants,**

## ALAM REPLY TO AXTON'S RESPONSE TO ALAMS MOTION TO REMOVE TENSIE AXTON AS THE LIQUIDATING TRUSTEE

Main Case Docket No. 1061 and Adv. P. Docket No. 91]; Main Docket No. 1060 Adv. P. Docket No. 90].
[Main Case Docket No. 772, 847]; [Adv. P. Docket No. 103] [Main Case No. 1074 and Adv. P. Docket No. 97]; [Main Case Docket Nos. 1066, 1069, 1077 and Adv. P. Docket No. 95]; Adv. P. Docket No. 100]

## TO THE HONORABLE COURT:

COMES NOW Sohail Alam, ("Alam or "Plaintiff"") files this, his Reply to Axton's Response to Alam's Motion to Remove Tensie Axton as the Liquidating Trustee, and would show the Court the following:

### PRELIMINARY STATEMENT

1. The defendants make a bizarre concession that although Alam informed the Honorable Judge of debtors' misconduct as far back as December 2018, the Judge ignored his request and comments, and ruled that "**The evidence (provided by the debtors) was overwhelmingly in support of the Plan**". *See Transcript of March 22, 2019 hearing: Pg 87*

2. Alam contends, the honorable Judge Marvin Isgur's ruling had nothing to do with the evidence or

lack thereof and everything to do with his reliance on the debtors' counsel's honesty and integrity based solely on the belief that lawyers do not violate Rule 9011 and/or file a false petition to get favorable rulings. In other words, the honorable Marvin Isgur relied on Mr. Higgins and Mr. English's signatures on the bankruptcy petition.

3. **Because the honorable Marvin Isgur's Decisions, Rulings, and Orders were based on his belief that: (a) the debtors' bankruptcy petition was filed in good faith, (b) Mr. Chad Shandler's affidavit filed under the penalty of perjury was factual, (c) Axton's admission to the content of Mr. Shandler's affidavit was accurate, and (d) debtor's counsel Mr. John Higgins, Mr. Eric English, and Ms. Genevieve Graham's signatures based on Rule 9011 attested to the veracity of debtor's bankruptcy petition, *now* obligates the honorable Judge, to, in the name of JUSTICE and RESPECT for the RULE OF LAW withhold and suspend all further rulings and orders until the parties are allowed to complete discovery, and the investigation by the U.S Bankruptcy Trustee, Mr. Henry G. Hobbs from the Department of Justice - is finished.**

## BACKGROUND

4. On July 12, 2018, the Debtors filed chapter 11 proceeding. That same day, they sought this Court to approve an emergency motion to sell debtors' assets. But allegedly withheld material evidence related to Girish Capital, LLC and the extent of debtors and O&D's involvement and ownership in those assets. Debtors' assets were abruptly sold between the hours of 8pm and 4am - a few weeks later.

5. On December 14, 2018, Alam[1] informed this Court of debtors' misconduct. That debtors' bankruptcy petition was a SHAM.

---

[1] Alam and defendants Setul Patel and Thomas Gruenert were partners in one of debtors' affiliate company. Alam has therefore first and knowledge and information related to debtor's bankruptcy

2 | Page

6. On February 20, 2019, the Debtors filed their Confirmation Plan. At the time debtors' pursued this court to approve the Plan they were aware that facts provided in the bankruptcy petition and in Mr. Shandler's affidavit were false. As such, when Ms. Axton, as debtors' former CFO, executed the debtors' Liquidating Trust agreement to serve as the Trustee she also had implicit knowledge that the assertions made in the bankruptcy petition were inherently false.

7. On July 24, 2019, the debtors sought and succeeded in obtaining an Order from the Court stopping Alam from conducting "any" discovery – whatsoever. Later, when Alam filed his Motion to Dismiss the bankruptcy petition, the debtors asserted that Alam's had no-evidence to argue such motion and that his complaint was time-barred. In other words, on the one hand they restricted Alam from conducting discovery, and on the other claimed Alam had no evidence.

8. On February 17, 2020, the Trustee of the Unsecured Creditors Committee, Mr. Mark Shapiro filed his first amended complaint corroborating each and every allegation Alam had made before this Court in December 2018.

9. On March 30, 2020, Alam filed his Motion to Disqualify Debtors Counsel and Motion to Remove Tensie Axton as the Liquidating Trustee on the ground there was conflict of interest.

10. On April 20, 2020, Alam filed his Motion to Dismiss Debtors bankruptcy petition asserting fraud and bad faith conduct.

**RESPONSE**

11. The debtors' attorneys are aware of the fake bankruptcy petition. They have inserted themselves in this bankruptcy by imposing on Alam to cease and desist and holding him, a Pro se litigant, to unfair pleading standards[2] not regularly enforced upon attorneys or utilized in the same manner by other federal

---

[2] The U.S. Supreme Court has held that

Courts violates the guarantee of a Fair Legal Process and fosters manifest injustice in defiance of the Constitution and this Court's direction.

12. Further, the assertions that Alam has filed multiple identical motions is incorrect. As Pro se litigant, Alam does not have access to the ECF electronic filing system. Alam hand delivers his motions/pleadings to the court clerk. The duplicate filings are neither his doing nor his fault.

13. Alam files this response to correct the judicial record.

14. His Motions to Disqualify Debtors Counsel Mr. Higgins and Eric English, Remove Tensie Axton as the Liquidating Trustee, and Dismiss the Debtors' bankruptcy petition is NOT because he is unhappy, as defendants allege. Alam filed those motions to: (a) <u>remind the honorable Marvin Isgur that though he had ignored Alam's plea that debtors bankruptcy was a sham[3] and went ahead and approved the debtors Confirmation Plan, that respectfully, he should not disregard the ongoing proceeding that is laced with dishonesty, and (b) to make aware the Department of Justice official Mr. Henry Hobbs to investigate the obligation of the debtors' – as required by law and per the Congressional intent that under the principle, the bankruptcy petition is meant for an "honest but unfortunate debtor" and who's behavior is characterized by good faith and honest actions – that intent by debtors' is absent here.</u>

15. Contrary to debtors' counsel assertions – "*Alam is unhappy*" is not the issue. The issue before this Court is, how can a prominent law firm like Porter Hedges, PLLC make snide personal remarks despite full and complete knowledge of an alleged scheme to defraud the Honorable Judge Marvin Isgur. The judicial record shows them boasting into tricking the Judge into seeking a Confirmation Plan, making him write an Order that debtors' bankruptcy was filed in good faith[4], then using the name of Porter &

---

[3] The First Amended Complaint filed by the Trustee of the Unsecured committee has, in many ways affirmed the claims Alam had made earlier.

[4] Though defendants refer to the Shapiro complaint as mere words and unproven until trial – they leave out the fact that the complaint corroborates in its entirety the facts Alam provided this Court in December 2018. Notwithstanding, the complaint remains a part of the judicial record filed by a non-interested third party.

Hedges to write a self-serving Trust, appointing the debtors' former chief financial officer, an insider as the Liquidating Trustee, and then having the audacity to represent the liquidating trustee – is making a fool of the honorable Marvin Isgur and, in a way, showing off the control they have on this Court.

16.     There is clear evidence of the Debtors counsel's disgust for Alam. They are livid and outraged about how a poverty stricken, non-lawyer, pro se plaintiff can be so daring, as to challenge the law firm of Porter Hedges. A law firm that rules the Texas Southern Bankruptcy Court with a colossal number of lawsuits on the docket. The fact they got caught misleading this Court - is infuriating them and they will not stop until Alam is permanently destroyed. This is vengeance – not an adversarial posture.

17.     Debtors continued and repetitious tirade that Alam's Motions are baseless are also contrary to the FACTS before this Court: Mr. Chad Shandler's affidavit that made the basis for debtors' bankruptcy, and upon which the Honorable Judge Marvin Isgur has made <u>all his rulings</u> is contradicted by the facts highlighted by U.S. Trustee for the Unsecured Committee's First Amended Petition filed on February 17, 2020. The complaint also challenges the integrity of the petitioners.

### Alam's claims are not barred by Res Judicata

18.     Debtors' assertion that the Court has already overruled Alam's objections to the Confirmation Plan, as well as the baseless argument he has presented to the Court is factually incorrect and indeed misleading. In December 2018, Alam requested this Court to "take a closer look" at the debtors' bankruptcy petition because in his opinion *"the bankruptcy proceeding for the 41 Neighbors entities didn't seem right - that everything that was filed in this Court and with the federal agencies ... were a lie"*. That, *"I think the Court has the duty to look into this and say………. was this bankruptcy truly a true bankruptcy"*. Despite Alam's passionate plea, the Court without any evidence to dispute Alam's claims and credibility entered a ruling that though *"**most of his (Alam) objection goes to whether a bankruptcy***

*is appropriate*[5] *... the evidence is overwhelmingly in support of the plan"*. This ruling was without evidence.

19. Contrary to debtors claim that the bankruptcy court's findings in connection with the Plan's confirmation binding on Trust is barred by Res-judicata - is misleading. In the honorable Judge's own words **"most of his (Alam) objection goes to whether a bankruptcy is appropriate**, affirms that Alam's Objections were never heard and never ruled on. The overruling of Alam's objections, in the wake of a fake bankruptcy petition, that debtors keep referring to – is not a "win" for the debtors. It's a disgrace to the creditors and all those who come before this Court seeking justice. The debtors and their counsel's actions in this proceeding, reminds Alam of the atrocities of the judicial system in Pakistan, a third-world country.

20. Debtors claim that Alam should not be permitted, a year later, to re-litigate the same issues by shoe-horning them into a motion to dismiss the bankruptcy case because Res judicata bars such claims. Alam argues, the doctrine of res judicata does not apply here for reasons: Debtors with the assistance of their CFO, Ms. Axton and with the help of their counsel proposed a Chapter 11 case, that based on evidence provided by Alam and corroborated by the Trustee - was neither honest nor legitimate.

21. Debtors seem to also be suggesting that as *In re Rosetti*, when the court examined the issue of bad faith argument, the section 1325(a) (7) of the Bankruptcy Code, which *"requires* a bankruptcy judge to make a finding of fact as to the debtor's good faith in filing his petition applies here as well, that the <u>honorable Marvin Isgur, as *In re Rosetti* made that same specific determination that Debtors' bankruptcy petition was filed in good faith.</u>" *Rosetti*, 2007 WL 2669265. The debtors' self-serving statement and reckless argument of "good faith" leaves out the evidence that Alam brought to the

---

[5] Alam has previously filed a Motion detailing the events that occurred during the March 22, 2020 hearing. He supported this Motion with the Transcript and the exact words from honorable Marvin Isgur – thus negating the outlandish pleading filed by the defendants.

attention of this court and which was recently corroborated was made in bad faith. *See First Amended complaint, docket 20-03017.*

22. Debtors claim that because the confirmation Plan was not appealed and the stay was not sought in time, and that the 180 days requirement under section 1144 was not met. Alam's claims are therefore time barred. Following the similar line of reasoning, the debtors leave out the Order they sought from this Court preventing Alam from conducting any discovery. Hence, it belies the fact that Alam provided no evidence in support of his dismissal. The debtors time-barred claim fails.

23. Alam has provided more evidence of debtors' wrongful conduct then any case in the judicial history considering he was <u>totally barred from conducting discovery</u>. By filing his dismissal motion within a few weeks of learning that the US Trustee's complaint which corroborated all of Alam's complaint – Alam has thus met his burden.

24. Moreover, the principle of Res judicata is not applicable if the Order was sought by fraud upon the court. The FRCP RULE 60(b) also provides that the court may relieve a party from judgment, based on new evidence, fraud, misrepresentation, or misconduct by an adverse party, or to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, or to engage in any act, practice, or course of business which operates as a fraud or deceit upon any person.

25. The Res Judicata effect on the Chapter 11 plan and its confirmation may only be revoked, if it was "procured by fraud,". Several courts have held that the fraud in question need not be perpetrated upon the party requesting revocation; instead, **fraud on the court** is sufficient to support the request to revoke a confirmation order pursuant to section 1144. *See, e.g., Tenn-Fla Partners*, 226 F.3d at 751 (holding that "fraud on the court can justify revocation under [section] 1144"); *In re V&M Mgmt., Inc.,*

215 B.R. 895, 904 (Bankr. D. Mass. 1997). Further, that fraud on the court is harmful to the integrity of the judicial process.

26. The court also concluded that the **claim of fraud on the court**, relying on *Miller v. Greenwich Capital Fin. Prods., Inc. (In re Am. Business Fin. Servs., Inc.), 384 B.R. 80, 85 (Bankr. D. Del. 2008)* requires (i) intentional fraud, (ii) by officer of court, (iii) directed at court and (iv) that deceives court. That the decision to revoke or dismiss rests in the discretion of the court, which may exercise its discretion under section 1144 if it finds that remedies other than revocation are adequate to remedy the fraud in question. *See, e.g., Huse v. Huse-Sporsem, A.S. (In re Birting Fisheries, Inc.)*, 300 B.R. 489, 505 (B.A.P. 9th Cir. 2003) ("A bankruptcy court has power to also remedy an injustice caused by fraud with damages without upsetting a confirmed plan or the finality of the confirmation order."); *In re V&M Mgmt., Inc.*, 215 B.R. 895, 904 (Bankr. D. Mass. 1997). That the court need not revoke a confirmation order <u>if other remedies would clearly be more appropriate.</u> Given the nature of Alam's injury, damages are clearly one of the remedies.

27. Notwithstanding, the facts surrounding Girish Capital, LLC, is yet another example of **fraud on the court.** In the absence of a real valuation of Neighbors assets, it is more likely than not that the debtors filed asset valuation was tampered with. Particularly, in view of Defendant Alleyne's own statement "*that they have ownership interests in some of these facilities through Giresh [sic] Capital. We don't make any money until they sell. Let's root for them to succeed*".

> The First Amended Complaint filed by the Trustee for the Unsecured Creditors Committee, (docket 1, 20-03017; 18-3276), while unproven until trial is a part of the judicial record and when compared to the Affidavit filed by Chad Shandler, CRO (docket 16) shows a stark difference and provide conflicting events that led to debtors' bankruptcy. As such, this court cannot neglect or overlook the glaring exposure of debtors' misconduct.

28. Further, though the 180-day time limit imposed under section 1144 is strictly enforced *See Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 340 B.R. 729, 733 (D. Del.

2006); *see also 680 Fifth Avenue Assocs. v. EGI Co. Servs., Inc. (In re 680 Fifth Avenue Assocs.)*, 209 B.R. 314, 323 (Bankr. S.D.N.Y. 1997) the time limit established by section 1144 does not act as a bar to truly independent causes of action based on wrongful conduct. *Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 340 B.R. 729, 733 (D. Del. 2006). In Alam's case, the underlying factual claims have not been adjudicated, and the relief he is seeking does not upset the confirmed plan." *see also Genesis Health Ventures*, 340 B.R. at 733.

29. More importantly, Alam's motion is right in line with the honorable Marvin Isgur's concern about the unsecured creditors "..........*I find in this case a bankruptcy is wholly appropriate **in order to try and recover something for the unsecured creditors on an equal basis,*** see Transcript of March 22, 2019 hearing page 87, lines 9-12.

30. Though, Alam admits that under the facts alleged in Alam's December 2018 letter, his objections to the confirmation plan, and the Trustee's First Amended Complaint are allegations to be proven at trial, the similarity of events and discussions are the same in both. As such, there ought to be a remedy to redress the harms suffered and a mechanism to divest the alleged tortfeasors of their ill-gotten gains, at least where doing so would not affect innocent parties. Because the guilty debtors and all counsel that assisted them would have to satisfy a judgment out of their own pockets, the court will find Alam's actions would not be seen as a collateral attack on the confirmation order such that section 1144 would be applicable.

31. By collateral challenge, Alam means a challenge to the validity of an act that is not directly an issue in the proceedings. First, the court will find that defendants had concealed and/or altered facts related their bankruptcy petition. Second, the facts that purports to give rise to the fraud were the same statements provided by Alam as well as the Trustee - but omitted by the Debtors'. Third, the Court has not been able to discover the validity of the transaction between the debtors, debtors O&D, Girish Capital,

LLC, and Read King. The Trustee's complaint uncovers that defendants were involved in lining their pockets with corporate funds and/or engaging in bad acts and financial mismanagement. These are the same operative facts that Alam had alleged in 2018 - which unfortunately were ignored by this Court.

## RELIEF REQUESTED

32. For all of the foregoing reasons, Alam respectfully requests the Honorable Marvin Isgur to grant all parties to conduct full discovery and to withhold and suspend all further rulings and orders until the discovery is complete and the investigation by the U.S Bankruptcy Trustee, Mr. Henry G. Hobbs from the Department of Justice is concluded, and whatever else the honorable judge deems appropriate.

Submitted By:

Sohail Alam, Plaintiff, Prose
7505 Fannin, Suite 300
Houston, Texas 77054
713-385-7979
samalam2@gmail.com
May 12, 2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Neighbors Legacy Holdings, Inc., et al, Debtor, | § § | Case No. 18-33836, Chapter 11 |

Sohail Alam, Plaintiff

Adversary. Proc. No. 19-03442

Neighbors Health, LLC, Neighbors, GP, LLC, EDMG, LLC, Dharmesh Patel, MD, Michael Chang, MD, Quang Henderson, MD, Hitesh Patel, MD, Andy Chen, MD, Cyril Gillman, Setul Patel, MD, Paul Alleyne, Thomas Gruenert.
    Defendants,

## Certificate of Service

I hereby certify that on ~~April 27, 2020~~ *May 18, 2020*, I served a true and correct copy of the pleadings via email to the address listed below:

Submitted By:
_____
Sohail Alam, Plaintiff, Prose
7505 Fannin, Suite 300
Houston, Texas 77054
713-385-7979
samalam2@gmail.com

Ms. Christie Mishew Lewis,
Moyer Lewis & Patton
11767 Katy Fwy, Suite 990, Houston, TX 77079
clewis@mlpllp.com
Counsel for Dr. Dharmesh Patel

Mr. James G. Munisteri,
Foley Gardere,
1000 Louisiana, Suite 2000,
Houston, Texas 77002
jmunisteri@foley.com
Counsel for Dr. Michael Chang, Andy Chen,
Hitesh Patel, Quang Henderson

Mr. Scott J. Davenport
Davenport Law Firm, PC
4306 Yoakum Blvd, Suite 500,
Houston, Texas 77006
scottd@davenport-law.com
Counsel for Dr. Setul Patel

Ms. Elise Susanne Miller,
Stuart PC,
712 Main Street, Suite 1100,
Houston, Texas 77010
emiller@stuartpc.com
Counsel for Drs. Cyril Gillman, Paul Alleyne

Mr. Thomas G. Gruenert
P.O.Box 1279,
Manvel, Texas 77578
tgruenert@gruenertlawgroup.com
Counsel for Thomas Gruenert

Mr. John F. Higgins
1000 Main Street, 36th Floor, Houston,
Texas 77002
jhiggins@porterhedges.com
Counsel for Debtors and Tensie Axton