United States Courts
Southern District of Texas
FILED

MAY 26 2020

David J. Bradley, Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Neighbors Legacy Holdings, Inc., et al, | § | Case No. 18-33836, Chapter 11 |
| | § | |
| Sohail Alam, **Plaintiff** | § | |

Adversary. Proc. No. 19-03442

Neighbors Health, LLC, Neighbors, Tensie Axton, GP, LLC, EDMG, LLC, Dharmesh Patel, MD, Michael Chang, MD, Quang Henderson, MD, Hitesh Patel, MD, Andy Chen, MD, Cyril Gillman, Setul Patel, MD, Paul Alleyne, MD, Thomas Gruenert, **Defendants**,

### PLAINTIFF ALAM'S MOTION FOR EMERGENCY HEARING. IN THE ALTERNATIVE, MOTION TO ALLOW PARTIES TO PROCEED WITH DISCOVERY

**TO THE HONORABLE COURT:**

COMES NOW, Sohail Alam, ("Alam or "Plaintiff"") files this, his Motion for an Emergency Hearing on the pending motions before this Court, and in the alternative, his Motion to allow parties to proceed with discovery, and would show the Court the following.

### EMERGENCY MOTION FOR HEARING AND/OR AN ORDER FOR THE PARTIES TO PROCEED WITH DISCOVERY

1.   On July 12, 2018, the debtors filed for bankruptcy. The petition was supported by former CRO, Mr. Chad Shandler's affidavit (docket # 16). Thereafter, Alam informed the Court that debtors bankruptcy petition was a sham and later filed an action against the defendants. The defendants filed motions to dismiss and to deny Alam discovery. Alam filed his objections without conducting "any" discovery.


2.      On February 17, 2020, the Trustee for the Unsecured Committee, Mr. Mark Shapiro, filed a complaint alleging: (a) defendants/debtors' misconduct, (b) a scathing rebuke of Mr. Shandler's affidavit, and (c) corroborating the facts Alam had alleged earlier.

3.      Based on the disclosure that debtors may have filed a fake bankruptcy petition, Alam filed his Motion for Leave of Court to amended his complaint. In the alternative, because so much time had elapsed and the notion – justice delayed is justice denied, Alam requested that parties be allowed to conduct discovery and file summary judgement to seek proper disposition of the case (docket # 84, 98, 108)

4.      No discovery has been done on this case. The motions have not been ruled on.

## MOTION

5.      Defendants/debtors' motion to dismiss Alam's complaint (filed in October 2019) was based on the Court's supposition the Shandler's affidavit *vis-à-vis* the bankruptcy petition - was true. The veracity of the bankruptcy petition, in light of the Shapiro complaint, at its core, is now in ***real dispute.***

6.      Defendant, Paul Alleyne's admission, they (the board of managers) were running the Company (Neighbors)…

> *under the guise of the Board…………that "we pick and choose what rules we want to follow and which ones we will do our own way; that "we could literally throw a couple of million dollars out the window/year and no one would notice or feel the impact (as long as the dividends don't keep getting cut) that we could"*

is not only ***prima facia*** evidence of fraud – it negates all the arguments that defendants/debtors have made in their motion to dismiss Alam's claims.

7.      Defendant Alleyne's confirmation that defendant Thomas Gruenert (former counsel to debtor companies) was an "active" member of the Board affirms the defendants/debtors' knowledge of Alam's contracts and agreements. Defendant Alleyne's confirmation also validates Thomas Gruenert's July 29,

2018's email attesting to Alam's 30% ownership in one Neighbors Affiliate company, thus validating their duty of care and the fiduciary duties they owed to Alam.

8.  The newly-alleged facts were entirely unknown to honorable Marvin Isgur when he took on the defendants' dismissal motion - under advisement. Alam argues, that his second amended complaint though written poorly – is now sufficient, to deny defendants motion to dismiss.

9.  Alam respectfully requests this ask this Court to: (a) grant his motion for a hearing, (b) stay all rulings and orders until the Court can hear the motions, and/or (c) enter a case management order setting an immediate discovery conference.

Respectfully Submitted,

*SOHAIL ALAM*

Sohail Alam, Plaintiff, Prose
7505 Fannin, Suite 300
Houston, Texas 77054
713-385-7979
samalam2@gmail.com
May 21, 2020

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Neighbors Legacy Holdings, Inc., et al, Debtor, | § § | Case No. 18-33836, Chapter 11 |

| | |
|---|---|
| Sohail Alam, Plaintiff | Adversary. Proc. No. 19-03442 |
| Neighbors Health, LLC, Neighbors, GP, LLC, EDMG, LLC, Dharmesh Patel, MD, Michael Chang, MD, Quang Henderson, MD, Hitesh Patel, MD, Andy Chen, MD, Cyril Gillman, Setul Patel, MD, Paul Alleyne, Thomas Gruenert.     Defendants, | |

**Certificate of Service**

I hereby certify that on May 21, 2020, I served a true and correct copy of the pleadings via email to the address listed below:

Submitted By:

*SOHAIL ALAM*

Sohail Alam, Plaintiff, Prose
7505 Fannin, Suite 300
Houston, Texas 77054
713-385-7979
samalam2@gmail.com

Ms. Christie Mishew Lewis,
Moyer Lewis & Patton
11767 Katy Fwy, Suite 990, Houston, TX 77079
clewis@mlpllp.com
Counsel for Dr. Dharmesh Patel

Mr. James G. Munisteri, Foley Gardere,
1000 Louisiana, Suite 2000,
Houston, Texas 77002  jmunisteri@foley.com
Counsel for Dr. Michael Chang, Andy Chen, Hitesh Patel, Quang Henderson

Mr. Scott J. Davenport Davenport Law Firm, PC
4306 Yoakum Blvd, Suite 500,
Houston, Texas 77006
scottd@davenport-law.com
Counsel for Dr. Setul Patel

Ms. Elise Susanne Miller, Stuart PC,
712 Main Street, Suite 1100,
Houston, Texas 77010
emiller@stuartpc.com
Counsel for Drs. Cyril Gillman, Paul Alleyne

Mr. Thomas G. Gruenert P.O. Box 1279,
Manvel, Texas 77578
tgruenert@gruenertlawgroup.com
Counsel for Thomas Gruenert

Mr. John F, Higgins
1000 Main Street, 36th Floor,
Houston, Texas 77002
jhiggins@porterhedges.com
Counsel for Debtors and Tensie Axton