# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> NEIGHBORS LEGACY HOLDINGS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-33836 (MI) <br><br> Jointly Administered |

**FOURTH MOTION OF UNSECURED CREDITOR TRUSTEE TO EXTEND THE DEADLINE TO FILE CLAIM OBJECTIONS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPOSNE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address is: 10800 Richmond Avenue. Houston, Texas 77042.

58324/0002-21194953v3

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Mark Shapiro, Unsecured Creditor Trustee (the "**Unsecured Creditor Trustee**") of the Unsecured Creditor Trust, hereby files this *Fourth Motion to Extend the Deadline to File Claim Objections* (the "**Motion**"). In support of the Motion, the Unsecured Creditor Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

**A.    General Case Background**

2. On July 12, 2018 and July 23, 2018, Neighbors Legacy Holdings Inc. and certain of its affiliates and subsidiaries (the "**Debtors**") each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code.

3. On February 20, 2019, the Debtors filed their *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 772] (the "**Plan**") and accompanying *Second Amended Disclosure Statement* [Docket No. 773].

4. On March 22, 2019, the Court entered its *Order Approving Debtors' Second Amended Disclosure Statement and Confirming Debtors' First Amended Joint Plan of Liquidation of Neighbors Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 847] (the "**Confirmation Order**").

5. The Confirmation Order and Plan, among other things, approved the form of the Unsecured Creditor Trust Agreement and the appointment of the Unsecured Creditor Trustee to

administer the Unsecured Creditor Trust. Additionally, the Plan provided for the establishment of the Unsecured Creditor Trust effective on the effective date of the Plan, which occurred on April 8, 2019 (the "**Effective Date**"). *See* Section V.D. of the Plan.

6. Pursuant to the Plan, the Unsecured Creditor Trust is charged with maximizing value for the benefits of its beneficiaries. Since the Effective Date, the Unsecured Creditor Trust has accessed a portion of it limited resources ($275,000 as of confirmation) to investigate and analyze causes of action against, *inter alia*, the Debtors' officers and directors, and other parties, that could result in a recovery to the beneficiaries of the Unsecured Creditor Trust. The Unsecured Creditor Trustee has already expended most of the funds in the Unsecured Creditor Trust on that investigation.

7. On January 24, 2020, based upon such investigations, the Unsecured Creditor Trust initiated litigation against, *inter alia*, former directors, officers, employees, physicians, and non-debtor affiliates, in this Court, in two separate Adversary Proceedings, Numbers 20-03016 and 20-03017, both of which were subsequently consolidated into Adversary Proceeding Case Number 18-03276 (collectively, the "**Post Confirmation Litigation**"). On June 25, 2020, the Court conducted a hearing on a Motion for Summary Judgement filed by the Unsecured Creditor Trust [Post Confirmation Litigation Docket No. 88]. Thereafter, on July 9, 2020, the parties to the Post Confirmation Litigation submitted supplemental briefing and the Court took the matter under advisement.

8. On July 13, 2020, the Unsecured Creditor Trust also initiated four adversary proceedings against Pearland Town Center Limited Partnership [Adv. Case No. 20-03294], Zenith Real Estate Management Inc. [Adv. Case No. 20-03295], Roshal Imaging Services, Inc. [Adv. Case No. 2-03296], and Farzian Holdings, LLC [Adv. Case No. 20-03297] (collectively,

the "**Preference Actions**"), seeking to, *inter alia*, recover certain preferential transfers under Section 547 of the Bankruptcy Code. On September 2, 2020, a hearing was held in each of the Preference Actions, at which the Preference Actions against Pearland Town Center Limited Partnership and Zenith Real Estate Management Inc. were voluntarily dismissed by the Unsecured Creditors Trust and a later status conference was set in each of the remaining two Preference Actions for October 1, 2020 at 11:00 a.m.

### B.   The Deadline to Object to General Unsecured Claims

9. The Plan and Confirmation Order established the Unsecured Creditor Trust and approved the Unsecured Creditor Trust Agreement, which appointed the Unsecured Creditor Trustee to, among other things, resolve "all Disputed General Unsecured Claims, including objecting, prosecuting, settling and compromising such Disputed General Unsecured Claims."

10. Pursuant to Section VIII.C. of the Plan, the original deadline to file objections to claims was 180 days after the Effective Date, i.e. October 5, 2019. On October 21, 2019, the Court entered an *Order Establishing Objection Deadline* [Docket No. 1005] (the "**Extension Order**"). Pursuant to the Extension Order, the deadline to file objections to Class 4 and Class 5 Claims (as described in the Plan) was December 31, 2019 (the "**Claims Objection Deadline**").[2]

11. On December 4, 2019, the Court entered an Order at Docket No. 1032, extending the Claims Objection Deadline to April 29, 2020.

12. On April 16, 2020, the Court entered an Order at Docket No. 1064, extending the Claims Objection Deadline to June 30, 2020.

---

[2] At a hearing on October 21, 2019, the Court extended the Claims Objection Deadline to the December 31, 2019 and was informed that a further extension of the deadline was imminent, as litigation by the Unsecured Creditor Trust was (at that point) anticipated, and such litigation would be the sole source of recovery for creditors.

13. On July 8, 2020, the Court entered an Order at Docket No. 1099, extending the Claims Objection Deadline to September 30, 2020.

C. **The Claims Reconciliation Process**

14. On July 12, 2018, the Court entered the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 14], which established a deadline for filing proofs of claim. On October 5, 2018, the Debtors filed their Notice of Deadlines for Filing Proofs of Claim [Docket No. 551], which provided notice that the deadline for all entities, other than Governmental Unites, to file proofs of claim was November 14, 2018. The deadline for governmental unites to filed proofs of claims was 180 days after the Petition date, or January 8, 2019.

15. The official claims register, prepared and maintained by the Debtors' claims agent, reflects that over 1,700 proofs of claim were filed against the Debtors' estates, and that such claims, coupled with the claims scheduled by the Debtors, represented in the aggregate in excess of $1.5 Billion in unsecured, non-priority claims (collectively, the "**Claims**").

16. Since the Effective Date, the Unsecured Creditor Trustee and its advisors have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim.

17. On June 11, 2020, the Court entered the Orders Sustaining the Unsecured Creditor Trustee's First, Second and Third Omnibus Objections at Docket Nos. 1085 – 1087, which disallowed certain duplicate claims, aggregating approximately $850 Million of the $1.5 Billion of Claims at issue, thereby reducing the pool of Claims to approximately $650 Million.

18. On July 31, 2020, the Court entered the *Order Sustaining Unsecured Creditors Trustee's Fourth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and*

*Expunge Certain Claims (Late Filed Claims)* [Docket No 1121], which disallowed approximately $500,000 in claims.

19. The Unsecured Creditor Trustee continues to evaluate additional bases for objecting to certain defective or otherwise objectionable Claims. In this regard, the Unsecured Creditor Trustee is filing an additional omnibus claim objection (the "**Fifth Omnibus Claim Objection**") concurrently with the filing of this Motion, which, if approved by the Court, would eliminate approximately $25.8 million in Claims.

## RELIEF REQUESTED

20. The Unsecured Creditor Trustee respectfully requests a further extension of the Claims Objection Deadline through December 31, 2020.

21. Pursuant to the Plan, the Unsecured Creditor Trustee is authorized to seek an extension of the Claims Objection Deadline "upon a showing of good cause." *See* Section VIII.C. of the Plan.

22. The Unsecured Creditor Trustee believes that the minimal funds remaining in the Unsecured Creditor Trust will be used to administer the Unsecured Creditor Trust and pursue the Post Confirmation Litigation and the remaining of the Preference Actions. The minimal funds remaining in the Unsecured Creditor Trust will not be the source of distribution to Unsecured Creditors. Rather, the only potential source for an Unsecured Creditor distribution will be any prospective recoveries from the Post Confirmation Litigation and the remaining of the Preference Actions.

23. The Unsecured Creditor Trust is in the process of proceeding as cost-efficiently as possible in light of the presently limited funds available for distribution and the contingent nature of the Post Confirmation Litigation and the remaining of the Preference Actions, which is

inherent to all litigation. In this regard, the Unsecured Creditor Trustee is in the process of prosecuting the Fifth Omnibus Claim Objection, which, if approved by the Court, will further reduce the current outstanding pool of Claims by over $25 million. The Unsecured Creditor Trust is presently pursuing similar low-cost, high yield actions that can further the Claims reconciliation process, rather than diverting its resources to prematurely engage in a comprehensive claim objection process. However, the Unsecured Creditor Trustee believes that limited and cost-conscious action, such as the filing of the Omnibus Claim Objection, is prudent until such time it is clear that a distribution will be made. A further extension of the Claims Objection Deadline will enable the Unsecured Creditor Trust to continue to pursue its value maximizing infinitives and objections in light of its limited resources to pursue a recovery for the benefit of general unsecured creditors through the pursuit of the Post Confirmation Litigation and the remaining of the Preference Actions.

24. Based on the foregoing, the Unsecured Creditor Trust respectfully requests that the Court extend the Claims Objection Deadline through December 31, 2020.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Unsecured Creditor Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated:  September 30, 2020

Respectfully submitted,

By:   */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
**COLE SCHOTZ P.C.**
301 Commerce Street, Suite 1700
Ft. Worth, TX  76102
(817) 810-5250
(817) 810-5255 (fax)
mwarner@coleschotz.com
bwallen@coleschotz.com

*Counsel for Mark Shapiro, Unsecured Creditor Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2020, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Michael D. Warner*
Michael D. Warner

58324/0002-21194953v3