

ENTERED
10/06/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>NEIGHBORS LEGACY HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-33836 (MI)<br><br>Jointly Administered |

### STIPULATION AND AGREED ORDER BY AND BETWEEN THE UNSECURED CREDITOR TRUST AND THE AFFILIATES OF READ KING, INC.

Mark Shapiro, the Trustee of the Unsecured Creditor Trust (the "**Unsecured Creditor Trustee**") and Read King Inc. and various affiliates thereof (collectively, "**Read King**", and collectively with the Unsecured Creditor Trustee, the "**Parties**") hereby enter into this stipulation (the "**Stipulation**"), pursuant to which the Parties, by and through their duly authorized undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on July 12, 2018 and July 23, 2018, Neighbors Legacy Holdings Inc. and certain of its affiliates and subsidiaries (collectively, the "**Debtors**") each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code, and on that same date, the Court entered the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 14], which established a deadlines for filing proofs of claim;

**WHEREAS**, on October 5, 2018, the Debtors filed their Notice of Deadlines for Filing Proofs of Claim [Docket No. 551] (the "**Bar Date Notice**"), which provided notice that the

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/neighbors. The location of Debtors' principal place of business and the Debtors' service address was: 10800 Richmond Avenue, Houston, Texas 77042.

deadline for all entities, other than Governmental Unites, to file proofs of claim was November 14, 2018 (the "**General Bar Date**");

WHEREAS, on November 14, 2018, Read King filed thirty-six claims, identified as Claim Nos. 388 – 390, 393 – 396, 398 – 402, 404 – 427 (collectively, **RK Claims**");

WHEREAS, on February 20, 2019, the Debtors filed their *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 772] (the "**Plan**") and accompanying *Second Amended Disclosure Statement* [Docket No. 773];

WHEREAS, on March 22, 2019, the Court entered its *Order Approving Debtors' Second Amended Disclosure Statement and Confirming Debtors' First Amended Joint Plan of Liquidation of Neighbors Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 847] (the "**Confirmation Order**")

WHEREAS, on April 10, 2019, Read King filed thirty-six Claims, identified as Claim Nos. 852 – 887 (the "**Amended RK Claims**"), which amended and superseded the RK Claims;

WHEREAS, on August 8, 2019, the Effective Date of the Plan occurred, as set forth in that certain *Notice of (I) Entry of an Order Approving Second Amended Disclosure Statement and Confirming Debtors' First Amended Plan of Liquidation of Neighbors Legacy Holdings, Inc. and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code; (II) Occurrence of Effective Date; and (III) Administrative and Rejection Damage Claim Bar Dates* [Docket No. 862]; and

WHEREAS, on June 11, 2020, the Court entered the *Order Sustaining Unsecured Creditor Trustee's First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (Duplicate Claims)* [Docket No. 1085] (the "**First**

**Omnibus Claim Objection Order**"), which, *inter alia*, disallowed the Amended RK Claims, with the exception of Claim No. 876 (the "**Surviving Claim**"), which was expressly unaffected by the First Omnibus Claim Objection Order.

**Based upon the foregoing recitals, the Parties Stipulate and Agree as follows:**[2]

1.  The RK Claims. The RK Claims shall be deemed disallowed upon Court approval of this Stipulation, and the Unsecured Creditor Trustee, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the deemed disallowance of the RK Claims. For the avoidance of doubt, the Surviving Claim shall be left unaffected and shall not be disallowed by this Stipulation.

2.  Reservation of the Parties' Respective Rights. Nothing in this Stipulation shall prejudice or otherwise impact the Parties' respective rights with respect to the Surviving Claim, including that nothing herein shall be deemed (a) an admission as to the validity or priority of the Surviving Claim; (b) a waiver of any Parties' right to dispute or assert the Surviving Claim on any grounds; (c) a promise or requirement to pay the Surviving Claim; or (d) a waiver of any of the Parties' rights under the Bankruptcy Code or any other applicable law, except as explicitly set forth herein.

3.  Immediate Effect of this Stipulation Upon the Bankruptcy Court's Approval. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules, neither the Bankruptcy Court's approval of this Stipulation nor the effectiveness of the Stipulation shall be stayed in any respect, pursuant to FED. R. BANKR. P. 4001(a)(3), or otherwise. The Stipulation shall be effective immediately upon entry.

---

[2] The preceding recitals are intended to be factual recitations of the Parties and are therefore incorporated into the stipulated terms herein and are intended to be incorporated into the Court's Order approving this Stipulation.

4. <u>Binding Effect</u>. This Stipulation is binding on the Parties, their successors (including any subsequently appointed Trustee or Examiner), assigns, affiliates, officers, directors, shareholders, investors, members, employees, Agents, and professionals.

5. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters or disputes arising from or relating to the interpretation and/or enforcement of this Stipulation.

6. <u>Effectiveness and Enforceability of this Stipulation</u>. The Parties expressly agree and acknowledge that this Stipulation is subject to the Court's approval and absent the Bankruptcy Court's entry of an Order approving this Stipulation, this Stipulation shall have no force and effect and shall not otherwise bind or obligate the Parties. The Parties further agree that no subsequent Order of the Bankruptcy Court shall modify the terms of this Stipulation, except as agreed to in writing by the Parties.

**IT IS SO ORDERED.**

Signed: October 06, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

**AGREED TO AS TO FORM AND CONTENT:**

Dated: October 2, 2020

**COLE SCHOTZ P.C.**

By: _/s/ Michael D. Warner_
    Michael D. Warner, Esq.
    (TX Bar No. 00792304)
    Benjamin L. Wallen, Esq.
    (TX Bar No. 24102623)
    301 Commerce Street, Suite 1700
    Ft. Worth, TX 76102
    (817) 810-5250
    (817) 810-5255 (fax)
    mwarner@coleschotz.com
    bwallen@coleschotz.com

*Counsel for the Unsecured Creditors Trust*

Dated: October 2, 2020

**GRAY REED & McGRAW LLP**

By: _/s/ Jason S. Brookner_
    Jason S. Brookner, Esq.
    (TX Bar No. 24033684)
    Amber M. Carson, Esq.
    (TX Bar No. 24075610)
    1601 Elm Street, Suite 4600
    Dallas, TX 75201
    (214) 954-4135
    (214) 953-1332
    jbrookner@grayreed.com
    acarson@grayreed.com

*Counsel for the Affiliates of Read King Inc.*